UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **AIR FORCE OFFICER**, ) | |
| ) | Case No. 5:22-cv-00009 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **LLOYD J. AUSTIN**, **III**, individually and in his ) | |
| official capacity as Secretary of Defense; ) | |
| **FRANK KENDALL**, **III**, individually and in his ) | |
| official capacity as Secretary of the Air Force; and ) | |
| **ROBERT I. MILLER**, individually and in his ) | |
| official capacity as Surgeon General of the ) | |
| Air Force, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

The Court should grant Plaintiff Air Force Officer leave to proceed anonymously. Federal Rule of Civil Procedure 10(a) generally requires the title of any Complaint to name all parties, but the Eleventh Circuit recognizes exceptions to this rule when a plaintiff establishes she has "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (citations omitted); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (citations omitted). To determine whether a plaintiff has such a right, "the court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Plaintiff B*, 253 F.3d at 1316 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

1

Plaintiff here meets two key factors in analyzing a plaintiff's claim of a substantial privacy right: (1) she is challenging governmental activity, and (2) in order to establish her right to relief, she must disclose information of the utmost intimacy. *Id.* (applying standard from *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979)).

Plaintiff is challenging the validity of government, not private, activity and must admit that she has been engaging in and intends to continue to engage in generally prohibited conduct (declining vaccination as a service member) in a context where that conduct is being demonized by many media outlets and government officials including the President himself.[1] *See Southern Methodist Univ.*, 599 F.2d at 713. Plaintiff is also reasonably concerned about her personal safety and security for the same reason.

The basis for Plaintiff's claims involves disclosure of information of the utmost intimacy. To establish her right to an accommodation from vaccine mandate on the basis of religious exercise, Plaintiff must disclose her personal information, including vaccination status and natural immunity, in a climate generally hostile to those who decline the vaccine for any reason. She must also attest to the nature of her sincere religious belief, which courts have recognized is "perhaps the quintessentially private matter." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (cited in *Plaintiff B*, 631 F.3d at 1316).

Moreover, Defendants have no countervailing interest in the Plaintiff's identification, as she is merely one of thousands of aggrieved service members in the Air Force alone,[2] not to

---

[1] In a speech on September 9, 2021, President Biden stated: "We've been patient, but our patience is wearing thin, and the refusal has cost all of us…."
[2] https://www.af.mil/News/Article-Display/Article/2831845/daf-covid-19-statistics-jan-4-2022/.

mention the other branches of the military, who may have a valid claim against Defendants for substantially burdening religious beliefs without sufficient justification to survive strict scrutiny.

For all of these reasons, Plaintiff has a substantial privacy right that can only be preserved by proceeding anonymously. The Court should grant her leave to proceed anonymously.

Dated: January 6, 2022

Respectfully submitted,

Thomas Brejcha*
THOMAS MORE SOCIETY – President & Chief Counsel
309 W. Washington St., Ste. 1250
Chicago, IL 60606
(312)782-1680
tbrejcha@thomasmoresociety.org

Stephen Crampton*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Adam S. Hochschild*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale*
THOMAS MORE SOCIETY – Counsel
20374 Magnolia Rd.
Crescent, IA 51526
(712)545-9433
mmchale@thomasmoresociety.org

/s/ Michael R. Hirsh
Michael R. Hirsh, GA #357220
Hirsh Law Office, LLC
2295 Towne Lake Parkway
Suite 116-181
Woodstock, GA 30189
(678)653-9907
michael@hirsh.law

*application for pro hac vice admission forthcoming

*Counsel for Plaintiff Air Force Officer*