IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER,**<br><br>           Plaintiff,<br><br>v.<br><br>**LLOYD AUSTIN**, individually and in his official capacity as Secretary of Defense;<br>**FRANK KENDALL**, individually and in his official capacity as Secretary of the Air Force; and<br>**ROBBERT I. MILLER**, individually and in his official capacity as Surgeon General of the Air Force,<br><br>           Defendants. | Case No. 5:22-cv-00009 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO PROCEED ANONYMOUSLY

Plaintiff has moved to proceed anonymously in this case. Our system of justice carries a presumption that judicial proceedings are open to the public and that the identities of the parties are public knowledge. A plaintiff may overcome this presumption only by making an extraordinary showing justifying the request to proceed anonymously. Plaintiff fails to do so. Indeed, another court in this Circuit has recently considered and rejected many of the same arguments advanced by Plaintiff here. *Coker v. Austin*, 3:21-cv-1211-AW-HTC (N.D. Fla Dec. 1, 2021), ECF No. 49, attached as Exhibit A ("Coker Order"). The Court should reach the same conclusion here and deny Plaintiff's motion to proceed anonymously.

### BACKGROUND

Plaintiff is a service member in the United States Air Force Reserve who does not wish to take the COVID-19 vaccine. Compl. ¶¶ 41, 44, 54–55; Pl.'s Decl. ¶¶ 20, 23 (Jan. 6, 2022), ECF No. 2-2. On January 6, 2022, she filed this suit to challenge the Department of Defense's ("DoD")

1

requirement for service members to receive the COVID-19 vaccine, DoD's COVID-19 vaccine mandate for civilian employees, the Air Force's related guidance, and President Biden's Executive Order directing agencies to implement COVID-19 vaccines mandates for civilian employees. Compl. ¶¶ 23–40.

Plaintiff is both an officer in the Air Force Reserves and a civilian employee of DoD, so she is subject to both requirements. Compl. ¶¶ 18, 46. She submitted religious exemption requests related both to her position in the Air Force Reserves and to her civilian position. *Id.* ¶¶ 65, 69. The Air Force decided not to grant her exemption request related to her military duties and denied her appeal. *Id.* ¶ 70. No decision has been made regarding her civilian request and her request is still pending. *Id.* ¶ 86. Her lawsuit seeks to, among other things, enjoin the DoD and the Air Force from implementing the vaccine mandates.

Plaintiff seeks to proceed pseudonymously in this action. ECF No. 3, 3-1. As a basis for this request, Plaintiff summarily alleges that her claims involve "disclosure of information of the utmost intimacy" that risks her "personal safety and security." ECF No. 3-1 at 2. Yet Plaintiff's declaration does not support this claim, as she expresses no concern that she will suffer any harms as a result of filing this lawsuit. *See generally* Pl.'s Decl., ECF No. 2-2. Nor does Plaintiff's lawsuit implicate the kind of information that meets the strict standard.

**ARGUMENT**

"Lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *see also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975) (recognizing the importance of openness in judicial proceedings); *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."). Federal Rule of Civil Procedure 10(a) thus requires "'every pleading' in federal court" to "'name all the parties.'" *Plaintiff B v. Francis*, 631

F.3d 1310, 1315 (11th Cir. 2011) (quoting Fed. R. Civ. P. 10(a)).  This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* (quoting *Frank*, 951 F.2d at 322).  "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings."  *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)[1] (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 & n.17 (1980)).  "This creates a strong presumption in favor of parties' proceeding in their own names."  *Plaintiff B*, 631 F.3d at 1315.

Given this strong presumption of openness in judicial proceedings, courts permit plaintiffs to proceed under fictitious names only in "exceptional case[s]."  *Frank*, 951 F.2d at 323.  "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'"  *Id.* (quoting *Stegall*, 653 F.2d at 186).  The scale tips in favor of a plaintiff seeking anonymity "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  *Id.* at 324.

In the Eleventh Circuit, courts apply this test by first weighing the three factors laid out in *Southern Methodist University Association v. Wynne & Jaffe* ("*SMU*"): (1) "are the plaintiffs seeking anonymity challenging governmental activity"; (2) "will they be required to disclose information of the utmost intimacy"; and (3) "will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?"  *Plaintiff B*, 631 F.3d at

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

1316 (citing *SMU*, 599 F.2d 707, 713 (5th Cir. 1979)).  After analyzing these factors, courts must then consider the particular circumstances of each case.  For example, "[c]ourts have looked at factors such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant."  *Id.* (citing *Stegall*, 653 F.2d at 186; *SMU*, 599 F.2d at 713).

Plaintiffs bear "the burden to establish, in the first instance, that their privacy rights outweigh the presumption of judicial openness.  *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020), *cert. denied sub nom. Doe 7 v. Chiquita Brands Int'l, Inc.*, 142 S. Ct. 312 (2021).

Plaintiff has not met her burden of demonstrating such exceptional circumstances as to justify proceeding anonymously.

### A. Plaintiff's Challenge to Government Activity Does Not Weigh in Favor of Granting Her Request for Anonymity.

First, the fact that Plaintiff challenges Government activity is neutral at best.  "While suing a private defendant gives '*more* reason *not* to grant the plaintiffs' request for anonymity,' the Eleventh Circuit has never held 'that there is more reason to grant a plaintiff's anonymity if the plaintiff is suing the government.'"  Coker Order, Ex. A, at 3 (quoting *Frank*, 951 F.2d at 324); *see also Frank*, 951 F.2d at 324 "([*SMU*] does not stand . . . for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government").  Indeed, "in only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186; *see also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001) ("[N]o published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged government activity.").

4

Rather, because Plaintiffs are "suing government actors in their official capacities" and are "challenging the constitutional, statutory or regulatory validity of government activity," this first factor has, at best, "a neutral effect." *Nat'l Rifle Ass'n of Am., Inc. v. Bondi* (*NRA*), No. 4:18CV137-MW/CAS, 2018 WL 11014101, at *3 (N.D. Fla. May 13, 2018); *see also Frank*, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."); *Freedom From Religion Found., Inc. v. Emanuel Cty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) ("It is not that suing the government weighs in favor of granting a request for anonymity; rather, the operative principle is that a suit against a private party weighs against a plaintiff's request for anonymity."). "That the defendants here are government officials does not move the needle toward anonymity." Coker Order, Ex. A, at 3.

### B.  Plaintiff Will Not Be Required to Disclose Information of Utmost Intimacy.

As to the second factor, neither Plaintiff's "sincere religious belief" nor her "vaccination status and natural immunity [to COVID-19]" are the kind of information considered to be of the utmost intimacy. ECF No. 3-1 at 2. The Eleventh Circuit has explained that the "information of utmost intimacy" standard applies to cases in which "the social stigma attached to the plaintiff's disclosure" was so extreme as to overcome "the presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 324 (listing mental illness, sexual orientation, and transgender identity as examples); *Roe*, 253 F.3d at 685 (abortion); *Plaintiff B*, 631 F.3d at 1317 (finding that "descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities" "could not be of a more sensitive and highly personal nature"); *SMU*, 599 F.2d at 712–13 (listing "birth control, abortion, homosexuality, [and] the welfare rights of illegitimate children or abandoned families" as examples (footnotes omitted)). "This standard is so strict that even cases involving sexual assault

5

allegations don't suffice." Coker Order, Ex. A, at 3 (citing *Plaintiff B*, 631 F.3d at 1316). As another court has already held, "[v]accination status simply is not that level." *Id.* at 4.

Under this strict standard, "the fact that [a plaintiff] may suffer from personal embarrassment, standing alone," does not require the granting of a request for proceed anonymously. *Frank*, 951 F.2d at 324. Indeed, "courts have denied the use of pseudonyms in cases involving matters that many would consider extremely private." *NRA*, 2018 WL 11014101, at *3; *see also, e.g.*, *Plaintiff B*, 631 F.3d at 1316 ("[C]ourts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment."); *Frank*, 951 F.2d at 324 (finding "no abuse of discretion in the district court's implicit conclusion that the stigma involved in Doe's disclosure [of alcoholism] does not rise to the level necessary to overcome the presumption of openness in judicial proceedings").

While being forced to disclose religious beliefs can sometimes be a relevant privacy interest, Plaintiff's "sincere religious belief" in this case is not the kind of information that meets the threshold required under the standard for proceeding under a pseudonym. Although the Eleventh Circuit has recognized that "religion is perhaps the most quintessentially private matter," religion is relevant to the test only when those beliefs "are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Stegall*, 653 F.2d at 186. Thus, in *Doe v. Stegall*, the Eleventh Circuit held that plaintiffs were entitled to proceed anonymously where they presented threats of violence and community hostility indicating that they "may expect extensive harassment and perhaps even violent reprisals." *Id*. (involving mother and two children who challenged school's prayer reading exercises). Alternatively, courts have occasionally allowed plaintiffs in sexual assault cases to proceed anonymously when their "religious affiliation

6

[] would make the revelation of [their] identit[ies] especially injurious." *Doe v. City of Dalton*, No. 4:21-CV-0128-LMM, 2021 WL 4618600, at *1 (N.D. Ga. July 12, 2021) (holding that plaintiff's Baptist affiliation would make the revelation of her sexual assault particularly harmful); *see also Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (unpublished) (same with regard to plaintiff's Muslim affiliation).

No such circumstances exist here. Plaintiff does not explain how proceeding anonymously is necessary to protect her religious beliefs. Plaintiff does not provide any evidence that revealing her religious beliefs would subject her to any credible threats of violence. Nor does Plaintiff present any evidence that her Christian affiliation would make the revelation of her vaccination status especially harmful. The law does not support granting pseudonym status merely because the case may touch upon a plaintiff's religious beliefs. *See Freedom From Religion Found. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1357–58 (S.D. Ga. 2015) ("While religion is certainly an individual matter of conscience that is constitutionally shielded from government intervention, it is generally practiced openly and communally, and no court from this or any other circuit has considered a plaintiff's religious beliefs to be a matter of such sensitivity as to automatically entitle the plaintiff to Doe status." (citing *Santa Fe Indep. School Dist. v. Doe*, 530 U.S. 290, 301–02 (2000); *Stegall*, 653 F.2d at 185–86)).

Nor is Plaintiff's "vaccination status and natural immunity," ECF No. 3-1, highly sensitive and personal information. Although Plaintiff's motion alleges a "climate generally hostile to those who decline the vaccine" and a concomitant "concern[] about her personal safety and security," Plaintiff has presented no evidence to support these speculative, conclusory allegations—even her own Declaration is devoid of such assertions. ECF No. 3-1 at 2. Regardless, "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity."

*Stegall*, 653 F.2d at 186. It is also unclear why Plaintiff's "natural immunity," *i.e.*, the mere fact that she contracted COVID-19 in December 2020, is highly sensitive and personal. General medical history has never been considered information of the utmost intimacy.

### C. Plaintiff Will Not Be Compelled to Admit Illegal Conduct and Thus Risk Criminal Prosecution.

Third, Plaintiff properly does not argue that her lawsuit compels her "to admit [her] intention to engage in illegal conduct and thus risk criminal prosecution." *See Plaintiff B*, 631 F.3d at 1316. The DoD and the Air Force already know Plaintiff's vaccination status outside the context of this lawsuit.

### D. All of the Other Particular Circumstances in This Case Weigh Against Anonymity.

Finally, having considered the three factors in *SMU*, none of the other particular circumstances in plaintiff's case weigh in favor of anonymity. *See Plaintiff B*, 631 F.3d at 1316.

First, Plaintiff is not a minor. *See id.*

Second, as discussed, Plaintiff will not be "threatened with violence or physical harm by proceeding in [her] own name[]." *Id.* Although Plaintiff's motion summarily states that she is "concerned about her personal safety and security," Plaintiff proffers no evidence of threats to support this conclusory, speculative allegation. *Cf. Stegall*, 653 F.2d at 186 (holding that threats of violence actually generated by the lawsuit helped tip the balance in favor of parents and minor children proceeding anonymously).

Third, Plaintiffs' anonymity presents an issue of fairness to Defendants. Plaintiff's motion asserts that Defendants have no interest in Plaintiff's identity because "she is merely one of thousands of aggrieved service members in the Air Force." ECF No. 3-1 at 2–3. Yet Plaintiff's identity is necessary to litigate threshold jurisdictional issues that Defendants anticipate raising in

support of a motion to dismiss the case. In a similar case, the court found that "the concern for fairness to DoD as a defendant militates in favor of identification of Plaintiffs." *Doe v. Von Eschenbach*, No. CIV.A.06 2131 RMC, 2007 WL 1848013, at *3 (D.D.C. June 27, 2007). Like Plaintiff in this case, those plaintiffs claimed that the Department of Defense violated 10 U.S.C. § 1107 by ordering service members to take a vaccine. *Id.* The Court concluded that because "[i]t is impossible for DoD to litigate standing without knowing who the Plaintiffs are," "[f]airness dictates that Plaintiffs' identities be revealed." *Id.*

The Court should deny Plaintiff's motion to proceed anonymously because she has failed to establish the extraordinary circumstances necessary to overcome the presumption of openness in judicial proceedings. Relying on the protective order alone would present unnecessary logistical difficulties of sealed and redacted filings, and potentially closed hearings, which are not otherwise warranted for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated: February 1, 2022

Respectfully submitted:

| | |
|---|---|
| PETER D. LEARY<br>United States Attorney<br>Middle District of Georgia | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| */s/Lance Simon*<br>LANCE SIMON<br>Assistant United States Attorney<br>Georgia Bar No. 447643<br>300 Mulberry St., Suite 400<br>P.O. Box 1702<br>Macon, GA 31202<br>Tel: (478) 621-2663<br>Email:  lance.simon@usdoj.gov | ALEXANDER K. HAAS<br>Director, Federal Programs Branch<br><br>ANTHONY J. COPPOLINO<br>Deputy Director<br><br>*/s/ Cassandra Snyder*<br>ANDREW E. CARMICHAEL<br>AMY E. POWELL |

Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CASSANDRA M. SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7729
Fax: (202) 616-8460
Email: cassandra.m.snyder@usdoj.gov