# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, *individually and in his official capacity as Secretary of Defense;*<br><br>**FRANK KENDALL, III**, *individually and his official capacity as Secretary of the Air Force;* and<br><br>**ROBERT I. MILLER**, *individually and his official capacity as Surgeon General of the Air Force,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:22-cv-00009-TES** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

In its most general sense, this lawsuit is about an Air Force officer's challenge to the Department of Defense's COVID-19 vaccine requirement on grounds that receiving any of the currently available vaccines violates her sincerely held religious beliefs. [Doc. 1, ¶¶ 51–56]. Arguing that her claims pose a risk to her personal safety and security and involve disclosure of information of the utmost intimacy, Plaintiff asks the Court to waive the requirement that "[t]he title of the complaint . . . name all the parties[.]" Fed. R. Civ. P. 10(a); [Doc. 3-1, pp. 1–2]; *see also* [Doc. 1, ¶ 19]. Although Federal Rule of Civil Procedure 10 creates a "strong presumption in favor of parties proceeding in their own

name . . . the rule is not absolute," and a party make seek leave to proceed anonymously. *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). However, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 232 (11th Cir. 1992).

Rule 10 is the starting point, and that rule will require Plaintiff to disclose her name unless she can "move the needle toward anonymity." Fed. R. Civ. P. 10(a); *see also* Order Denying Motion for Leave to Proceed Anonymously, *Coker v. Austin*, No. 3:21-cv-01211-AW-HTC, (N.D. Fla. Dec. 1, 2021), ECF No. 49. The first step in determining whether the needle moves in that direction looks to whether a plaintiff's claims challenge governmental activity and whether a plaintiff, absent anonymity, would be compelled to disclose information of the utmost intimacy or admit her intention to engage in illegal conduct and risk criminal prosecution. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981); *see also S. Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) ("*SMU*"). However, these three considerations—more aptly known as the *SMU* factors—aren't all that's required for determining whether Rule 10(a)'s name requirement can be waived. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020) (citing *Plaintiff B.*, 631 F.3d at 1316). Consistent with Eleventh Circuit case law, Plaintiff argues in her Motion for Leave to Proceed Anonymously [Doc. 3] that anonymity—because it requires the Court to strike a balance between her privacy concerns and the "customary and constitutionally-embedded

presumption of openness in judicial proceedings"—is a totality-of-the-circumstances question. *Frank*, 951 F.2d at 323 (quoting *Stegall*, 653 F.2d at 186); *see also Chiquita Brands*, 965 F.3d at 1247 n.5; [Doc. 3-1, p. 1].

Recognizing her burden to establish that her "privacy rights outweigh the presumption of judicial openness[,]" Plaintiff argues that because she must disclose her vaccination status and attest to the "quintessentially private" nature of her sincere religious beliefs she should be granted leave to proceed anonymously. *Chiquita Brands*, F.3d at 1247; *Stegall*, 653 F.3d at 186; *see generally* [Doc. 3-1]. In opposing her request for leave, Defendants view Plaintiff's challenge to the Department of Defense's COVID-19 vaccine requirement as "neutral at best."[Doc. 37, p. 4]. The Court is inclined to agree with that argument. Even though Plaintiff's claims clearly challenge governmental activity, the Eleventh Circuit has never suggested "that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government." *Frank*, 951 F.2d at 324. So, in order for Plaintiff to continue to proceed anonymously, something else will have to pull the needle towards anonymity.

Plaintiff argues that personal safety and security, disclosure of her vaccination status, and attestation to her religious beliefs are sufficient to do so. [Doc. 3-1, p. 2]. While Plaintiff claims that divulging her vaccination status is of the utmost intimacy, that really isn't what the Eleventh Circuit had in mind for the second of the *SMU* factors. Instead, that factor aims to "protect[] . . . very private matters" like mental

illness, issues of abortion, or the identity of minors coerced to engage in sexually explicit conduct. *Frank*, 951 F.2d at 324; *Plaintiff B*, 631 F.3d at 1316–17; *SMU*, 599 F.2d at 712–13. "Vaccination status simply is not at that level." Order Denying Motion for Leave to Proceed Anonymously, *Coker v. Austin*, No. 3:21-cv-01211-AW-HTC, (N.D. Fla. Dec. 1, 2021), ECF No. 49.

However, rather than discount her request on those ends, the Court must consider Plaintiff's "social stigma" concerns as well. *See Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020). After all, she does argue that personal safety and security as well as attestation to her religious beliefs are highly relevant because of a social "climate [that is] generally hostile to those who decline [a COVID-19] vaccine for any reason." [Doc. 3-1, p. 2]. Here, based on the evidence Plaintiff presented, the Court concludes that it is sufficient to warrant anonymity.

At the national level, the President of the United States commented that the country's collective patience with unvaccinated Americans is "wearing thin."[1] This sentiment trickles down though our country's other high-ranking political officials, our national media outlets, and into our local media outlets as well.

---

[1] The White House, *Remarks by President Biden on Fighting the COVID-19 Pandemic*, https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/ (last visited Feb. 15, 2022).

4

For example, a local news station's[2] report on Plaintiff's challenge to the COVID-19 vaccination requirement sparked several comments from members of Plaintiff's local community. Social media is a breeding ground for social-stigma commentary, and Plaintiff's situation is a prime example. Flippant comments like, "That's cool . . . let [t]he Holy Spirit see to her when and if she should get sick[,]" play directly into Plaintiff's reasonable concerns about "animus against [her]," her personal safety and security, and "serious social stigmatization." [Doc. 47, pp. 4–5]; [Doc. 49, p. 1]; [Doc. 47-1, Air Force Officer Decl., ¶ 2]. Moreover, people have already used phrases like "cult dumbassery" and "[r]eligious nut jobs" regarding Plaintiff's underlying claims which are without question controversial topics of discussion. [Doc. 48, p. 1]; [Doc. 49, p. 1].

The culmination of Plaintiff's evidence shows that there has already been an influx—albeit small—of commentary directed specifically at her case. Based on that, the Court sees no reason to invite what could become even more hostile and directly targeted commentary by forcing her to disclose her identity. The Court is confident that the public's interest regarding Plaintiff's free exercise claims can be served without the general public knowing who she is. [Doc. 47, pp. 7–8].

Consistent with Plaintiff's arguments, the Court has previously recognized that "religion is perhaps [a] quintessentially private matter" and in doing so, it respected the

---

[2] 13 MWAZ, *Robins Air Force Base officer files lawsuit challenging vaccine mandate*, https://www.13wmaz.com/article/news/local/robins-air-force-base/robins-officer-files-lawsuit-challenging-vaccine-mandate-2/93-c64a69ff-821d-47e8-9ffa-386d8c809e53 (last visited Feb. 15, 2022).

5

fact that "a plaintiff should be allowed to proceed anonymously in a case against the government" if religion is on the table.[3] *Doe v. Reyes 1*, No. 5:19-cv-320-TES, 2019 WL 12493582, at *2 (M.D. Ga. Aug. 19, 2019) (quoting *Doe v. Barrow Cnty.*, 219 F.R.D. 189, 193–94 (N.D. Ga. 2003)); *see also* [Doc. 47, pp. 2–5 (discussing *Reyes 1*, 2019 WL 12493582)]. Having carefully considered the *SMU* factors as well as the overall circumstances of this case, the evidence Plaintiff submitted is sufficient to warrant anonymity. Accordingly, the Court **GRANTS** her Motion for Leave to Proceed Anonymously [Doc. 3].

    **SO ORDERED**, this 15th day of February, 2022.

                                      S/ Tilman E. Self, III
                                      **TILMAN E. SELF, III, JUDGE**
                                      **UNITED STATES DISTRICT COURT**

---

[3] By that same token, though, the Court is also aware that leave to proceed anonymously requires more than "[t]he risk that a plaintiff may suffer some embarrassment[.]" *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). However, in the Court's opinion, this record is sufficient to support a finding that Plaintiff will suffer more than some embarrassment if she is not allowed to proceed anonymously.