UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force,<br><br>Defendants. | Case No. 5:22-cv-00009-TES |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY CLASS AND APPOINT CLASS COUNSEL

The Court should certify a class consisting of likely thousands of Air Force service members who are or will be casualties of the same "illusory and insincere" religious-accommodation-request process. *See* Order granting Plaintiff's Motion for Preliminary Injunction [Doc. 51], p. 25. As detailed below, Plaintiff and the proposed class satisfy the requirements of numerosity, commonality, typicality, and adequacy under Rule 23(a), and Defendants have acted or refused to act on grounds that apply generally to the class, so class-wide injunctive relief as to the class as a whole is appropriate under Rule 23(b)(2). The Court should also appoint Plaintiff's counsel as class counsel under Rule 23(g).

**I.   BACKGROUND**

In December 2021, Defendants issued a final denial of Plaintiff's request for a religious accommodation to their military COVID-19 vaccine mandates. On January 6, 2022, Plaintiff

1

filed this lawsuit, originally only on her own behalf, together with a motion for preliminary injunction.

On February 15, 2022, the Court granted a preliminary injunction. [Doc. 51]. Among other findings the Court "easily" found that "the Air Force's process to protect religious rights is both illusory and insincere. In short, it's just 'theater.' *U.S. Navy SEALs 1–26 [v. Biden]*, [No. 4:21-cv-0126-O,] 2022 WL 34443, at *1 [(N.D. Tex. Jan. 3, 2022)]." [Doc. 51, p. 25].

Plaintiff today filed a First Amended Class Action Complaint, adding allegations on behalf of those similarly situated. Plaintiff now seeks certification of a class and, by a separate but related motion, class-wide preliminary injunctive relief. The proposed class (the "Class") consists of all members of the United States Air Force[1] who (a) are subject to a mandate of the Department of Defense or Air Force to receive a COVID-19 vaccine, (b) submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief, and (c) have received or will receive a final denial of such request from the Department of Defense or Air Force.

## II.     LEGAL STANDARD

"The district court has broad discretion in determining whether to certify a class." *Harris v. Georgia Dep't of Corr.*, No. 5:18-CV-00365-TES, 2021 WL 6197108, at *7 (M.D. Ga. Dec. 29, 2021)[2] (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569

---

[1] The members of the United States Air Force include all active duty and reserves of the Air Force, Space Force, and Air National Guard. *See* 10 U.S.C. § 9081 ("There is established a United States Space Force as an armed force within the Department of the Air Force"); 10 U.S.C. § 10111 (Air National Guard is a "reserve component of the Air Force").

[2] In its discretion, the Court can also consider alternative definitions of the class. *See, e.g.*, *Harris*, 2021 WL 6197108, at *1-3, 10. The Court can also choose *provisionally* to certify a class for purposes of providing preliminary injunctive relief. *See, e.g.*, *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *Keeler v. Hills*, 73 F.R.D. 10, 11-12

(11th Cir. 1992)). The Court can certify a class if a plaintiff representative establishes that the proposed class is adequately defined and clearly ascertainable, meets the requirements of Rule 23(a), and demonstrates that the class is one of the types of class actions listed in Rule 23(b). *Harris*, 2021 WL 6197108, at *8 (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012)).

> Rule 23(a) provides:
>
> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so **numerous** that joinder of all members is impracticable;
>
> (2) there are questions of law or fact **common** to the class;
>
> (3) the claims or defenses of the representative parties are **typical** of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and **adequately** protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added).

> Rule 23(b) provides in relevant part:
>
> A class action may be maintained if Rule 23(a) is satisfied and if… (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(2). Frequently, analysis under Rule 23 "will entail some overlap with the merits of the plaintiff's underlying claim." *Harris*, 2021 WL 6197108, at *8 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)).

---

(N.D. Ga. 1976); *Tefel v. Reno*, 972 F. Supp. 608, 617 (S.D. Fla. 1997); *Mays v. Dart*, 453 F. Supp. 3d 1074, 1085 (N.D. Ill. 2020).


### III.  ARGUMENT

#### A.  The Class is Adequately Defined and Clearly Ascertainable.

The Class is more than adequately defined and is clearly ascertainable. *Harris*, 2021 WL 6197108, at *7. Defendants are well aware of who submitted a request for religious accommodation and to whom they have issued a final denial. The procedures Defendants established for applying for and receiving both initial and final denials from the vaccine mandates are extensive and formal. [Doc. 2-3, 2-4, 2-6, 2-11, 2-13, 2-16, 2-17]. Before issuing a final determination on a request for accommodation, Defendants require submission of a completed set of materials, twice. *Id.* Moreover, each final denial (the triggering event rendering someone a Class member) is documented in a communication from a superior officer. [Doc. 2-16, 2-17]. Class membership is therefore instantly and permanently ascertainable by both the Defendants and potential Class members.

The Air Force has already certified that it can identify the number of individuals who are in each stage of the process of applying for religious accommodation, in sworn submissions required by the United States District Court for the Middle District of Florida. [*See, e.g.*, Doc. 40-2]. There is no way to count such individuals unless their identities are ascertainable.[3]

#### B.  Plaintiff and the Class Satisfy the Requirements of Rule 23(a).

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate," and it involves "four requirements—numerosity,

---

[3] Even if Defendants were to claim that it would be burdensome to ascertain all class members, that does not defeat class certification. As this Court held in *Harris*, "Plaintiffs aren't required to limit their proposed class to the one that is the easiest to figure out." *Harris*, 2021 WL 6197108, at *10.

commonality, typicality, and adequate representation." *Dukes*, 564 U.S. at 349.  Plaintiff and the Class satisfy these requirements.

### 1. The Class is so numerous that joinder of all members is impracticable.

"[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty is adequate, with numbers in between varying according to other factors."  *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *Harris*, 2021 WL 6197108, at *11 (quoting *Cox*).  There are at least 682 current members of the putative class (those who have received final denials) and thousands more who will likely receive final denials and become class members.  DAF COVID-19 Statistics – Feb. 22, 2022, https://www.af.mil/News/Article-Display/Article/2919591/daf-covid-19-statistics-feb-22-2022/ (last visited February 28, 2022).  Plaintiff satisfies the numerosity requirement.  *Cox*, 784 F.2d at 1553; *Harris*, 2021 WL 6197108, at *11.

### 2. There are questions of fact and law common to the Class.

Issues common to all members of the Class include:

- Whether the Air Force's process that supposedly protects religious rights as required by RFRA and the First Amendment is illusory and insincere.  [Doc. 51, p. 25].

- Whether the religious accommodation requests the Air Force claims to have approved are for service members already slated for separation.

- Whether the Air Force has a policy, practice, or procedure of not conducting "to the person" assessment to which service members are entitled under the Religious Freedom Restoration Act (RFRA) and/or the First Amendment.

5

- Whether the Air Force can demonstrate that it has a compelling interest in denying any religious exemptions from the mandates while freely granting exemptions for secular purposes.

- Whether the Air Force can demonstrate that vaccination of a religious service member is the least restrictive means of preventing the spread of COVID-19 when the Air Force is almost universally vaccinated, evidence is mounting that COVID-19 vaccination does not prevent COVID-19 infection or transmission, and the Air Force permits alternative prevention measures for secular objectors to vaccination.

Resolution of these issues will resolve "in one stroke" a question that is "central to the validity of each class member's claim." *Dukes*, 564 U.S. at 350. Put another way, all Class members have suffered a common injury that is susceptible to Class-wide resolution: wrongful denial of religious accommodation requests pursuant to an illegal policy, practice, or procedure. *See id.*

Commonality "may also be demonstrated by showing that the defendants 'operated under a general policy of discrimination.'" *Id.* at 353 (quoting *Gen. Tele. Co. of Sw. v. Falcon*, 347 U.S. 147, 159 n.15 (1982)). This is precisely what Plaintiff has alleged: a general policy of discriminating against religious service members in violation of RFRA and the First Amendment. As this Court recently stated:

> [T]he Air Force has rejected 99.76% of all religious accommodation requests, and until about two weeks ago, it had rejected every single one it "carefully consider[ed]." [Doc. 2-15, p. 1]. With such a marked record disfavoring religious accommodation requests, the Court easily finds that the Air Force's process to protect religious rights is both illusory and insincere. In short, it's just "theater."
> *U.S. Navy SEALs 1–26*, 2022 WL 34443, at *1.

[Doc. 51, p. 25]. *See also Navy Seal 1 v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2022 WL 534459, at *20 (M.D. Fla. Feb. 18, 2022) ("[T]o the extent a 'substantial disruption' results from the defendants' systemic failure to assess a religious exemption request 'to the person,' the 'harm' suffered by defendants results only from the defendants' own failure to comply with RFRA.").

### 3. Plaintiff's claims are typical.

"The typicality element overlaps somewhat with the commonality element." *Harris*, 2021 WL 6197108, at *12 (M.D. Ga. Dec. 29, 2021) (quoting *Taylor v. Screening Reports, Inc.*, 294 F.R.D. 680, 689 (N.D. Ga. 2013)). Though "commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Harris*, 2021 WL 6197108, at *12 (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1256, 1278 (11th Cir. 2000)).

Plaintiff's claims are typical. She is a member of the Air Force; she is subject to mandates of the Department of Defense and Air Force to receive a COVID-19 vaccine; she submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief; she received a final denial; and Defendants cannot show that vaccination is the least restrictive means, *i.e.*, actually necessary by comparison to alternative measures, of pursuing a compelling interest. Even if there may be circumstances unique to her or unique to a certain subset of the class, "there is no requirement that all members of the proposed class share the same experiences." *Harris*, 2021 WL 6197108, at *12. As the Court in *Harris* further explained:

> "[The typicality] requirement may be satisfied **even though varying fact patterns** support the claims or defenses of individual class members[.]" *Collins v. Int'l Dairy Queen, Inc.*, 168 F.R.D. 668, 674 (M.D. Ga. 1996) (quoting *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D 677, 698 (N.D. Ga. 1991)). Instead, typicality can be satisfied

by the showing of a "**strong similarity of legal theories**" amongst individual class members. *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).  That is exactly what Plaintiffs have shown here.

*Id.* (emphasis added).  At the very least there is a "strong similarity" of legal theories amongst the members of the Class here.

### 4. Plaintiff will fairly and adequately protect the interests of the Class.

"The adequacy-of-representation requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action."  *Harris*, 2021 WL 6197108, at *13 (quoting *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 23 (11th Cir. 2008)).  The commonality and typicality requirements "tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest."  *Dukes*, 564 U.S. at 350 n.5 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-158, n. 13 (1982)).

#### a. No conflict exists.

Nothing in the record suggests any conflicts between Plaintiff and the class, let alone a substantial one.  *See Harris*, 2021 WL 6197108, at *13.

#### b. Plaintiff and her counsel will adequately prosecute the case.

Plaintiff and her counsel will diligently prosecute this action.  Plaintiff has already pursued, and the Court has issued, a preliminary injunction on her own behalf.  Plaintiff also has demonstrated a strong interest in vindicating the rights of her fellow service members.  Plaintiff's motivation in pursuing individual relief has at all times included an interest in creating an avenue toward relief for her similarly situated brothers and sisters in uniform.  [*See* Doc. 51, pp. 9-10].

As experienced religious liberty advocates with the backing of a longstanding, national public interest law firm, Plaintiff's counsel will diligently prosecute the case on behalf of Plaintiff and the entire class. In appointing class counsel, the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

**i.** Plaintiff's counsel have done substantial work identifying and investigating potential claims in this action and other related potential actions. They have already obtained preliminary injunctive relief on Plaintiff's behalf [Doc. 51], sharing Plaintiff's interest in obtaining relief for similarly situated service members. Five of Plaintiff's attorneys listed below are associated with the Thomas More Society, a national religious-liberty law firm that is able to provide pro bono representation to its clients. As such, counsel have been contacted, both before and during the current action, by many putative class members with interests similar to Plaintiff's. Declaration of attorney Adam Hochschild, ¶ 12.

**ii.** Counsel have substantial experience in handling class actions, other complex litigation, and the types of claims in this case, as detailed, for example, in the attached declarations of attorneys Adam Hochschild, Paul Jonna, and Mary Catherine Hodes ("Attorney Declarations"). These attorneys alone[4] have served as counsel in numerous different class actions and, as

---

[4] While Plaintiff believes the three attorney declarations submitted herewith are more than sufficient to show counsel's adequacy, the other three attorneys entered in this case on behalf of

9

Thomas More Society attorneys, have engaged extensively in litigation involving religious liberty and First Amendment rights, among other complex subject matters. *See* Attorney Declarations. Mr. Jonna, for example, successfully represented numerous churches in litigation arising out of the COVID-19 restrictions on houses of worship. Jonna Declaration, ¶ 6. One of those cases, which Mr. Jonna argued at the District Court level three times, resulted in an historic win when the Supreme Court struck down California's indoor worship ban. *See id.*; *South Bay United Pentecostal Church, et al. v. Gavin Newsom, et al.*, 141 S.Ct. 716 (2021). Mr. Jonna also helped successfully delay the vaccine mandate imposed by the San Diego Unified School District in *Doe v. San Diego Unified Sch. Dist.*, __ S. Ct. __, 2022 WL 498812 (Feb. 18, 2022) (denying application without prejudice due to cessation of mandate); Jonna Declaration ¶ 11.

  **iii.** Counsel are well-versed in the applicable law, as evidenced by their experience and preliminary success in this case, and their experience in numerous other religious liberty cases as attorneys with the Thomas More Society. *See* Attorney Declarations.

  **iv.** As attorneys associated with the Thomas More Society, counsel can commit any and all necessary resources to representing the class. *See* Attorney Declarations.

  Accordingly, Plaintiff and her counsel can adequately prosecute the case.

  **C.**  **Plaintiff and the Class Satisfy the Requirements of Rule 23(b)(2).**

  The Court should certify the class under Rule 23(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Like the plaintiffs in *Harris*, Plaintiff seeks to enjoin unlawful "policies, practices, and

---

Plaintiff also have substantial relevant experience and can submit declarations of their own upon the Court's request.

10

procedures" applicable to the class. *Harris*, 2021 WL 6197108, at *13 (citing *M.H. v. Berry*, No. 1:15-cv-1427-TWT, 2017 WL 2570262, at *7 (N.D. Ga. June 14, 2017)). Further, "this is a civil rights case, and '[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples[]' of lawsuits properly brought under Rule 23(b)(2)." *Harris*, 2021 WL 6197108, at *13 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). *See also Holmes v. Continental Can Co.*, 706 F2d 1144, 1155 (11th Cir. 1983) (Rule 23(b)(2) "was intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive relief against discriminatory practices."). Accordingly, Plaintiff has met the requirements of Rule 23(b)(2).

### D. The Court Should Appoint Plaintiff's Counsel as Class Counsel Under Rule 23(g).

An order that certifies a class action must appoint class counsel under Rule 23(g). Fed. R. Civ. P. 23(c)(1)(B). As set forth in the attached attorney declarations and as discussed above in Section III.B.4.b, Plaintiff's counsel is qualified to and will diligently prosecute this action. Fed. R. Civ. P. 23(g)(1)(A). Plaintiff's counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Court should therefore appoint Plaintiff's counsel as class counsel.

## IV. CONCLUSION

For the reasons above, the Court should certify the Class and appoint Plaintiff's counsel as class counsel.

Dated: February 28, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 63114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Michael R. Hirsh, GA #357220
Hirsh Law Office, LLC
2295 Towne Lake Parkway
Suite 116-181
Woodstock, GA 30189
(678)653-9907
michael@hirsh.law

*Counsel for Plaintiff Air Force Officer*