## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **AIR FORCE OFFICER**, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 5:22-cv-00009-TES |
| v. | ) ) | |
| **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS-WIDE PRELIMINARY INJUNCTION

Having recently granted a preliminary injunction in favor of Plaintiff on grounds that apply in large part to all Class[1] members, this Court should now extend preliminary injunctive relief to the Class as a whole.  In granting an injunction to Plaintiff, the Court found that available facts indicate that the Air Force's entire "process to protect religious rights" is "illusory and insincere:"

> "[O]ne must keep in mind that the Air Force has rejected 99.76% of all religious accommodation requests, and until about two weeks ago, it had rejected every single one it "carefully consider[ed]." [Doc. 2-15, p. 1]. With such a marked record disfavoring religious accommodation requests, the Court easily finds that the Air Force's process to protect religious rights is both illusory and insincere. In short, it's just "theater." *U.S. Navy SEALs 1–26* [*v. Biden*, No. 4:21-cv-01236-O], 2022 WL 34443, at *1 [(N.D. Tex. Jan. 3, 2022)]."

---

[1] Herein, the "Class" refers to the Plaintiff and all members of the putative class.  See Motion to Certify Class and Memorandum in Support.

[Doc. 51 ("February 15 Injunction"), p. 25].  Days later, another district court found that the small number of "approved" religious accommodation requests have been granted to military service members already slated for retirement.  *Navy Seal 1 v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2022 WL 534459, at *19 (M.D. Fla. Feb. 18, 2022).  And just today, another district court found, "The current evidence appears to support Poffenbarger's assertion that the Air Force is systematically denying religious exemptions."  *Poffenbarger v. Kendall*, No. 3:22-cv-00001-TMR-CHG, slip op. at 25 (S.D. Ohio Feb. 28, 2022).  Meanwhile, it is indisputable that "Defendants' COVID-19 vaccination requirement allows service members to refuse vaccination for secular reasons"—including medical accommodation requests and clinical trial participation[2]—"while disallowing refusal based on religious reasons."  February 15 Injunction, pp. 26-27.

The Class as a whole is subject to this "illusory and insincere" religious-accommodation-request process.  The Class is likely to succeed on the merits of its Religious Freedom Restoration Act (RFRA) and First Amendment claims, just as the Court found Plaintiff was individually; the thousands of Class members face irreparable harm as Plaintiff would; and consistent with the Court's initial preliminary injunction the balance of hardships weighs in the Class's favor, and a Class-wide injunction would not be adverse to the public interest.  Indeed, an injunction would affirmatively serve the public's interest by protecting the religious freedom of thousands of service members while keeping them within the military so that they can fulfill

---

[2]  Indeed, Defendants allow a blanket exemption for all "COVID-19 clinical trial[]" participants. [Doc. 51, p. 4]; [Doc. 2-3, p. 1].  Such clinical trials presumably involve COVID-19 studies other than vaccination (see *id.* ("Service members who are actively participating in COVID-19 clinical trials are exempted from mandatory vaccination against COVID-19 until the trial is complete…")) with some participants taking a placebo in any event (see *Navy Seals 1-26*, 2022 WL 34443, at *11) and could last indefinitely [*see* Doc. 40, pp. 4-5].

their desire and commitment to protect and serve our country.  For all of these reasons, a Class-wide injunction is appropriate.

## I.    ARGUMENT

A preliminary injunction is appropriate where, as here, plaintiffs establish that (1) they have a substantial likelihood of success on the merits of her claims, (2) irreparable injury will result absent injunctive relief, (3) the harms to plaintiffs in the absence of an injunction outweigh the harms to the defendants as a result of an injunction; and (4) the injunction would not be adverse to the public interest.  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).  The Class satisfies each of these factors, just as Plaintiff individually satisfied them.[3]

### A.    The Class is likely to succeed on the merits of its RFRA and First Amendment Claims.

The Class is likely to succeed on the merits of both its RFRA and First Amendment claims.  As to the first claim, RFRA provides:

> Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1.  As this Court has already concluded, by making COVID-19 vaccination a condition of continued service in the Air Force, Defendants have substantially burdened Plaintiff's religious beliefs.  February 15 Injunction, p. 21-22.  "Very few scenarios paint a bleaker picture than giving up your livelihood in order to follow your religious beliefs."  *Id.*, p. 22.  "Now, the question becomes whether Defendants can show that the substantial burden placed on Plaintiff's religion by its COVID-19 vaccination requirement furthers a compelling

---

[3] Defendants never argued Plaintiff's claims are not justiciable.  As the Court discussed at length in its February 15 Order, Plaintiff's claims are justiciable.  [Doc. 51, pp. 11-19].  The claims of the Class are likewise justiciable.

governmental interest and that vaccination is the least restrictive means to further that interest."
*Id.* The Court's reasoning applies equally to every Class member, because they all face the termination of their career as a result of adhering to their religious beliefs.

Considering Defendants' argument that their Mandates satisfy strict scrutiny with respect to Plaintiff's individual denial, this Court held not only held that the Air Force had failed to justify that denial, but also, "[w]ith such a marked record disfavoring religious accommodation requests, the Court easily finds that the Air Force's process to protect religious rights is both illusory and insincere. In short, it's just 'theater.' *U.S. Navy SEALs 1–26*, 2022 WL 34443, at *1." *Id.*, p. 25. *See also Navy Seal 1*, 2022 WL 534459, at *19. As multiple courts have now found, Defendants are not individually assessing any requests for religious accommodation, and instead are denying all Class members' requests pursuant to the same "illusory and insincere" process. February 15 Injunction, p. 25; *Poffenbarger*, No. 3:22-cv-00001-TMR-CHG, slip op. at 25; *U.S. Navy SEALs 1–26*, 2022 WL 34443, at *1; *Navy Seal 1 v. Austin*, 2022 WL 534459, at *19. The fundamental illegality of the entire process is sufficient to make it probable that each and every denial of a religious accommodation to a Class member fails to satisfy strict scrutiny.

Moreover, as this and other Courts have already recognized, Defendants cannot establish a compelling interest in denying any request for religious exemption by Air Force service members while Defendants are simultaneously exempting service members from vaccination for secular reasons and allowing these secular exemptees to employ alternative means of reducing risk of infection. February 15 Injunction, p. 23; *Poffenbarger*, No. 3:22-cv-00001-TMR-CHG, slip op. at 24-35; *U.S. Navy SEALs 1–26*, 2022 WL 34443, at *10. And Defendants' argument that vaccination in violation of the free exercise objections of the Class members is "actually necessary by comparison to alternative measures" that do not burden free exercise is just as

fatally weak when applied to the entire Class (still a tiny percentage of a nearly fully vaccinated Force) as it was with respect to the Plaintiff alone.  February 15 Injunction, p. 25.

For these reasons, which apply to the Class as or more strongly than to the Plaintiff individually, the Class is likely to prevail on the merits of its claim that application of the Mandates to the entire Class violates RFRA.  February 15 Injunction, pp. 25-28; *Poffenbarger*, No. 3:22-cv-00001-TMR-CHG, slip op. at 24-35; *U.S. Navy SEALs 1–26*, 2022 WL 34443, at *1; *Navy Seal 1 v. Austin*, 2022 WL 534459, at *19.

The Class is also likely to succeed on its First Amendment claim.  The Air Force has granted at least 1,393 medical exemptions and at least 1,705 administrative exemptions—in other words, more than 3,000 secular (non-religious) exemptions.  *See* DAF COVID-19 Statistics – Feb. 22, 2022, https://www.af.mil/News/Article-Display/Article/2919591/daf-covid-19-statistics-feb-22-2022/ ("Air Force Statistics") (last visited February 28, 2022).  *See also* February 15 Injunction, p. 17 (citing February 8, 2022 version of same statistics); Doc. 40-2 (Air Force's attested-to statistics as of January 21, 2022).  Yet the Air Force has not approved any or essentially any[4] of the 8,200+ religious accommodation requests (with at least 682 **final** denials).  Air Force Statistics; February 15 Injunction, p. 25; *U.S. Navy SEALs 1–26*, 2022 WL 34443, at *1; *Navy Seal 1 v. Austin*, 2022 WL 534459, at *19.  In other words, the Air Force is considering and granting numerous secular requests—more than 3,000 of them—while it is not properly considering and is then denying all religiously based requests.  By treating religious-based accommodation requests less favorably than secular requests, the Air Force is implementing the Mandates in a manner that is not neutral toward, and indeed strongly disfavors, religion.  As the

---

[4] The small number it claims to have "approved" (13 of them; *see* Air Force Statistics) were for service members already slated for separation.  *Navy Seal 1 v. Austin*, 2022 WL 534459, at *19; *Poffenbarger*, No. 3:22-cv-00001-TMR-CHG, slip op. at 25 n.6.

Court already concluded, "Plaintiff has clearly established the first necessary element to obtain a preliminary injunction because 'any favorable treatment' for service members exempted for any secular reason over those seeking exemption for religious reasons 'defeats neutrality.'" February 15 Injunction, p. 28 (quoting *Navy SEALs 1–26*, 2022 WL 34443, at *11).  Strict scrutiny thus applies, and the Mandates fail strict scrutiny required by the First Amendment for the same reasons they cannot satisfy it under RFRA, as explained above.

**B.      Irreparable injury will result absent injunctive relief.**

As the Court held, Plaintiff is suffering irreparable injury:

> Since Defendant Miller ultimately denied Plaintiff's religious accommodation request and essentially infringed upon the free exercise of her religion, Plaintiff has suffered an irreparable injury. She has faced "monumental . . . pressure to violate [her] religious beliefs[,]" and that is prohibited by the Constitution. [Doc. 40, p. 9]; [Doc. 1, ¶ 89]. Again, the choice to adhere to her religious beliefs or modify her behavior to violate those beliefs suffices to trigger constitutional protection. *Thomas* [*v. Review Bd. of Indiana Employment Sec. Division*], 450 U.S. [707,] 718 [(1981)]. Thus, Plaintiff has satisfied the second element to obtain a preliminary injunction.

February 15 Injunction, p. 29.  The 8,200+ putative or potential Class members face the same irreparable injury, on a grand scale: Defendants are applying monumental pressure on thousands of service members to violate their religious beliefs by threatening to end their careers in the Air Force, "and that is prohibited by the Constitution."  *Id.* As such, irreparable injury to the Class will result absent injunctive relief.

**C.      The balance of hardships weighs in the Class's favor, and an injunction will not disserve the public interest.**

"The final two elements necessary to obtain a preliminary injunction merge when the government is the opposing party."  February 15 Injunction, p. 29.  As the Court held, an injunction in Plaintiff's favor does not disserve the public interest.  *Id.* at 30-31.  "[W]hat real interest can our military leaders have in furthering a requirement that violates the very document

they swore to support and defend?"  *Id.* at 31.  The balance of hardships weighs in the Class's favor, as well, where Class members stand to lose their careers and livelihoods, just as Plaintiff would absent injunctive relief.  And a Class-wide injunction will not disserve the public interest. While this was true even for a single plaintiff, it is overwhelmingly true on a Class-wide basis: the public interest lies squarely on the side of retaining thousands of service members, where they can continue to protect and defend our country, to help maintain military readiness.  *Accord Navy Seal 1 v. Biden*, No. 8:21-cv-2429-SDM-TGW, 2022 WL 483832, at *4 (M.D. Fla. Feb. 2, 2022) ("[T]he military is most likely unable to establish, and certainly has not established, that permitting the relatively small number of RFRA objectors, even if every request for exemption (much less the two at issue in this motion) were sincere and successful, to serve . . . will adversely affect the public's interest in the maintenance and readiness of the nation's military forces.").

## II.      CONCLUSION

As the Court concluded its February 15 Order, "All Americans, especially the Court, want our country to maintain a military force that is powerful enough to thoroughly destroy any enemy who dares to challenge it.  However, we also want a military force strong enough to respect and protect its service members' constitutional and statutory religious rights. This ruling ensures our armed services continue to accomplish both."  *Id.* at 31.

Class-wide injunctive relief would manifestly ensure accomplishment of these goals.  It would allow thousands of service members to remain in service or be reinstated, to help maintain the strength of the military, while simultaneously protecting their fundamental religious rights. The Court should therefore enter a Class-wide preliminary injunction that enjoins Defendants from enforcing the Mandates against Plaintiff or any member of the Class and from taking any

adverse action against Plaintiff or any member of the Class on the basis of this lawsuit or of

Plaintiff's or any member's request for religious accommodation related to the Mandates.

Dated: February 28, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Michael R. Hirsh, GA #357220
Hirsh Law Office, LLC
2295 Towne Lake Parkway
Suite 116-181
Woodstock, GA 30189
(678)653-9907
michael@hirsh.law

*Counsel for Plaintiff Air Force Officer*