IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AIR FORCE OFFICER,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD J. AUSTIN, III, individually and in his official capacity as Secretary of Defense; FRANK KENDALL, III, individually and in his official capacity as Secretary of the Air Force; and ROBERT I. MILLER, individually and in his official capacity as Surgeon General of the Air Force,<br><br>    Defendants. | Civil Action No. 5:22-cv-00009-TES |

**MEMORANDUM OF LAW IN SUPPPORT OF**
**MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendants, by and through the United States Attorney for the Middle District of Georgia, hereby move the Court to strike Plaintiff's Amended Complaint (ECF No. 56), which was filed on February 28, 2022, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff's Amended Complaint is improper under Federal Rule of Civil Procedure 15 because (1) Plaintiff may not amend as a matter of course, and (2) Plaintiff has neither sought nor received Defendants' consent or the Court's leave. Fed. R. Civ. P. 15(a). Furthermore, the Court should not grant leave to amend because Plaintiff's Amended Complaint is futile. Specifically, the Amended Complaint sets forth allegations pertaining to the putative class action that Plaintiff now seeks to advance by way of her concurrently filed Motion to Certify Class and Appoint Class Counsel ("Motion to Certify Class") (ECF No. 57) and Motion for Class-Wide Preliminary Injunction (ECF No. 58). But Plaintiff lacks standing to pursue preliminary injunctive relief on behalf of the putative class.

I.  **Background.**

"COVID-19 is the deadliest disease in American history." *State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1275 (11th Cir. 2021). The Air Force requires military personnel to be vaccinated against COVID-19, as well as a host of other diseases, as the best available means to further its compelling government interest in ensuring military readiness by preventing the spread of COVID-19 among servicemembers.

Plaintiff—a Reservist officer in the United Sates Air Force proceeding anonymously—applied for a religious exemption to the COVID-19 vaccination requirement, which the Air Force denied based on its compelling interest. Plaintiff then elected for an early retirement date to avoid vaccination. In her original Complaint (ECF No. 1), Plaintiff alleged that the Air Force's denial of her request for a religious exemption from receiving a COVID-19 vaccination violated the Religious Freedom Restoration Act ("RFRA") and the First Amendment. Plaintiff also alleged the Air Force's addition of the COVID-19 vaccination to the list of required vaccines violated the Administrative Procedure Act ("APA").

Plaintiff moved for a temporary restraining order ("TRO") or preliminary injunction (ECF No. 2), asking the Court to enjoin the Air Force's denial of her request for religious accommodation and require the Air Force to maintain her position past her scheduled retirement date. She also sought a nationwide injunction which would affect every Air Force servicemember who has been denied a request for religious exemption from the COVID-19 vaccination. The Court granted a preliminary injunction as to Plaintiff individually but denied her request for a nationwide injunction (ECF No. 51).

Dissatisfied with the Court's denial of a nationwide injunction, Plaintiff has now filed an Amended Class Action Complaint (ECF No. 56), alleging the Air Force wrongfully denied over

8,200 servicemembers' requests for religious exemptions from the COVID-19 vaccine requirement and raising the same claims advanced in her original Complaint, but on a class-wide basis. Plaintiff contemporaneously filed a Motion for Class-Wide Preliminary Injunction (ECF No. 58), requesting that the Court enjoin the Air Force's denial of more than 8,200 servicemembers' requests for religious exemptions. Despite having already received her own preliminary injunction, Plaintiff also filed a Motion to Certify Class (ECF No. 57), seeking appointment as a representative of the putative class of Air Force servicemembers who have not received preliminary injunctive relief.

## II.    Procedural History.

On January 6, 2022, Plaintiff filed her original Complaint (ECF No. 1) raising claims under the RFRA, the First Amendment, and the APA, and naming Secretary of Defense Lloyd J. Austin, Secretary of the Air Force Frank Kendall, and Surgeon General of the Air Force Robert I. Miller as Defendants. She filed her Motion for TRO and Preliminary Injunction (ECF No. 2) on the same day. Defendants responded (ECF No. 38) to the motion on February 1, 2022, and Plaintiff replied (ECF No. 40) on February 2, 2022. The Court held a hearing on Plaintiff's Motion on February 3, 2022. On February 15, 2022, the Court issued its Order (ECF No. 51) granting Plaintiff a preliminary injunction.

On February 28, 2022, Plaintiff filed her First Amended Class Action Complaint ("Amended Complaint") (ECF No. 56). Plaintiff received neither Defendants' consent nor the Court's leave to amend before filing her Amended Complaint. On the same day, Plaintiff filed her pending Motion to Certify Class (ECF No. 57) and Motion for Class-Wide Preliminary Injunction (ECF No. 58). The Government intends to oppose both motions.

**III.   Plaintiff may not amend as a matter of course.**

Plaintiff has improperly filed her Amended Complaint without first seeking and receiving either Defendants' consent or leave of Court as required by Federal Rule of Civil Procedure 15(a)(2).  At this stage, Plaintiff requires such consent or leave because Plaintiff may not amend as a matter of course under Rule 15(a)(1).

Rule 15(a)(1) provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Under the plain text of Rule 15, Plaintiff's Amended Complaint does not fall into either category.  First, Plaintiff filed her Amended Complaint on February 28, 2022—forty-six days after serving her original Complaint on January 13, 2022 (ECF No. 21-2).  This is far more than the twenty-one-day limit on the right to amend as a matter of course provided by Rule 15(a)(1)(A).  Second, Defendants have filed neither an answer nor a responsive pleading, so Plaintiff's right to amend as a matter of course under Rule 15(a)(1)(B) has not been triggered.

A party who does not have the right to amend as a matter of course may still amend under Rule 15(a)(2) with either "the opposing party's written consent or the court's leave."  Plaintiff has received neither.  Accordingly, the Court should strike her Amended Complaint.

**IV.   The Court should not grant Plaintiff leave to amend because she lacks standing to serve as a representative of the putative class, and therefore the Amended Complaint is futile.**

A Court may deny leave to amend under Rule 15(a)(2) and strike an amended pleading where the claims raised therein are futile.  Here, Plaintiff's Amended Complaint seeks to add

4

allegations of a putative class injury and requests class-wide relief. But the Amended Complaint is futile because Plaintiff lacks standing to serve as the class representative.

      **A.**      **Rule 15(a)(2) Amendment Standard.**

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant leave to amend, the Court "may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (citations omitted)).

      **B.**      **Plaintiff lacks standing to serve as a representative of the putative class.**

By her Amended Complaint, Plaintiff clearly seeks to set the foundation for her contemporaneously filed Motion to Certify Class (ECF No. 57) and Motion for Class-Wide Preliminary Injunction (ECF No. 57). But Plaintiff has already received the preliminary injunctive relief that she now seeks as a member and representative of the putative class. Accordingly, under Plaintiff's own version of the facts, Plaintiff lacks standing to serve as a representative of the putative class because Plaintiff does not share the same injury as the putative class, and she cannot now properly pursue injunctive relief—on behalf of herself or others—when this Court has already granted her the precise remedy she seeks. (*See* ECF No. 51).

5

### *1.    Class Standing Standards.*

The case or controversy limitation under Article III of the Constitution "requires a plaintiff to demonstrate 'standing to sue.'" *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1046 (11th Cir. 2020) (internal alterations omitted) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "That a suit may be a class action . . . adds nothing to the question of standing[.]" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). "[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).

"Article III requires two related, but distinct, inquiries to determine whether a class representative has 'standing to represent a class.'" *Fox*, 977 F.3d at 1046 (quoting *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008)). "First, the class representative must satisfy the individual standing prerequisites of the case or controversy requirement." *Id.* (internal quotations and citation omitted). "Second, the class representative must also be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (internal quotations and citations omitted).

"The first inquiry . . . requires a plaintiff to have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The second inquiry focuses on the relation between the class representative's injuries and those he alleges on behalf of the class." *Id.* "[I]t is well-settled that prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman ex rel. Prado*

*v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 578 U.S. at 338 (citation omitted). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Id.* (internal quotations, alterations, and citation omitted).

### 2. *Plaintiff lacks standing because Plaintiff has already received the preliminary injunctive relief requested by the putative class.*

Here, the putative class requests preliminary injunctive relief. Am. Compl. 35 (Prayer for Relief), ECF No. 56; Mot. for Class-Wide Prelim. Injunc. 1-2, ECF No. 58. Plaintiff, however, lacks standing to serve as a representative of the putative class as to the class's request for a temporary restraining order or preliminary injunction because Plaintiff has already litigated this matter on behalf of herself and has received the relief requested.

Specifically, in the Amended Complaint, Plaintiff seeks two forms of ultimate relief on behalf of the putative class: (1) a declaratory judgment that the COVID-19 vaccination requirement violates the First Amendment, the RFRA, and the APA, and (2) a permanent injunction preventing enforcement of the vaccination requirement. Am. Compl. 34-35, at ¶¶ 2-5. Additionally, as preliminary relief, Plaintiff seeks a preliminary injunction preventing enforcement of the vaccination requirement during the pendency of the case. *Id.* at 35, at ¶ 5. She sought the same three forms of relief on her own behalf in the original Complaint. Compl. 29-30, at ¶¶ 1-4.[1]

Even assuming Plaintiff may have standing to represent the class for the purpose of the *ultimate* relief the class requests, Plaintiff lacks standing to pursue *preliminary* injunctive relief on behalf of the class, which she is actively pursuing by way of her Motion for Class-Wide

---

[1] While Plaintiff also sought actual and nominal damages on her own behalf in the original Complaint, she does not seek the same on behalf of the putative class in the Amended Complaint. *Compare* Compl. 30, at ¶¶ 5-6 *with* Am. Compl. 34-35, at ¶¶ 1-9.

Preliminary Injunction (ECF No. 58).  But "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996).  Rather, "a plaintiff must demonstrate standing *separately for each form of relief sought*." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citations omitted) (emphasis added); *see also Prado-Steiman*, 221 F.3d at 1279 ("[I]t is well-settled that prior to the certification of a class, . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."). Thus, the Court must analyze Plaintiff's standing as to the class's request for preliminary injunctive relief separately from the class's request for other forms of relief.

As to preliminary injunctive relief, Plaintiff lacks standing.  For Plaintiff to serve as a class representative, Plaintiff "must satisfy the individual standing prerequisites of the case or controversy requirement" and "must also be part of the class and possess the same interest and suffer the same injury as the class members." *Fox*, 977 F.3d at 1046 (internal quotations and citations omitted).  This requirement poses a dilemma for Plaintiff since she has already received the preliminary injunctive relief the class requests, and she therefore does not suffer the same injury in fact, purportedly necessitating emergency relief.  Plaintiff is simply not a member of the putative class of individuals whom she now seeks to represent.

For these reasons, Plaintiff lacks standing to serve as a class representative for the purpose of class-wide preliminary injunctive relief.  Accordingly, Plaintiff's request for preliminary injunctive relief in the Amended Complaint is "subject to dismissal" for lack of standing. *Burger King Corp.*, 169 F.3d at 1320 (citations omitted).  Therefore, the Court should not grant Plaintiff leave to amend her deficient pleading because Plaintiff does not have standing to pursue the class action she seeks to advance, and therefore even a properly docketed Amended Complaint would be futile. *Hall*, 367 F.3d at 1262-63 ("[A] district court may properly deny leave to amend the

8

complaint under Rule 15(a) when such amendment would be futile."); *see also Stripland v. Wells Fargo Bank, N.A.*, No. 2:16-CV-00152-RWS-JCF, 2016 WL 7007557, at **11-14 (N.D. Ga. Nov. 3, 2016), *report and recommendation adopted*, 2016 WL 7007510 (N.D. Ga. Nov. 28, 2016) (granting defendant's motion to strike plaintiff's amended complaint where plaintiff failed to receive either defendant's consent or the court's leave to amend and because plaintiff's claims therein were futile); *Marria v. England*, No. 1:12-CV-4141-ODE-LTW, 2014 WL 12698713, at *1-3 (N.D. Ga. Jan. 3, 2014) (same); *Norwood v. Zawadzki*, No. 1:11-cv-176-MP-GRJ, 2012 WL 7807610, at **2-4 (N.D. Fla. Dec. 28, 2012), *report and recommendation adopted*, 2013 WL 1245446 (N.D. Fla. Mar. 27, 2013) (same); *Henderson v. OneWest Bank FSB, ISAOA*, No. 1:10-CV-1989-TCB-LTW, 2011 WL 13216950, at 1 (N.D. Ga. Nov. 15, 2011) (same).[2]

**V.     Conclusion.**

For the reasons set forth above, Defendants respectfully request that the Court strike Plaintiff's Amended Complaint (ECF No. 56) pursuant to Federal Rule of Civil Procedure 12(f). As consequence to Plaintiff's lack of standing to pursue class certification or class-wide preliminary injunctive relief, the Court should dismiss Plaintiff's Motion to Certify Class and Appoint Class Counsel (ECF No. 57) and Motion for Class-Wide Preliminary Injunction (ECF No. 58) as moot.

This 10th day of March, 2022.

                                        PETER D. LEARY
                                        UNITED STATES ATTORNEY

---

[2] Defendants' responsive pleadings to Plaintiff's original Complaint and Amended Complaint are due by March 14, 2022. Defendants' responses to Plaintiff's Motion to Certify Class and Appoint Class Counsel and Plaintiff's Motion for Class-Wide Preliminary Injunction are due by March 21, 2022. Because Plaintiff's standing to bring these claims is a threshold issue that should be determined in advance of substantive briefing, Defendants file concurrent with the instant Motion to Strike a request that the Court stay the aforementioned responsive deadlines until the issue of Plaintiff's standing is resolved.

By: *s/ Lance Simon*
LANCE SIMON
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 447643
ROGER C. GRANTHAM, JR.
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 860338
United States Attorney's Office
Middle District of Georgia
P. O. Box 1702
Macon, GA 31202
Phone: (478) 621-2663
Fax: (478) 621-2737
Email: Lance.Simon@usdoj.gov
Roger.Grantham@usdoj.gov