UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 5:22-cv-00009-TES ) ) |
| v. | ) ) |
| **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS-WIDE PRELIMINARY INJUNCTION

Pursuant to Federal Rule Civil Procedure 65, Plaintiff Air Force Officer, joined by Additional Representatives[1] Air Force NCO, Air Force Special Agent, and Air Force Engineer (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, the "Class"), respectfully request that this Court enter a class-wide preliminary injunction enjoining Defendants from enforcing certain COVID-19 vaccine mandates—specifically, Department of Defense's August 24, 2021 Order and Department of Air Force's September 3, 2021 Order (collectively, the "Mandates")[2]—against Air Force NCO, Air Force Special Agent,

---

[1] See Motion for Leave to File Second Amended Complaint, to Add Three Plaintiff Class Representatives, and/or for Intervention, filed concurrently herewith.
[2] Plaintiff Air Force Officer, on behalf of herself and all others similarly situated, also seeks relief as to certain federal civilian employee COVID-19 vaccine mandates—specifically, President Biden's September 9, 2021 Executive Order 14043, Department of Defense's October 1, 2021 Order, and Department of Air Force's October 8, 2021 Order. *See* Second Amended Class Action Complaint. However, those mandates are preliminarily enjoined pursuant to

1

Air Force Engineer or any member of the Class,[3] and enjoining Defendants from taking any adverse action against Air Force NCO, Air Force Special Agent, and Air Force Engineer or any member of the Class on the basis of this lawsuit or of any member's request for religious accommodation related to the Mandates.[4]

Plaintiffs rely on and incorporate the Memorandum of Law in Support of this motion and declarations of Air Force NCO, Air Force Special Agent, and Air Force Engineer and exhibits thereto, filed simultaneously herewith.  In addition, Plaintiffs rely on and incorporate Air Force Officer's briefing and the declarations in support of her original Motion for Preliminary Injunction and exhibits thereto [including Doc. 2, 2-1 to 2-17, 40, 40-1, 40-2, 41, 41-1, and 45], the Second Amended Class Action Complaint, filed simultaneously herewith, and Air Force Officer's briefing and the declarations in support of her original Motion for Class Certification [including Doc. 57, 57-1, 57-2, 57-3, and 57-4].

WHEREFORE, Plaintiffs request that this Court enter a preliminary injunction that enjoins Defendants from (1) enforcing the Mandates against Air Force NCO, Air Force Special Agent, and Air Force Engineer or any member of the Class, and (2) taking any adverse action against Air Force NCO, Air Force Special Agent, and Air Force Engineer or any member of the

---

another court's order, *Feds. for Med. Freedom v. Biden*, --- F. Supp. 3d. ----, 2022 WL 188329, at *8 (S.D. Tex. Jan. 21, 2022).  *See* February 15 Injunction Order [Doc. 51], p. 2 n.2. Therefore the present motion does not seek relief as to those federal civilian employee mandates.  Plaintiff Air Force Officer reserves the right to pursue such relief in the future if and as appropriate.

[3] The Court has already granted a preliminary injunction in favor of Plaintiff Air Force Officer individually.  [Doc. 51].

[4] Plaintiffs, on behalf of themselves and all others similarly situated, also seek relief as to Defendants' violation of the Administrative Procedure Act.  *See* Second Amended Class Action Complaint, Count III.  The present motion does not seek relief as to this claim.  Plaintiffs reserve the right to pursue such relief in the future if and as appropriate.

Class on the basis of this lawsuit or of Plaintiff's or any member's request for religious accommodation related to the Mandates.

Dated: March 31, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

| | |
|---|---|
| Stephen Crampton, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>PO Box 4506<br>Tupelo, MS 38803<br>(662)255-9439<br>scrampton@thomasmoresociety.org | Michael R. Hirsh, GA #357220<br>Hirsh Law Office, LLC<br>2295 Towne Lake Parkway<br>Suite 116-181<br>Woodstock, GA 30189<br>(678)653-9907<br>michael@hirsh.law |

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

*Counsel for Plaintiffs*