UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br> Defendants. | Case No. 5:22-cv-00009-TES |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE

The Court should deny Defendants' motion to strike (Doc. 60). "Motions to strike are generally viewed with disfavor and are often considered time wasters." *Sheffield v. Winter*, No. 1:09-CV-44 (WLS), 2009 WL 10674319, at *1 (M.D. Ga. Oct. 21, 2009) (cleaned up); *Murphy v. Farmer*, 176 F. Supp.3d 1325, 1359 (N.D. Ga. 2016) (same). "A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice and should be granted only when the pleading to be stricken has no possible relation to the controversy." *Murphy*, 176 F. Supp.3d at 1359 (cleaned up). As they continue to purge the military of religious service members, Defendants filed a motion to strike Plaintiff Air Force Officer's First Amended Complaint and successfully obtained a stay of their various deadlines—including their deadlines to answer or move to dismiss the First Amended Complaint and to oppose Plaintiff's motion to certify class and motion for class-wide preliminary injunction—pending resolution of the motion to strike.

1

For several, independent reasons, the Court should deny Defendants' time-wasting motion to strike:

(1) It is well-established that, under Federal Rule of Civil Procedure 15, a plaintiff has the absolute right to file a first amended complaint "as a matter of course" before defendants respond to the original complaint.

(2) There is no conceivable basis under Federal Rule of Civil Procedure 12(f) for a motion to strike Plaintiff's First Amended Complaint.

(3) Even if (contrary to Rule 15) Plaintiff had to seek leave to file the First Amended Complaint, amendment was not futile.

(4) The motion to strike is otherwise moot upon filing the Second Amended Complaint.

*First*, Plaintiff had the right, "as a matter of course," to file a first amended complaint any time before Defendants filed an answer or motion to dismiss to the original complaint until 21 days after they filed one, even if the amendment were futile. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within… 21 days after service of a responsive pleading… or motion under Rule 12…"); *Toenniges v. Georgia Dep't of Corr.*, 502 F. App'x 888, 889-90 (11th Cir. 2012) ("**A plaintiff has a right to amend a complaint once as a matter of course so long as no responsive pleading has been filed**…. [W]hen the plaintiff has the right to file an amended complaint as a matter of course, the district court lacks the discretion to reject the amended complaint based on its alleged futility") (emphasis added); *Giles v. Manser*, 757 F. App'x 891, 894 (11th Cir. 2018) ("**Rule 15(a)(1) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed**.") (emphasis added); *U.S. ex rel. Gacek v. Premier Med. Mgmt., Inc.*, No. CV 14-0342-WS-

B, 2017 WL 2838179, at *5 (S.D. Ala. June 30, 2017) ("Nothing in the Advisory Committee Notes purports to extinguish the right of a plaintiff to amend his complaint once as a matter of course <u>before</u> an answer or Rule 12(b) motion is filed. Previously, Rule 15 allowed such amendments as a matter of course. *See*, *e.g.*, *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) ('Federal Rule of Civil Procedure 15(a) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed.'). The 2009 Amendments did not alter that aspect of the rule.") (underlining in original).

Defendants have not answered or moved to dismiss the First Amended Complaint (indeed, they successfully sought a stay of their deadline to do so). Accordingly, even if the First Amended Complaint were futile (which it was not), the Court has no discretion to reject it. *Id.* For this reason alone, the Court must deny the motion to strike. Defendants cite no cases in support of their nonsensical, unsupported interpretation of Rule 15(a)(1)(B).

***Second***, Defendants purport to move to strike the First Amended Complaint under Rule 12(f), but the Rule provides no conceivable basis for striking it. Defendants conspicuously fail to quote the language of Rule 12(f), which provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The First Amended Complaint does not contain, and Defendants do not even contend that the First Amended Complaint contains, any "defense[s]" or any "redundant, immaterial, impertinent, or scandalous matter." For this additional reason, the Court should deny the motion to strike. *See*, *e.g.*, *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) ("Defendants' motion to strike the FAC is an impermissible use of Rule 12(f). Defendants do not argue that any material in the FAC is 'redundant, immaterial, impertinent, or scandalous,' the only possible bases to strike material

under Rule 12(f).... Instead, Defendants seek to strike the entirety of the FAC, because it was improperly filed without leave to amend. This is an impermissible use of Rule 12(f), because it seeks to use Rule 12(f) as a substitute for Rule 12(b)(6).... An impermissible use of a Rule 12(f) motion alone would be reason to deny Defendants' motion to strike."); *U.S. v. SouthEast Eye Specialists, PLLC*, No. 3:17-CV-00689, 2021 WL 5150687, at *4 (M.D. Tenn. Nov. 5, 2021) ("The allegations in the Amended Complaint are not redundant, impertinent, or scandalous, and Defendants do not argue otherwise. That leaves 'immaterial' under Rule 12(f), but Defendants' motion is titled 'Motion to Strike *Impermissible* Material in Relators' First Amended Complaint." ... (emphasis added). Rule 12(f) says nothing about striking 'impermissible' material and, for this reason alone, the Motion could be denied.").

**Third**, even if somehow Plaintiff did not have the right to file her First Amended Complaint as a matter of course and needed leave, "the court should freely give leave when justice so requires."[1] Fed. R. Civ. P. 15(a)(2). To determine whether to grant leave to amend, the Court "may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] To be clear, Plaintiff intentionally did **not** seek leave to file her First Amended Complaint when she filed it, because, as discussed above, she had the right file it as a matter of course under Rule 15(a)(1)(B). If Plaintiff had sought leave, then she may have waived her right to file it as a matter of course. *Coventry First, LLC*, 605 F.3d at 869-70.

4

Of these multiple factors, the only factor Defendants claim applies is "futility" due to Plaintiff's alleged lack of "standing;" Defendants thus implicitly concede that none of the other factors support denial of leave. Motion at 5-9.

The amendment is not futile for lack of standing. Defendants do not and cannot deny that Plaintiff has standing to pursue a permanent injunction and declaratory relief (Motion at 6) and as such is a member of the putative class. To the extent Defendants challenge Plaintiff's qualifications to be a class representative under Federal Rule of Civil Procedure 23, such a challenge, in the form of a motion to strike an amended complaint, is unsupported, not to mention premature and misdirected. The hodgepodge of cases Defendants cite[2] are irrelevant— none involved, for example, prior individual preliminary injunctive relief or a motion to strike an amended complaint. In any event, the existing preliminary injunction in favor of Plaintiff is not a final award. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1298 (11th Cir. 2022) ("preliminary injunctions 'are not final awards in any sense.'") (quoting 11A Wright & Miller, Federal Practice & Procedure § 2943). If the Court had entered or Defendants had consented to a final, permanent injunction in favor of Plaintiff, then the standing analysis may be different. But as things are, filing of the First Amended Complaint was in no way futile.

*Fourth*, if the Court does not deny the motion to strike for any of the reasons discussed above, the Court should deny it as moot upon filing of the Second Amended Complaint, which adds three plaintiff class representatives ("Additional Representatives") who have not yet obtained a preliminary injunction. Defendants' "futility" argument is premised solely on their

---

[2] *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039 (11th Cir. 2020); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26 (1976); *Warth v. Seldin*, 422 U.S. 490 (1975); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1277 (11th Cir. 2000); *Lewis v. Casey*, 518 U.S. 343 (1996); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000).

assertion that an individual (Plaintiff Air Force Officer) who obtains a preliminary injunctive cannot then seek a class-wide injunction. Motion at 5. Even if this argument had merit (which it doesn't as discussed above), the addition of the Additional Representatives who have not yet obtained a preliminary injunction renders this argument moot.

      For all of the reasons discussed above, the Court should deny Defendants' motion to strike.

Dated: March 31, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Michael R. Hirsh, GA #357220
Hirsh Law Office, LLC
2295 Towne Lake Parkway
Suite 116-181
Woodstock, GA 30189
(678)653-9907
michael@hirsh.law

*Counsel for Plaintiffs*