IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AIR FORCE OFFICER,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense; FRANK KENDALL, III, in his official capacity as Secretary of the Air Force; and ROBERT I. MILLER, in his official capacity as Surgeon General of the Air Force,<br><br>    Defendants. | Civil Action No. 5:22-cv-00009-TES |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINITFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants, by and through the United States Attorney for the Middle District of Georgia, hereby file this Response in opposition to Plaintiff's pending *Motion for Leave to File Second Amended Complaint, to Add Three Plaintiff Class Representatives, and/or for Intervention* ("Motion for Leave") (ECF No. 63), which was filed on March 31, 2022.[1] Defendants oppose Plaintiff's request because Plaintiff lacks standing to pursue class-wide preliminary injunctive relief, and therefore her proposed Second Amended Complaint is futile.

---

[1] On April 1, 2022, the Court noticed and held a telephone conference with the parties and ordered Defendants to file any response to Plaintiff's Motion for Leave within one week.  During the conference, undersigned counsel for Defendants notified the Court that the United States Solicitor General was evaluating Defendants' possible appeal of the Court's February 15, 2022 Order granting Plaintiff's Motion for Preliminary Injunction, ECF No. 51.  The deadline for Defendant's notice of appeal is April 18, 2022.  Undersigned counsel is authorized to inform the Court that the United States Solicitor General has now authorized appeal of the preliminary injunction to the Eleventh Circuit.  Therefore, Defendants expect to file their timely notice of appeal, likely next week.

I.      **Background.**

"COVID-19 is the deadliest disease in American history." *State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1275 (11th Cir. 2021). The Air Force requires military personnel to be vaccinated against COVID-19, as well as a host of other diseases, as the best available means to further its compelling government interest in ensuring military readiness by preventing the spread of COVID-19 among servicemembers.

Plaintiff—a Reservist officer in the United Sates Air Force proceeding anonymously—applied for a religious exemption to the COVID-19 vaccination requirement, which the Air Force denied based on its compelling interest. Plaintiff then elected for an early retirement date to avoid vaccination. In her original Complaint (ECF No. 1), Plaintiff alleged that the Air Force's denial of her request for a religious exemption from receiving a COVID-19 vaccination violated the Religious Freedom Restoration Act ("RFRA") and the First Amendment. Plaintiff also alleged the Air Force's addition of the COVID-19 vaccination to the list of required vaccines violated the Administrative Procedure Act ("APA").

Plaintiff moved for a temporary restraining order ("TRO") or preliminary injunction (ECF No. 2), asking the Court to enjoin the Air Force's denial of her request for religious accommodation and require the Air Force to maintain her position past her scheduled retirement date. She also sought a nationwide injunction which would affect every Air Force servicemember who has been denied a request for religious exemption from the COVID-19 vaccination. The Court granted a preliminary injunction as to Plaintiff individually but denied her request for a nationwide injunction (ECF No. 51).

Dissatisfied with the Court's denial of a nationwide injunction, Plaintiff filed an Amended Class Action Complaint ("First Amended Complaint") (ECF No. 56), which (1) alleges the Air

Force wrongfully denied over 8,200 servicemembers' requests for religious exemptions from the COVID-19 vaccine requirement, (2) raises the same claims advanced in her original Complaint, but on a class-wide basis, and (3) seeks class-wide preliminary injunctive relief which is identical to the preliminary injunction she has already received. Defendants, however, filed a Motion to Strike (ECF No. 60) Plaintiff's First Amended Complaint, arguing that Plaintiff's First Amended Complaint was improperly filed in accordance with Federal Rule of Civil Procedure 15, and that she lacked standing to pursue a preliminary injunction as a representative of the putative class because she was not a member of the class seeking such prospective relief. *Id*.

## II.   Procedural History.

On January 6, 2022, Plaintiff filed her original Complaint (ECF No. 1) raising claims under the RFRA, the First Amendment, and the APA, and naming Secretary of Defense Lloyd J. Austin, Secretary of the Air Force Frank Kendall, and Surgeon General of the Air Force Robert I. Miller as Defendants. On the same day, she filed a Motion for TRO and Preliminary Injunction (ECF No. 2) seeking both preliminary injunctive relief for herself, as well as a nationwide injunction. On February 3, 2022, the Court held a hearing after the parties briefed the motion (ECF Nos. 38, 40). On February 15, 2022, the Court issued its Order (ECF No. 51) granting Plaintiff a preliminary injunction but denying her a nationwide injunction.

On February 28, 2022, Plaintiff improperly filed her First Amended Class Action Complaint ("First Amended Complaint") (ECF No. 56) without first receiving either Defendants' consent or the Court's leave, as required by Federal Rule of Civil Procedure 15(a)(2). In her proposed First Amended Complaint, Plaintiff included class allegations and a request for class-wide preliminary injunctive relief. On the same day, Plaintiff filed her pending First Motion to Certify Class (ECF No. 57) and First Motion for Class-Wide Preliminary Injunction (ECF No. 58).

On March 10, 2022, Defendants filed their Motion to Strike (ECF No. 60), which also remains pending. In addition to noting that Plaintiff improperly filed her First Amended Complaint, Defendants also argued Plaintiff lacked standing to pursue class-wide preliminary injunctive relief because she has already received preliminary injunctive relief herself.

On March 31, 2022, Plaintiff then filed her pending Motion for Leave (ECF No. 63), seeking to file a Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). She also filed her Second Motion to Certify Class (ECF No. 64) and Supplemental Motion for Class-Wide Preliminary Injunction (ECF No. 65) on the same day. In her proposed Second Amended Complaint, Plaintiff seeks to add three new plaintiffs to serve as representatives for her putative nationwide class action seeking preliminary injunctive relief for thousands of Air Force personnel.

### III.   Rule 15(a)(2) Amendment Standard.

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant leave to amend, the Court "may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citations omitted)).

### IV.    Argument.

Despite the Court's denial of her initial request for a nationwide injunction (ECF No. 51), Plaintiff continues to pursue nationwide preliminary injunctive relief through her proposed Second Amended Complaint (ECF No. 63-2) and Supplemental Motion for Class-Wide Preliminary Injunction (ECF No. 65).  She sought the same through her First Amended Complaint (ECF No. 56) and original Motion for Class-Wide Preliminary Injunction (ECF No. 57).  But as Defendants have previously pointed out, Plaintiff has already been granted the exact preliminary injunctive relief she continues to seek as a member and representative of the putative class (ECF No. 51). Accordingly, she lacks standing to raise this claim for class-wide preliminary injunctive relief for a class that has yet to be certified.  Because Plaintiff lacks standing to pursue the class-wide claim herself, she also lacks standing to amend her Complaint for the purpose of adding new Plaintiffs/class representatives to pursue the claim on behalf of the putative class, as Plaintiff's lack of standing deprives the Court of subject matter jurisdiction over the putative class-wide claim in the first instance.

####    A.    Class Standing Standards.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (internal quotations and citation omitted).  The case or controversy limitation under Article III of the Constitution "requires a plaintiff to demonstrate 'standing to sue.'" *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1046 (11th Cir. 2020) (internal alterations omitted) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

"In an era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 146 (2011). "That a suit may be a class action . . . adds nothing to the question of standing[.]" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). "[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).

"Article III requires two related, but distinct, inquiries to determine whether a class representative has 'standing to represent a class.'" *Fox*, 977 F.3d at 1046 (quoting *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008)). "First, the class representative must satisfy the individual standing prerequisites of the case or controversy requirement." *Id.* (internal quotations and citation omitted). "Second, the class representative must also be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (internal quotations and citations omitted).

"The first inquiry . . . requires a plaintiff to have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The second inquiry focuses on the relation between the class representative's injuries and those he alleges on behalf of the class." *Id.* "[I]t is well-settled that prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). "The plaintiff, as the party invoking federal

6

jurisdiction, bears the burden of establishing these elements." *Spokeo*, 578 U.S. at 338 (citation omitted). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Id.* (internal quotations, alterations, and citation omitted).

> **B.     Plaintiff lacks standing because she has already received the preliminary injunctive relief requested by the putative class.**

Here, the putative class requests preliminary injunctive relief. 2d Am. Compl. 47-48 (Prayer for Relief), ECF No. 63-2; Mot. for Class-Wide Prelim. Injunc. 1-2, ECF No. 58; Suppl. Mot. for Class-Wide Prelim. Injunc. 1-2, ECF No. 65. Plaintiff, however, lacks standing to serve as a representative of the putative class as to the class's request for preliminary injunctive relief because Plaintiff has already litigated this matter on behalf of herself and has received the relief requested.

As previously explained in Defendants' Motion to Strike, Plaintiff seeks two forms of ultimate relief on behalf of the putative class: (1) a declaratory judgment that the COVID-19 vaccination requirement violates the First Amendment, the RFRA, and the APA, and (2) a permanent injunction preventing enforcement of the vaccination requirement. 2d Am. Compl. 47-48, at ¶¶ 2-5. Additionally, as preliminary relief, Plaintiff seeks a preliminary injunction preventing enforcement of the vaccination requirement during the pendency of the case. *Id.* at 47-48, at ¶ 5. She sought the same three forms of relief on her own behalf in the original Complaint. Compl. 29-30, at ¶¶ 1-4.

Even assuming Plaintiff may have standing to represent the class for the purpose of the *ultimate* relief the class requests, Plaintiff lacks standing to pursue *preliminary* injunctive relief on behalf of the class, which she is actively pursuing by way of her Motion for Class-Wide Preliminary Injunction (ECF No. 58) and Supplement (ECF No. 65) thereto. This is because "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996). Rather, "a

7

plaintiff must demonstrate standing *separately for each form of relief sought.*" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citations omitted) (emphasis added); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("[O]ur standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press. . . . We have insisted, for instance, that a plaintiff must demonstrate standing separately *for each form of relief sought.*" (internal quotations and citations omitted)) (emphasis added); *Prado-Steiman*, 221 F.3d at 1279 ("[I]t is well-settled that prior to the certification of a class, . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."). Thus, the Court must analyze Plaintiff's standing as to the class's request for preliminary injunctive relief separately from the class's request for other forms of relief.

As to preliminary injunctive relief, Plaintiff lacks standing. For Plaintiff to serve as a class representative, Plaintiff "must satisfy the individual standing prerequisites of the case or controversy requirement" and "must also be part of the class and possess the same interest and suffer the same injury as the class members." *Fox*, 977 F.3d at 1046 (internal quotations and citations omitted). This requirement poses a dilemma for Plaintiff since she has already received the preliminary injunctive relief the class requests, and she therefore does not suffer the same injury in fact, purportedly necessitating emergency relief. Plaintiff is simply not a member of the putative class of individuals whom she now seeks to represent.

In other contexts, both the Supreme Court and the Eleventh Circuit have applied the standing doctrine to hold that a class representative may lack standing to seek *ultimate* injunctive relief for the class, even if the representative could still seek other forms of relief, like damages. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *J.W. by and through Williams v. Birmingham Bd. Of Educ.*, 904 F.3d 1248, 1265-73 (11th Cir. 2018); *see also Tucker v. Phyfer*,

8

819 F.2d 1030, 1034 (11th Cir. 1987) ("[A] plaintiff who has standing to bring a damages claim does not automatically have standing to litigate a claim for injunctive relief arising out of the same set of operative facts."), *abrogated on other grounds as recognized in United States v. White*, 723 F. App'x 844 (11th Cir. 2018) (per curiam).  Because *preliminary* injunctive relief is distinct from *ultimate* injunctive relief—or other forms of relief—the same holds true when it comes to standing to seek preliminary injunctive relief.  *See Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996) (analyzing the differences between preliminary and ultimate injunctive relief and concluding that "[t]he two instruments are distinct forms of equitable relief that have different prerequisites and serve entirely different purposes"); *see also Fin. Info. Techs., Inc. v. iControl Sys., USA, LLC*, No. 8:17-cv-190-T-23MAP, 2018 WL 3391379, at *10 (M.D. Fla. June 12, 2018) ("Preliminary injunctions and permanent injunctions require different elements and provide different forms of relief.") (citation omitted).

For these reasons, Plaintiff lacks standing to serve as a class representative for the purpose of class-wide preliminary injunctive relief.  Accordingly, Plaintiff's request for preliminary injunctive relief in the proposed Second Amended Complaint is "subject to dismissal" for lack of standing.  *Burger King Corp.*, 169 F.3d at 1320 (citations omitted).  Therefore, the Court should not grant Plaintiff leave to amend her deficient pleading because Plaintiff does not have standing to pursue the class action she seeks to advance.  Accordingly, even a properly docketed Amended Complaint would be futile.  *Hall*, 367 F.3d at 1262-63 ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

   C.  **Plaintiff lacks standing to amend her Complaint to add additional Plaintiffs to serve as proposed class representatives for a prospective class-wide action for preliminary injunctive relief.**

Without standing to serve as a class representative on behalf of a putative class seeking nationwide preliminary injunctive relief, discussed *infra*, the current named Plaintiff may not amend her complaint to add other Plaintiffs in an effort to cure the jurisdictional defect. Binding authority established by the former Fifth Circuit and the Eleventh Circuit forecloses Plaintiff's attempt to backdoor a class-action lawsuit. And persuasive authority from district courts within the circuit helps illustrate why.

In *Summit Office Park, Inc. v. U.S. Steel Corporation*, 639 F.2d 1278 (5th Cir. Unit A 1981),[2] the named plaintiff—an indirect purchaser of building supplies—filed a putative class action alleging artificial inflation of the costs for the supplies. *Summit Office Park*, 639 F.2d at 1280. The putative class was composed of both indirect purchasers like the named plaintiff and direct purchasers. *Id.* After the complaint was filed but before certification of the class, the Supreme Court held that indirect purchasers—such as the named plaintiff—had no cause of action. *Id.* (citing *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977)). Recognizing it now lacked standing to represent the class, the named plaintiff attempted to cure the jurisdictional shortcoming by filing an amended class action complaint which named two new direct purchaser plaintiffs to represent the class. *Id.* at 1281. The district court denied plaintiff's motion, and the former Fifth Circuit affirmed. *Id.*

At the outset, the Circuit Court recognized the "liberal use of the amendment process in federal practice." *Id.* at 1282. However, because of the intervening Supreme Court decision, the

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Circuit Court found that the named plaintiff, "as an indirect purchaser of materials[,] had no standing to assert a claim against defendants." *Summit Office Park*, 639 F.2d at 1282. And "[n]o amendment could give [the named plaintiff] a cause of action." *Id*. The Circuit Court went on to explain that, "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." *Id.*; *see also id.* at 1282-83 ("Since [the named plaintiff] had no standing to assert a claim, it was without power to amend the complaint[.]"). While the Court recognized it was "clear" the two new direct purchaser plaintiffs named in the amended complaint would have standing if they brought a putative class action claim at the outset, "[s]ince there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint." *Id.* at 1282.

The Eleventh Circuit further elaborated on its standing analysis in *Jaffree v. Wallace*, 837 F.2d 1461 (11th Cir. 1988). There, the named plaintiffs filed a complaint raising First Amendment claims; however, the plaintiffs had already litigated their claim to judgment before another district court. *Jaffree*, 837 F.2d at 1464. Recognizing a potential res judicata bar, the named plaintiffs attempted to file an amended class action complaint which named new plaintiffs. *Id.* at 1465. The district court dismissed the complaint, and the named plaintiffs appealed. *Id.* Relying heavily on *Summit Office Park*, the Eleventh Circuit recognized that if the named plaintiffs' claim was barred (by res judicata) because they had already acquired the relief they were pursuing (on behalf of the putative class), then "plaintiffs were estopped from amending their complaint: 'No amendment could give plaintiffs a cause of action.'" *Id.* at 1466 (quoting *Summit Office Park*, 639 F.2d at 1282) (internal alterations omitted). After finding the named plaintiffs lacked standing to pursue

11

claims they had already litigated, the Eleventh Circuit disallowed plaintiffs' attempt to amend in order to add new plaintiffs who had not yet litigated the issue. *Id.* at 1466-69.

District courts in the Eleventh Circuit have consistently applied the circuit precedent.  In *Lawrence v. Household Bank (SB), N.A.*, 505 F. Supp. 2d 1279 (M.D. Ala. 2007), the named plaintiff filed a putative class action complaint in the Middle District of Alabama, claiming violations of the Fair Credit Billing Act and the Truth in Lending Act. *Lawrence*, 505 F. Supp. 2d at 1281.  The named plaintiff, however, was also a member of a class raising similar claims in a state court. *Id.* at 1281-82.  Before certification of the class in the federal case, the class in the state court case settled the claims, and the named plaintiff did not opt out of the settlement; therefore, the named plaintiff received the relief she was seeking (in federal court). *Id.* Recognizing that she did not have standing to pursue a prospective class action, the named plaintiff sought to amend her complaint to add new plaintiffs who were not members of the state court class, had not received relief, and who could therefore serve as class representatives—and members—of the putative class. *Id.* at 1285.

The district court first found the named plaintiff lacked standing due to res judicata. *Id.* at 1282-83.  The district court then recognized that "[c]ourts in this circuit have held that where the sole plaintiff in a case loses standing to proceed on his or her cause of action, the plaintiff also loses standing to amend the complaint to add plaintiff parties whose cause of action would survive." *Id.* at 1285 (citing *Jaffree*, 837 F.2d at 1466; *Summit Office Park*, 639 F.2d at 1282)). Consequently, the district court explained that the named plaintiff's lack of standing "leaves no party in this case with standing to . . . amend the complaint to add a new plaintiff." *Lawrence*, 505

12

F. Supp. 2d at 1286.³ Accordingly, applying the rule established in *Jaffree* and *Summit Office Park*, the district court denied the named plaintiff leave to amend.

Likewise, in *Gordon v. United States*, No. 8:11-cv-2852-T-30TGW, 2012 WL 1988711 (M.D. Fla. June 4, 2012), the named plaintiffs filed a complaint claiming the Internal Revenue Service ("IRS") failed to distribute federal income tax refunds owed to them. *Gordon*, 2012 WL 1988711, at *1. After the complaint was filed, the IRS paid the named plaintiffs their refunds, providing them the relief they sought. *Id.* Ostensibly realizing they had a standing issue on a future class action lawsuit, the named plaintiffs (1) filed an amended complaint which named a new plaintiff who also sought a refund and raised class allegations, and (2) moved to certify a class action. *Id.* The United States moved to dismiss for lack of standing. *Id.* The named plaintiffs conceded they had received the relief sought by the putative class but, citing the liberal amendment standard under Rule 15(a), argued they could add a new plaintiff to represent the putative class and cure the standing defect. *Id.*

The district court acknowledged the liberal amendment standard under Rule 15 but explained that, "when a plaintiff loses his standing to assert a claim, he does not retain standing to control the litigation by substituting new plaintiffs." *Id*. at *2 (citing *Summit Office Park*, 639 F.2d at 1282; *Lawrence*, 505 F. Supp. 2d at 1285)). Noting that the named "plaintiffs filed their motion

---

³ The district court also distinguished two cases where courts had allowed substitution of new plaintiffs in class action lawsuits. *Id.* (citing *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331 (11th Cir. 2003); *Ford v. U.S. Steel Corp.*, 638 F.2d 753 (5th Cir. 1981)). In those cases, the district courts had already certified a class, so "the question was whether to permit the plaintiff class to locate substitute named plaintiffs so that the suit could continue as a class action." *Id.* By contrast, in *Lawrence*, the district court distinguished the circumstances on the basis that "there is no class, and never was. Therefore, there is no interested party whom the court could allow to locate a substitute named plaintiff." *Id.*

13

to certify the class *after* each one of them had received their refund," the district court denied leave to amend. *Gordon*, 2012 WL 1988711, at *2 n.1 (emphasis added).

The simple takeaway from these cases is that when a plaintiff individually lacks standing to pursue a particular claim for relief, the plaintiff may not circumvent this jurisdictional impediment by attempting to bring in new parties to establish standing through amendment where no class action had previously been certified. And that makes perfect sense because, as the Circuit Court explained in *Summit Office Park*, "[s]ince there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint." *Summit Office Park*, 639 F.2d at 1282.[4]

Basic tenets of standing and civil procedure aside, this rule serves to significantly prevent, or at least curtail, class-action forum shopping. Consider the following scenario: An advocacy organization seeks to bring a largescale class action lawsuit on behalf of many thousands of individuals across the country. On the hunt for a friendly forum, certain plaintiffs who are members of this envisioned class might file individual causes of actions in different districts across the country, seeking, let's say, preliminary injunctive relief on their own behalf related to the likely class claims. Some district courts may deny the individual plaintiffs the extraordinary—and challenging—relief they seek. But not to worry. As long as one plaintiff is successful in convincing a district court to grant her a preliminary injunction, that plaintiff could then amend her complaint to name one or more plaintiffs who may serve as class representatives (assuming they have not received such preliminary relief elsewhere and have sufficient connections to the

---

[4] Other courts have reached the same conclusion. *See, e.g., LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 289-90 (3d Cir. 2021); *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455-56 (7th Cir. 2007); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 973-75, 983-84 (3d Cir. 1992).

forum district), and then move for class certification for the purpose of seeking the same preliminary injunctive relief on behalf of the nationwide class. Sneaky as it might be, this is not allowed. The original plaintiff, according to the Eleventh Circuit, having received preliminary injunctive relief, lacks standing to amend her complaint for the purpose of adding one or more Plaintiffs to serve as class representatives in order to seek the very same preliminary injunctive relief on behalf of the class.[5]

Here, Plaintiff attempts this precise strategy through her Second Amended Complaint. But Plaintiff lacks standing to pursue a class action lawsuit for preliminary injunctive relief because she has already received the precise preliminary injunctive relief she now requests on behalf of the class. *See Friends of the Earth*, 528 U.S. at 185; *Fox*, 977 F.3d at 1046; *Prado-Steiman*, 221 F.3d at 1279. That very same lack of standing prohibits Plaintiff from amending her complaint to add new named plaintiffs[6] so that they can pursue that same claim on behalf of a putative class in *this*

---

[5] This is not to say that a class action lawsuit could not be separately filed in the same district court. Of course, litigants could roll the dice and hope that the same friendly jurist is assigned to their case. But that does not detract from the fact that the rule serves to disincentivize class action forum shopping.

[6] At this stage, Defendants understand that the only issue before the Court is whether Plaintiff should be permitted to file and docket her Second Amended Class Action Complaint as an operative pleading. In particular, Plaintiff seeks to "add" "three additional plaintiff class representatives" who purportedly "received final denials of their religious accommodation requests and have not yet obtained preliminary injunctive relief." ECF No. 63-1 at 1. Her Second Amended Class Action Complaint refers to these three proposed plaintiffs as "Air Force NCO, Air Force Special Agent, and Air Force Engineer." ECF No. 63-2 at 1, ¶¶ 23-25. Their names are not disclosed in the Second Amended Class Action Complaint, but they were produced by counsel for Plaintiff to counsel for Defendants on April 1, 2022, and Defendants have begun their investigation into the individuals to learn more about their circumstances in order to evaluate the Court's personal jurisdiction over such individuals. Should the Court grant Plaintiff's Motion for Leave, Defendants expect to advance applicable Rule 12(b) defenses in opposition to that pleading, including challenges on personal jurisdiction grounds, venue, and misjoinder.

civil action. Accordingly, the Court should deny Plaintiff leave to file her Second Amended Complaint because it is futile for want of standing.

## V. Conclusion.

For the reasons set forth above, the Court should deny Plaintiff's Motion for Leave (ECF No. 63).

As consequence thereto, the Court should dismiss as moot: (1) Plaintiff's Motion to Certify Class and Appoint Class Counsel, ECF No. 57; (2) Plaintiff's Motion for Class-Wide Preliminary Injunction, ECF No. 58; (3) Plaintiffs' Supplemental Motion to Certify Class and Appoint Class Counsel, ECF No. 64; (4) Plaintiffs' Supplemental Motion for Class-Wide Preliminary Injunction, ECF No. 65; and (5) Additional Representatives' Motion for Leave to Proceed Anonymously, ECF No. 66.

Respectfully submitted, this 8th day of April, 2022.

                              PETER D. LEARY
                              UNITED STATES ATTORNEY

By:    *s/ Roger C. Grantham, Jr.*
         LANCE SIMON
         ASSISTANT UNITED STATES ATTORNEY
         Georgia Bar No. 447643
         ROGER C. GRANTHAM, JR.
         ASSISTANT UNITED STATES ATTORNEY
         Georgia Bar No. 860338
         United States Attorney's Office
         Middle District of Georgia
         P. O. Box 1702
         Macon, GA 31202
         Phone: (478) 621-2663
         Fax: (478) 621-2737
         Email: Lance.Simon@usdoj.gov
                  Roger.Grantham@usdoj.gov