UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force,<br><br>Defendants. | Case No. 5:22-cv-00009-TES |

# REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, TO ADD THREE PLAINTIFF CLASS REPRESENTATIVES, AND/OR FOR INTERVENTION

The Second Amended Complaint should be deemed filed. First, and most obviously, in their entire 16-page Opposition, Defendants offer ***no argument whatsoever*** in opposition to the Additional Representatives' **Motion for Intervention**. That Motion is thus conceded, the Additional Representatives are entitled to intervene, and the proposed pleading for which intervention is sought, the Second Amended Complaint, should be deemed filed. Given the unopposed Motion for Intervention, it is not necessary to consider the Motion for Leave to File the Second Amended Complaint and to Add the Additional Representatives.

Yet even if it were somehow necessary (which it isn't), Defendants' "futility" arguments are spurious and unsupported. Amendment is not futile. *Strawser v. Strange*, No. CIV.A. 14-0424-CG-C, 2015 WL 1243257, at *1-2 (S.D. Ala. Mar. 18, 2015). Defendants gloss over the liberal amendment standard and do not and cannot cite a single case where a plaintiff who

1

obtained a preliminary injunction could not file an amended class action complaint adding additional representatives. The cases they do cite are easily distinguishable. The Court should grant the Motion [Doc. 63].

## ARGUMENT

**A.   Defendants offer no argument whatsoever in opposition to Additional Representatives' Motion for Intervention, and the Motion is thus conceded.**

In their so-called "Opposition" to the "Motion for Leave to File Second Amended Complaint, to Add Three Plaintiff Class Representatives, and/or for **Intervention**" (Opp., p. 1), Defendants entirely ignore the arguments in support of the Motion for **Intervention**, which the three Additional Representatives filed under Rule 24. Defendants do not even mention the Motion to Intervene, other than once reciting the title of the motion document [Doc. 63] they claim to oppose. Opp., p. 1.

Therefore the Motion for Intervention is unopposed, and it is undisputed and conceded that the three Additional Representatives are entitled to intervene. *See*, *e.g.*, *O'Donnell v. Bd. of Trustees*, No. 5:15-CV-389-CAR, 2016 WL 3633348, at *2 (M.D. Ga. June 29, 2016) (arguments are conceded or abandoned if not made in opposition to motion). The pleading that sets out the claims for which intervention is sought pursuant to Rule 24(c), the Second Amended Complaint [Doc. 63-2], should be deemed filed, for this reason alone.[1]

---

[1] The motion states: "Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, Plaintiff Air Force Officer, joined by three proposed additional plaintiff class representatives ('Additional Representatives'), hereby moves for entry of an order permitting the filing of the attached Second Amended Class Action Complaint and permitting the addition of the Additional Representatives as reflected in the Second Amended Class Action Complaint. Alternatively, **pursuant to Federal Rule of Civil Procedure 24, Additional Representatives move to intervene**." [Doc. 63 at 1] (emphasis added). Additional Representatives stated further, "Pursuant to Rule 24(c), the Second Amended Class Action Complaint is the 'pleading that sets out the claim[s]… for which intervention is sought.'" [Doc. 63-1 at 4 n.3].

2

**B.    Leave to amend is "freely given," and the Second Amended Complaint is not futile, *i.e.*, "subject to dismissal."**

Even if the Second Amended Complaint is not deemed filed by Rule 24 intervention (which it should be), Air Force Officer has standing and therefore Rule 15 amendment is not futile. Defendants concede courts should "freely give leave [to amend] when justice so requires." Opp., p. 4 (quoting Rule 15(a)(2)). But they quickly set that notion aside. By challenging Air Force Officer's "standing" merely because she already obtained a preliminary injunction, Defendants attempt to bypass the liberal standard under Rule 15[2] and to prematurely attack her adequacy to represent the putative class under Rule 23(a). *Strawser*, 2015 WL 1243257, at *1-2. Defendants can address that point in response to Plaintiffs' Motion to Certify Class. *Id.* at *2. (The point will be moot though, assuming the Court deems the Second Amended Complaint filed, because that complaint adds the three Additional Representatives who have *not* already obtained a preliminary injunction.)

Even assuming Air Force Officer somehow doesn't have "standing" anymore to pursue a *preliminary injunction* as to the military's vaccine mandates under RFRA and the First Amendment, she undisputedly has standing to pursue *permanent injunctive relief and a declaratory judgment*. Defendants do not dispute that Air Force Officer at least has standing to pursue "ultimate" relief. Indeed, Air Force Officer obtained a preliminary injunction, not permanent, **final** relief. [Doc. 51; *see also* Doc. 67, Air Force Officer's opposition to motion to strike First Amended Complaint.]

Defendants overlook the applicable (and very high) futility standard: "An amendment is futile when a claim as proposed would be subject to dismissal." *Strawser*, 2015 WL 1243257, at

---

[2] Defendants also ignore Rule 21 ("On motion or on its own, the court may at any time, on just terms, add… a party.") upon which Plaintiffs also expressly seek relief. [Doc. 63 at 1][Doc. 63-1 at 1-3, 5]. Defendants make no mention of this Rule let alone try to show why it is inapplicable.

\*1 (citing *Hall v. United Ins. Co. of Am.*, 367 F .3d 1255, 1263 (11th Cir.2004), which Defendants themselves cite in their Opposition, pp. 4, 9). Defendants do not and cannot show how the Second Amended Complaint may be "subject to dismissal." In a footnote they threaten to file a Rule 12(b) motion "on personal jurisdiction grounds, venue, and misjoinder," but offer no basis for such a motion. Opp., p. 15 n.6. Defendants conspicuously cite **no authority** holding that, where a plaintiff such as Air Force Officer obtains a preliminary injunction on a portion of her claims, it is futile to add additional plaintiffs and class claims.[3]

*Strawser v. Strange* demonstrates that Air Force Officer does indeed have standing. In that case, the original plaintiffs, homosexuals seeking marriage licenses, sought and obtained a preliminary injunction for themselves individually. *Strawser v. Strange*, 44 F. Supp. 3d 1206, 1210 (S.D. Ala. 2015). They then sought leave to amend to add additional plaintiffs and class claims. *Strawser*, 2015 WL 1243257, at \*1. Defendants objected, asserting *inter alia* that the original plaintiffs already obtained injunctive relief, those plaintiffs "cannot now convert this lawsuit into a class action," and amendment would be "futile" in that "Plaintiffs have not met the requirements for class certification." *Id.* at \*1-2. The court rejected these arguments and granted leave to amend. *Id.* The court found it had no discretion to deny leave; defendants failed to provide authority "showing why this court cannot or should not allow Plaintiffs to amend their

---

[3] Yet another relevant circumstance Defendants ignore: Air Force Officer has still-viable claims for which she did *not* obtain a preliminary injunction. Specifically, Defendants do not and cannot dispute that Air Force Officer has standing to pursue her Administrative Procedure Act (APA) claim (entirety of Count III) as well her claims that the federal civilian employee vaccine mandates violate RFRA and the First Amendment (part of Counts I and II). This Court expressly did not grant any relief as to those claims. [Doc. 51 at 2 n.2, 14 n.7]. *See also Feds for Med. Freedom v. Biden*, No. 22-40043, 2022 WL 1043909 (5th Cir. Apr. 7, 2022) (5th Circuit's recent ruling vacating the nationwide preliminary injunction against the federal civilian employee vaccine mandates). Defendants tellingly do not address the APA and federal civilian employee claims in their Opposition.

4

complaint to add parties and assert class allegations;" defendants failed to show the proposed amended complaint itself was "futile," *i.e.*, "subject to dismissal;" and the court would determine in due course whether the requirements for class certification were met when it considered the motion for class certification itself, not at the stage of determining whether to grant leave to file the amended complaint. *Id.*

Likewise here, there is no reason to deny leave to amend; there is no authority showing why this Court cannot or should not allow Plaintiffs to amend their complaint to add parties and assert class allegations; Defendants fail to show the Second Amended Complaint is "futile," *i.e.*, "subject to dismissal," for lack of standing or otherwise; and this Court should determine in due course whether the requirements for class certification are met when it considers the Motion for Class Certification itself [Doc. 57], not at the present stage of determining whether to grant leave to file the Second Amended Complaint.[4]  There is no reason to deny leave here.

### C. Defendants' cases regarding addition of parties support Plaintiffs' position, not Defendants'.

Defendants strain and fail to find relevant cases favorable to them.  The cases Defendants cite are easily distinguishable and in fact support Plaintiffs' position, not Defendants'.  In *Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981), upon which Defendants heavily and primarily rely (Opp., p. 10-14), the original plaintiff critically "**never**" had standing, and she also sought to add new causes of action and substitute, and not just add, new plaintiffs. The court held "**only** that where a plaintiff **never had standing** to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by

---

[4] Moreover, the additional *Strawser* plaintiffs did not seek to intervene under Rule 24, contrary to what the Additional Representatives are doing here.  See Section A above.

**substituting new plaintiffs, a new class, and a new cause of action**." *Summit Off. Park*, 639 F.2d at 1282. (emphasis added). *Summit Office* was a "special" and "unique" case. *Id.*

In other words, *Summit Office* stands for the simple notion that a plaintiff, who "never" had standing, cannot add new causes of action that offer *him* no relief while simultaneously substituting new plaintiffs. *Id.* The case is inapplicable here because Defendants do not and cannot contend that Air Force Officer "never" had standing. Indeed, Air Force Officer undisputedly had standing to obtain a preliminary injunction and did obtain one. Also, she does not seek to add any new causes of action; and she is not substituting plaintiffs, she is seeking to add them.[5]

Numerous cases have likewise easily distinguished *Summit Office*. *See*, *e.g.*, *Delta Coal Program v. Libman*, 743 F.2d 852, 857 n.6 (11th Cir. 1984) (permitting amendment; "Appellants make much of *Summit Office Park*…. *Summit*, however, has no bearing on this case. Its holding by its terms extends 'only' to instances where a plaintiff who lacks standing to assert a claim attempts to substitute 'new plaintiffs, a new class, *and a new cause of action*,' 639 F.2d at 1282…. Here, by contrast, the operative facts and the cause of action are not changed, but only the formally named plaintiff") (emphasis in *Delta Coal*); *Mathews v. Kidder, Peabody & Co.*, 947 F. Supp. 180, 188-89 (W.D. Pa. 1996), *aff'd*, 161 F.3d 156 (3d Cir. 1998) (permitting amendment; expressly distinguishing *Summit Office*; plaintiff had standing to litigate at least some of the claims even though he "is limited in recovery," he did not seek to add new causes of

---

[5] Also, Defendants do not contend and Air Force Officer certainly does not concede, as the original plaintiff conceded in *Summit Office*, that she "no longer possesses standing under the pronouncements of [an intervening Supreme Court] decision." *Summit Off. Park*, 639 F.2d at 1281 n.6. To be clear, the Supreme Court's recent limited ruling in *Austin v. U.S. Navy SEALs 1-26*, ___ S. Ct. ___, 2022 WL 882559 (March 25, 2022) does not deny standing for any service member to seek relief. [*See* Doc. 65-1 at 1 n.1].

6

action, and he sought to add plaintiffs not substitute them); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2008 WL 4899455, at *2 (E.D. La. Nov. 12, 2008) (permitting amendment; "To be clear, Plaintiffs are **not** seeking to substitute an entire set of new plaintiffs to create **standing where none ever existed**. This is **not a situation where no plaintiff ever had standing** to assert a claim against the defendants, and thus, did not have standing to amend the complaint to substitute for a plaintiff with standing. *See Summit Office Park*....") (emphasis added); *Grand Lodge of Pennsylvania v. Peters*, 560 F. Supp.2d 1270, 1273 (M.D. Fla. 2008) (permitting amendment; expressly distinguishing *Summit Office* and adding a named plaintiff to pursue the same class claim presented by original plaintiff; "Under circumstances in which the lead plaintiffs do not possess standing to sue on all of the claims, the addition of named [plaintiffs] to assist the lead plaintiffs permits proper representation of the class."); *Royal Am. Mgmt., Inc. v. WCA Waste Corp.*, 154 F. Supp.3d 1278, 1285 (N.D. Fla. 2016) (permitting amendment; "It well may be that *Summit Office* reflects little more than the proposition that lawyers cannot use a failed lawsuit as a shell vehicle for a completely different and totally unrelated dispute."). Defendants mention none of these cases.

The other three cases Defendants rely on—*Jaffree v. Wallace*, 837 F.2d 1461 (11th Cir. 1988), *Lawrence v. Household Bank (SB), N.A.*, 505 F. Supp.2d 1279 (M.D. Ala. 2007), and *Gordon v. U.S.*, No. 8:11-cv-2852-T-30TGW, 2012 WL 1988711 (M.D. Fla. June 4, 2012)—are also easily distinguishable. In those cases, the original plaintiff(s) had already obtained **full, final** relief **on all claims** when the court considered leave to amend. *See Jaffree*, 837 F.2d at 1646-47 (plaintiffs received full, final relief in another case); *Lawrence*, 505 F. Supp.2d at 1282 (plaintiff received full, final relief in another case); *Gordon*, 2012 WL 1988711, at *1-2

7

(defendant tendered to plaintiffs and plaintiffs accepted full, final relief).[6]  Defendants do not and contend that Air Force Officer has obtained full, final relief on all claims.  They admit she has obtained only "preliminary" relief and even that relief relates to only a portion of her claims.  Opp., *e.g.*, pp. 3-4.

Again, Defendants ignore entirely the Motion for Intervention (Section A above), so the Court need not consider "futility" under Rule 15.  But even if it did, Defendants cite no cases holding that, where a plaintiff obtains a preliminary injunction on a portion of her claims, it is futile to add additional plaintiffs and class claims.  Defendants' cases, along with many other cases, support Plaintiffs' position rather than Defendants'.

**D.  Defendants should not be allowed to delay justice any longer.**

Defendants suggest that the Second Amended Complaint represents improper "forum shopping."  Opp., pp 14-15.  They are mistaken.  To date, Air Force Officer and her counsel have filed only one lawsuit related to the mandates at issue—this one.  Air Force Officer works at an Air Force base in this District.  One of the three Additional Representatives (Air Force NCO) also works at that base.  From the outset of this case, Air Force Officer has always and openly sought relief not only on her own behalf but on behalf of all others similarly situated. [*See*, *e.g.*, Doc. 1, pp. 1, 29; Doc. 2-1, pp. 7, 20; Doc. 40, p. 10].  In the interests of judicial efficiency and pursuant to the liberal pleading standards under the federal Rules, Air Force Officer, joined by

---

[6] The four other, out-of-Circuit cases Defendants list in a footnote (Opp., p. 14 n.4) are also inapplicable, because, for example, the original plaintiffs had **no viable claims whatsoever**.  *See LaSpina v. SEIU Penn. State Council*, 985 F.3d 278 (3d Cir. 2021) (as to each claim, original plaintiff never had standing or they obtained full relief); *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153 (10th Cir. 2011) (original plaintiffs never had standing); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452 (7th Cir. 2007) (original plaintiffs never had any viable claims); *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992) (original plaintiffs obtained full relief).

the Additional Representatives, seeks to add the Additional Representatives and class claims, and the Additional Representatives seek to intervene.[7]

Basic tenets of judicial efficiency, intervention, standing, and civil procedure aside, allowing the three new Plaintiffs to proceed serves to prevent, or at least curtail, the further delay of justice.  Consider the following scenario:  A branch of the government subjects thousands of citizens to the same unlawful process that violates their civil rights.  Wanting to avoid a lawsuit where the government's process itself is held to account and citizens' rights can be vindicated fairly, efficiently, and all at once, the government seeks to isolate the citizens, to address each citizen's claim individually if at all.  The government knows that not all citizens have the ability or resources to file their own individual lawsuits.  So, let's say, the government seeks to challenge joinder of parties or class-wide relief and to delay legal proceedings at all costs, ignoring dispositive arguments that don't support its position and inventing novel arguments of its own.  The government might lose some individual cases here and there where an impartial[8] jurist is assigned.  But not to worry.  The government's unlawful process grinds on, the vast majority of the citizens remain subject to it, more and more citizens face irreparable harm every day, even while the Inspector General investigates,[9] and the government continues to avoid true accountability.  Sneaky as it might be, this is not allowed.

---

[7] The remainder of this section responds in kind to Defendants' argument on pages 14-15 of their Opposition.

[8] Plaintiffs strongly object to Defendants' suggestion that the presiding jurist in this case is partial or biased, *i.e.*, "friendly" to Plaintiffs.  Opp., p. 15 n.5.

[9] See February 28, 2022 Memorandum from Inspector General of the Department of Defense, https://media.defense.gov/2022/Mar/01/2002947117/-1/-1/1/D2022-D000AW-0081.000.PDF ("The objective of this audit is to determine whether the Military Departments are processing exemption requests for the Coronavirus Disease–2019 vaccination and taking disciplinary actions for active duty Service members in accordance with Federal and DoD guidance.  We may revise the objective as the audit proceeds….").

Here, Defendants' present Opposition, based on grounds that are exceedingly tenuous (if that), reflects this precise strategy.[10] Plaintiffs have the right—under Rules 15, 21, and 24 and relevant caselaw—to proceed, and Defendants should not be permitted to delay justice any longer.

## CONCLUSION

Justice requires filing of the Second Amended Complaint. For all of the foregoing reasons, the Court should (1) grant the Motion for Leave to File Second Amended Complaint, to Add Three Plaintiff Class Representatives, and/or for Intervention [Doc. 63]; (2) enter an order deeming the Second Amended Complaint [Doc. 63-2] filed; (3) lift the temporary stay [Doc. 62]; and (4) set an ambitious briefing schedule on the Motion for Class Certification [Doc. 64] and Motion for Class-Wide Preliminary Injunction [Doc. 65].

---

[10] Defendants previously employed this strategy of delay and divert with, *e.g.*, their motion to strike Air Force Officer's First Amended Complaint [Doc. 60] and motion to stay [Doc. 61]. Defendants' present Opposition rehashes many of the same baseless arguments they made in support of their motion to strike. Plaintiffs therefore incorporate herein their opposition [Doc. 67] to that Motion. Plaintiffs note also that in *Daker v. Bryson*, No. 515CV00088-TES-CHW, 2019 WL 826474 (M.D. Ga. Feb. 21, 2019), *aff'd*, 848 F. App'x 884 (11th Cir. 2021), plaintiff filed his first amended complaint more than two and a half years after he filed his original complaint and before defendants ever filed an answer or motion to dismiss, and the court noted that it deemed the first amended complaint filed "as a matter of course, as it was required to do." *See Daker*, 2019 WL 826474, at *5; Doc. 57 and 60 and the docket report in that case; Fed. R. Civ. P. 15(a)(1)(B).

Dated: April 12, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Michael R. Hirsh, GA #357220
Hirsh Law Office, LLC
2295 Towne Lake Parkway
Suite 116-181
Woodstock, GA 30189
(678)653-9907
michael@hirsh.law

*Counsel for Plaintiffs*