IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER,**<br><br>    Plaintiff,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, et al.,<br><br>    Defendants. | Case No. 5:22-cv-00009-TES |

## MOTION TO STAY DISTRICT COURT
## PROCEEDINGS PENDING APPEAL

Defendants respectfully request that this Court stay further proceedings in this matter pending final resolution of Defendants' appeal from the Court's Opinion and Order granting Plaintiffs' motion for a preliminary injunction. *See* ECF No. 51 ("Opinion and Order"). On February 15, 2022, the Court granted Plaintiff's motion for a preliminary injunction on Plaintiff's claims under the Religious Freedom Restoration Act ("RFRA") and the First Amendment. *Id*. The Court issued an order enjoining Defendants "from enforcing the Department of Defense Military Mandate, the Air Force Military Mandate, and the Air Force Military Order against Plaintiff." *Id*. at 31. Defendants noticed their appeal of the Court's Opinion and Order on April 12, 2022. *See* ECF No. 71.

In determining whether to grant a stay, courts consider "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay

will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." *Tomco Equip. Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (citation omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Defendants respectfully suggest that a stay of proceedings pending the final resolution of Defendants' appeal will promote judicial economy and preserve the resources of the parties and this Court. Defendants' appeal implicates important legal issues that the parties and the Court will likely have to address in future proceedings, including the reviewability of core military decisions, Plaintiff's likelihood of success on her RFRA and First Amendment claims, and Plaintiff's ability to establish irreparable injury. An appellate decision on those issues (and others) will thus likely provide the Court and the parties significant aid in the ultimate resolution of this case, including in the resolution of the pending issues related to class and additional parties. *See Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (explaining that a stay may be warranted where "a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues").

Moreover, a stay is appropriate at this time. This case is still in its infancy, as "discovery is [not] complete and a trial date has [not] been set." *Tomco Equip. Co.*, 542 F.

2

Supp. 2d at 1307 (citation omitted). In addition to the appeal in the instant case, the issues surrounding Plaintiff's claims and the preliminary injunction are currently being litigated in the Eleventh Circuit, *see Navy Seal I v. Sec'y of the United States Dep't of Defense*, No. 22-10645 (11th Cir.), and have been subject to litigation before the Supreme Court, *see Austin v. U.S. Navy Seals 1-26*, 142 S. Ct. 1301 (Mem.) (2022); *Dunn v. Austin*, No. 21A599 (U.S.). By awaiting the forthcoming guidance from the appellate courts at this stage, the parties and the Court will be able to narrow the issues for discovery and final resolution.

The proposed stay is of a limited and definite duration that will not cause undue delay in the resolution of this case. This limited stay will not prejudice the sole Plaintiff in this case[1] because Defendants are currently enjoined "from enforcing the Department of Defense Military Mandate, the Air Force Military Mandate, and the Air Force Military Order against Plaintiff." Opinion and Order at 31. Nor will a stay prejudice the proposed new plaintiffs. Those individuals are not yet parties to this case, and so the Court need not consider prejudice to them. In any event, a stay will not prejudice them because nothing prevents those individuals from filing a separate lawsuit. Moreover, even if they were parties, the proposed new plaintiffs would not be prejudiced by a stay because (1) they have not exhausted their administrative remedies, and (2) they would similarly

---

[1] The current operative complaint is the First Amendment Complaint, ECF No. 56. Accordingly, Plaintiff Air Force Officer is the sole Plaintiff. Should the Court grant Plaintiff's pending motion for leave to amend the complaint and entertain briefing on class issues, Defendants reserve the right to revisit their request for a stay of the case.

3

benefit from an appellate decision—and possibly even a Supreme Court decision—on the important issues in this case.

Staying the case would also be consistent with how other courts, like the Middle District of Florida, have handled similar matters. In *Navy Seal 1 v. Biden*, for example, Judge Merryday has had a motion for class certification pending since November 12, 2021. *See Navy Seal 1 v. Biden*, 8:21-cv-2429 (M.D. Fla.), ECF No. 35. Defendants appealed Judge Merryday's order granting a preliminary injunction to the named plaintiffs on February 25, 2022, and that appeal remains pending. *See id.*, ECF No. 115. To date, Judge Merryday has granted preliminary relief only for named plaintiffs—not for any other member of the putative class or any potential intervenors. Indeed, there has been just one person who has sought to intervene as a member of the putative class, Thomas Macik, and Mr. Macik's requests to intervene and for emergency relief in the form of a TRO have been pending since February 14, 2022. *Id.*, ECF Nos. 93 and 94. One other motion recently sought emergency relief on behalf of one Plaintiff and 22 unnamed service members, ECF No. 141, but Judge Merryday has not acted on that request either.

Accordingly, Defendants respectfully request that the Court stay further district court proceedings in this matter until the parties have exhausted appellate proceedings.

Dated: April 14, 2022                                  Respectfully submitted,

PETER D. LEARY                                         BRIAN M. BOYNTON
United States Attorney                                 Principal Deputy Assistant
Middle District of Georgia                             Attorney General

4

| | |
|---|---|
| /s/ *Lance Simon* | ALEXANDER K. HAAS |
| LANCE SIMON | Director, Federal Programs Branch |
| Assistant United States Attorney | |
| Georgia Bar NO. 44764 | ANTHONY J. COPPOLINO |
| ROGER C. GRANTHAM, JR. | Deputy Director |
| Assistant United States Attorney | |
| Georgia Bar NO. 860338 | /s/ *Cassandra Snyder* |
| 300 Mulberry St., Suite 400 | ANDREW E. CARMICHAEL |
| P.O. Box 1702 | Senior Trial Counsel |
| Macon, GA 31202 | ZACHARY A. AVALLONE |
| Tel: (478) 621-2663 | CASSANDRA M. SNYDER |
| Email: lance.simon@usdoj.gov | Trial Attorneys |
|       roger.grantham@usdoj.gov | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 1100 L Street, N.W. |
| | Washington, DC 20005 |
| | Tel: (202) 451-7729 |
| | Email: cassandra.m.snyder@usdoj.gov |
| | *Counsel for Defendants* |