UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense; **FRANK KENDALL, III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br> Defendants. | Case No. 5:22-cv-00009-TES |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL

Defendants are determined to try to delay this case while they continue to purge religious service members from the military. Their present motion to stay proceedings pending their appeal of Air Force Officer's preliminary injunction, filed only after Defendants waited 56 days to file their notice of appeal, is just their latest attempt to do so. Defendants' motion would "unduly prejudice" and present a "tactical disadvantage" to Plaintiffs.[1] *Tomco Equip. Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp.2d 1303, 1307 (N.D. Ga. 2008). *See also Briggs & Stratton Corp. v. Concrete Sales & Servs., Inc.*, 166 F.R.D. 43, 47 (M.D. Ga. 1996) ("It would be inequitable and prejudicial to plaintiff's interests if the court were to stay this action for recovery of these sums until South Carolina obtains a final ruling concerning policy coverage applicable

---

[1] Herein, "Additional Representatives" refers to proposed plaintiffs and class representatives Air Force NCO, Air Force Special Agent, and Air Force Engineer; "Plaintiff" refers to Air Force Officer; and "Plaintiffs" refers to Air Force Officer and the Additional Representatives.

1

to only one party to this action."). A stay would unquestionably cause undue, prejudicial delay in Plaintiffs' attempt to secure justice for themselves and putative class members against the Air Force's categorical denial of their requests for religious accommodation from its COVID-19 vaccine mandate, including to ensure that the Air Force uses only the "*least* restrictive means" necessary to further its alleged compelling interests in achieving 100% vaccination (except for the thousands of service members with secular exemptions), in accord with the Religious Freedom Restoration Act (RFRA), 42 U.S.C. 2000bb-1(b)(2). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Defendants do not come close to satisfying that burden here.

### A. Defendants' present motion is just their latest delay tactic.

"[E]vidence of dilatory motives" is critically relevant in considering stay motions. *Advanced Micro Devices, Inc. v. LG Elecs.*, No. 14-cv-01012-SI, 2015 WL 545534, at *4 (N.D. Cal. Feb. 9, 2015). *See also Clinton*, 520 U.S. at 707-08. This Court should consider Defendants' motion in light of their other dilatory tactics including: (1) groundlessly moving to strike Plaintiff's First Amended Complaint [Doc. 60], even though Defendants now expressly concede that the First Amended Complaint is in fact the "current operative complaint" unless and until the Court deems the Second Amended Complaint filed (Motion at 3 n.1),[2] (2) obtaining a temporary stay of the case pending resolution of the motion to strike [Doc. 61, 62], (3) waiting 56 days[3] to file their notice of appeal, and (4) opposing the Motion for Leave to File the Second

---

[2] While Defendants now concede that the First Amended Complaint is the "current operative complaint," when they filed their Motion to Strike, they claimed, "it is unclear whether her original Complaint or [First] Amended Complaint is currently her operative pleading." [Doc. 61 at 3 n.1].

[3] By contrast, Defendants gave service members at most **five calendar days** to appeal the denials of their religious accommodation requests [Doc. 2-15, 65-4, 65-11, 65-18] and no further right to appeal [Doc. 2-16, 65-7, 65-13, 65-20].

Amended Complaint and to Add the Additional Representatives and/or for Intervention while offering no argument whatsoever in opposition to the Additional Representatives' Motion for Intervention under Rule 24 and offering spurious arguments in response to the Motion for Leave [*see* Doc. 72]. The Court should not grant Defendants' present motion and should not allow them to delay proceedings any further.

### B. A stay would cause severe prejudice and present a tremendous tactical disadvantage to Plaintiffs.

A stay would clearly "unduly prejudice [and] present a tactical disadvantage to the nonmovant[s]." *Tomco Equip. Co.*, 542 F. Supp.2d at 1307. It would prevent Plaintiffs from obtaining even minimal class relief in this case, potentially for years, *see Austin v. U.S. Navy Seals 1-26*, 142 S. Ct. 1301, 1304 (2022) (Alito, J., dissenting) (noting the appellate process in these cases "may take years"), while the Air Force continues to purge religious service members from its ranks[4] and issues irreparably harmful reprimands against those who are unvaccinated for religious reasons. *See, e.g.*, Doc. 65-15 at ¶ 2 (March 18, 2022 Letter of Reprimand informing Air Force Special Agent, who is already a putative class member under the First Amended Complaint: "You are hereby reprimanded!" for being "in violation of Failure to Obey an Order, Article 92, Uniform Code of Military Justice"; threatening punishment after 45 days). At least one Air Force service member (and putative class member) currently faces court-martial for declining the COVID-19 vaccine based on a religious objection.[5] Even the U.S. Solicitor General

---

[4] *Compare* https://www.af.mil/News/Article-Display/Article/2989918/daf-covid-19-statistics-apr-19-2022/ (**1,882** final denials of religious accommodation requests as of **April 18**, 2022) *with* https://www.af.mil/News/Article-Display/Article/2959594/daf-covid-19-statistics-march-2022/ (**1,502** final denials of religious accommodation requests as of **March 28**, 2022).

[5] Jessica Chasmar, *Air Force Sergeant faces court-martial over vaccine refusal in apparent 'discrimination' of Christians: lawyer*, FOX NEWS (Apr. 20, 2022), https://www.foxnews.com/politics/air-force-court-martial-covid-19-vaccine-targeted-discrimination-christians.

has not argued that formal *reprimands*, and corresponding proceedings under Article 92 of the Uniform Code of Military Justice, are valid "*least* restrictive means" under RFRA for advancing the military's interests in achieving total vaccination of service members (except for the thousands of service members with medical and administrative exemptions). *See generally* Response in Opposition to Emergency Application for Injunction Pending Appeal or for Certiorari before Judgment, U.S. Solicitor General, April 15, 2022, *Jonathan Dunn v. Austin*, 21A599 [Doc. 75-4]; *see also Singh v. McHugh*, 185 F.Supp.3d 201, 227 (D.D.C. 2016) (noting that while "in some cases, failure to follow the Army's standards might signal a rebellious streak or reflect a lack of impulse control or discipline . . . deviation from the rules" for religious reasons "flows from a very different source").

     Defendants argue a stay will not prejudice the three Additional Representatives because they could always just *file a separate lawsuit* (Motion at 3), but that is a transparent acknowledgment of their intent to present a tactical disadvantage to the Additional Representatives whose motion for intervention Defendants *do not oppose* (*see* Doc. 72 at 1-2), as well as a tactical disadvantage to the entire putative class whom the Additional Representatives seek to represent. The Additional Representatives have *already* filed their initial pleadings and moving papers in this Court (*see* Doc. 63 to 66), which Court Defendants inappropriately referred to as "friendly" to Plaintiffs. [Doc. 69 at 14, 15 n.5]. *See Kent v. Vilsak*, No. 3:21-cv-540-NJ, 2021 WL 6139523, at *3 (S.D. Ill. Nov. 10, 2021) (denying similar discretionary stay motion by U.S. Department of Justice in class action challenge to racial classifications in federal loan assistance program for socially disadvantaged farmers and ranchers, noting the "tactical disadvantage" it would impose on plaintiffs). This is the exact opposite of "promot[ing] judicial economy and preserv[ing] the resources of the parties and this Court" (Motion at 2), especially

since the Additional Representatives and putative class members are seeking relief from the consequences of the *exact same* "illusory and insincere" process this Court has *already* thoroughly considered in its earlier grant of preliminary injunctive relief in favor of Air Force Officer. *See Air Force Officer v. Austin*, No. 5:22-cv-9-TES, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022). In short, Defendants seek to cause yet more needless delay of the proceedings.

Indeed, a stay would unfairly "force[] the manner in which" the Additional Representatives (who are also current putative class members) challenge the Air Force's denial of effectively all religious exemptions to its COVID-19 vaccine mandate. *Kent*, 2021 WL 6139523, at *3. Defendants' request would further cause the Additional Representatives and putative class members to "continue to be delayed if the Court stays the case pending the" appeal in this and other cases, a well-recognized tactical disadvantage. *Id.*

Notably, Defendants nowhere promise *not* to proceed with formal reprimands or other irreparable punitive measures against Air Force Special Agent or any other putative class member in the meantime, notwithstanding the clearest command of RFRA to impose only the *least* restrictive means of achieving, here, total vaccination in the Air Force (except for the thousands of secular exemptions already granted and the blanket exemption for clinical-trial participants). It is more difficult to enjoin such unlawful conduct after it occurs. "Mandatory" injunctions that require undoing the consequences of unlawful conduct are generally "disfavored" and require that "the facts and law clearly favor the moving party," as opposed to "prohibitory" injunctions that merely "restrain" Defendants from taking illegal action. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 n.2 (11th Cir. 1998). *See also Poffenbarger v. Kendall*, No. 3:22-CV-1, 2022 WL 594810, at *20 (S.D. Ohio Feb. 28, 2022) (issuing preliminary injunction in favor of plaintiff but expressly declining to order revocation of

Letter of Reprimand or remove plaintiff from "no pay / no points" status). Staying proceedings here may subject the putative class and Additional Representatives to consequences requiring "disfavored" mandatory injunctions in the future, instead of granting a prohibitory injunction now before these service members suffer such non-least-restrictive punishments.

To be clear, depending on when the Court issues class-wide relief (if it issues such relief), a mandatory injunction may be necessary to some extent with respect to some service members—if, for example, they need to be reinstated or Letters of Reprimand must be revoked—in which case the Court can and should issue such relief. But the higher the number of service members requiring mandatory injunctive relief, the higher the potential for prejudice. *McDonald's*, 147 F.3d at 1306; *Poffenbarger*, 2022 WL 594810, at *20.

### C. The Additional Representatives have exhausted their administrative remedies.

Defendants groundlessly assert that a stay would not unduly prejudice the Additional Representatives because they have supposedly "not exhausted their administrative remedies" (Motion at 3). They do not and cannot offer any basis for this assertion. All three Additional Representatives undisputedly have received *final* denials of their requests for religious accommodations [Doc. 65-7, 65-13, 65-20]. This Court has already determined that receipt of such a final denial constitutes an exhaustion of administrative remedies. *Air Force Officer*, 2022 WL 468799, at *6.

### D. Other courts considering military vaccine mandate issues have not granted stays.

Defendants also argue that staying the case would be "consistent with how other courts . . . have handled similar matters" (Motion at 4, emphasis added), but they point *only* to the Middle District of Florida's *non*-action to date on military service members' motion for class-wide relief, and on two recent requests for emergency relief, in *Navy Seal 1 v. Biden*, 8:21-cv-2429 (M.D.

6

Fla.). That is a far cry from an affirmative, potentially years-long, *stay of all proceedings* in a case, especially considering that the Middle District of Florida is the same court that recently declared that "the military is most likely unable to establish . . . that permitting the relatively small number of RFRA objectors, *even if every request for exemption* . . . were sincere and successful, to serve without adverse consequences to their standing and the terms and conditions of their service will adversely affect the public's interest in the maintenance and readiness of the nation's military forces." *Navy Seal 1*, No. 8:21-cv-2429, 2022 WL 483832, at *4 (M.D. Fla. Feb. 2, 2022) (emphasis added). Tellingly, Defendants point to *no other district court* that has granted a similar discretionary stay of proceedings in a military service member's challenge to the denial of a religious exemption request from the military's COVID-19 vaccine mandate.

      **E.**      **A stay would not "simplify the issues."**

Awaiting the results of appeals in this and other cases will not "simplify the issues" in this Court, *Tomco Equip. Co.*, 542 F. Supp.2d at 1307, because Plaintiffs raise already narrow religion-based challenges under RFRA and the First Amendment. The issues would be simplified if this Court ruled on class-wide relief, and did so in the near future, allowing the losing parties to appeal and the Court of Appeals to consider Air Force Officer's individual relief together with related class-wide relief issues.

Further, Plaintiffs' challenge to the mandates under the Administrative Procedure Act, for example, is not at issue in Defendants' pending appeals in this or (to Plaintiffs' knowledge) any other military vaccine cases. *See Air Force Officer*, 2022 WL 468799, at *6 n.7 (refraining from ruling on APA claim given the likelihood of success on the religion claims). Thus, Defendants' appeal in this or other cases will not have a substantial or controlling effect on all the claims and

issues here. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

      **F.**     ***Dunn v. Austin* does not justify a stay.**

To the extent Defendants suggest the Supreme Court's recent summary denial of emergency injunctive relief in *Dunn v. Austin*, 21A599 (April 18, 2022), somehow justifies staying proceedings in this case, Defendants are mistaken. Notably, Lt. Col. Jonathan Dunn's application for an injunction pursuant to the All Writs Act [Doc. 75-3 at ii, 8] "demand[ed] a significantly higher justification than a request for a stay" and should be granted "sparingly and only in the most critical and exigent circumstances." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring) (internal quotes omitted). And it is well settled that Supreme Court denials of *stay* applications "cannot have precedential or persuasive effect,"[6] since they are "not [] decision[s] on the merits of the underlying legal issues." *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 960 (2009). The same is *a fortiori* true of denials of even more rare emergency injunctions under the All Writs Act. *Accord Does 1-3 v. Mills*, 142 S. Ct. 17, 18 (2021) (Barrett, J., concurring) (noting agreement with denial of All Writs Act injunction as "a discretionary judgment about whether the Court should grant review in the case," separate and apart from "an assessment of the underlying merits," in part given the request to grant relief is "on a short fuse without the benefit of full briefing and oral argument").[7] While Plaintiffs supported Lt. Col. Dunn's application [Doc. 75-2], its summary

---

[6] McFadden and Kapoor, *The Precedential Effect of the Supreme Court's Emergency Stays*, 44 Harv. J. Law and Public Pol'y 827, 849-50 (Summer 2021).

[7] Further, the Solicitor General argued that an emergency injunction was especially inappropriate in the individual case of *Dunn* because Lt. Col. Dunn engaged in a "shocking lack of military decorum" by responding to the denial of his religious exemption request with a memo stating "NUTS!," which was arguably the equivalent of saying "Go to hell," *and* because the arguably

8

denial was not surprising and is certainly not precedential or indicative of how the Supreme Court would ultimately rule on the merits in this case.

### G.   Conclusion.

For all of these reasons, Defendants should not be permitted to delay justice any longer. The Court should deny Defendants' motion to stay proceedings in this case.

---

*political* nature of his religious objection "underscore[d]" his lack of "clear entitlement to relief." [Doc. 75-4 at 11 n.1, 20, 38]. None of those circumstances are present here.

Dated: April 22, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*  
THOMAS MORE SOCIETY – Senior Counsel  
PO Box 4506  
Tupelo, MS 38803  
(662)255-9439  
scrampton@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*  
Hochschild Law Firm  
THOMAS MORE SOCIETY – Special Counsel  
PO Box 401  
Plainfield, VT 05667  
(314)503-0326  
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*  
THOMAS MORE SOCIETY – Special Counsel  
112 S. Hanley Rd., Second Floor  
Clayton, MO 63105  
(314)825-5725  
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*  
THOMAS MORE SOCIETY – Counsel  
10506 Burt Circle, Ste. 110  
Omaha, NE 68114  
(402)501-8586  
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*  
LiMandri & Jonna LLP  
THOMAS MORE SOCIETY – Special Counsel  
P.O. Box 9520  
Rancho Santa Fe, CA 92067  
(858)759-994  
pjonna@limandri.com

Michael R. Hirsh, GA #357220  
Hirsh Law Office, LLC  
2295 Towne Lake Parkway  
Suite 116-181  
Woodstock, GA 30189  
(678)653-9907  
michael@hirsh.law

*Counsel for Plaintiffs*