IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, *individually and in his official capacity as Secretary of Defense;*<br><br>**FRANK KENDALL, III**, *individually and his official capacity as Secretary of the Air Force;* and<br><br>**ROBERT I. MILLER**, *individually and his official capacity as Surgeon General of the Air Force,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:22-cv-00009-TES** |

**OMNIBUS ORDER**

On February 15, 2022, the Court granted Plaintiff, a United States Air Force officer, a preliminary injunction preventing the United States Air Force from taking any adverse action against her for refusing to receive the COVID-19 vaccine. [Doc. 51]. The Court issued the injunction because it found that the Air Force's blanket vaccine mandate and legally lacking religious accommodation program likely violated her rights under the First Amendment and the Religious Freedom Restoration Act. [*Id.*]. The Court did not require the Air Force to grant Plaintiff any specific religious accommodation; rather, it merely ruled—preliminarily, mind you—that the military could not enforce its mandatory vaccination requirement against her. Based on that

ruling, Plaintiff subsequently filed her First Amended Complaint to transform this single-plaintiff lawsuit into a class action. [Doc. 56]. Defendants have moved to strike this amended complaint because Plaintiff didn't receive their written consent or the Court's leave. [Doc. 60]. Plaintiff responds by saying that she doesn't need their written consent or the Court's leave because she has the right to amend as a matter of course. [Doc. 67, pp. 2–3]. Not long after filing her First Amended Complaint, Plaintiff filed a Motion for Leave to File Second Amended Complaint. [Doc. 63]. Naturally, at this juncture, the Court has to decide which one is operative: Plaintiff's original Complaint, her First Amended Complaint, or her Second Amended Class Action Complaint.

### A.   Plaintiff's Operative Complaint

Defendants have moved to strike Plaintiff's First Amended Complaint, and their motion is but one of ten pending motions.[1] Resolving the Rule 15-based issues surrounding Plaintiff's amendments to her Complaint clears the path for a much more effective resolution of the remaining nine. With Rule 15 front and center in the parties' arguments, what does it say? More importantly, what does it do?

Rule 15 provides two ways for parties in federal court to amend a pleading before trial. One way is by amending as a matter of course under Rule 15(a)(1). A party can amend a pleading "once as a matter of course" (or right) during either of two

---

[1] Technically, there are eight motions pending, but two of them—an original and supplemental motion—seek two forms of relief: (1) to certify a class and (2) to appoint class counsel. *See, e.g.*, [Doc. 57]; [Doc. 64].

distinct and separate periods: (1) within 21 days of serving it or (2) within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(A)–(B). Other than amendments "as a matter of course," the second and *only* other way to amend a pleading before trial comes from the "other amendments" provision found in Rule 15(a)(2). That provision says, "*[i]n all other cases*, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

The obvious starting point under a "matter of course" amendment is to determine which one of the two "service" dates apply to kickstart the 21-day periods. Plaintiff successfully served each Defendant on January 7, 2022. *See, e.g.*, [Doc. 14]; [Doc. 17]; [Doc. 20]. When you exclude the day that triggered Rule 15(a)(1)'s first 21-day period—the date of service—it started on January 8, 2022. *See* Fed. R. Civ. P. 6(a)(1)(A). So, to amend her pleading "as a matter of course" within 21 days of serving it, Plaintiff—applying Rule 6(a)(1)(C)—had until January 31, 2022, to do so. Thus, according to Defendants, Plaintiff's First Amended Complaint filed on February 28, 2022, fell outside the 21-day period in Rule 15(a)(1)(A). [Doc. 60-1, p. 4]. But what about the 21-day period under Rule 15(a)(1)(B)? This 21-day period starts when a plaintiff's opponent serves a responsive pleading or motion under Rule 12(b), (e), or (f). In this case, Defendants have yet to file any responsive pleading or one of the designated Rule

12(b) motions, so they contend that Plaintiff's First Amended Complaint filed on February 28, 2022, isn't properly filed under Rule 15(a)(1)(B) either. [*Id.*].

Continuing their line of reasoning, Defendants argue that since Rule 15(a)(1) doesn't apply, all Plaintiff is left with is the "other amendments" provision under Rule 15(a)(2). However, Defendants argue that because Plaintiff failed to obtain either their written consent or "the court's leave," she didn't comply with Rule 15(a)(2) so that her First Amended Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f). [Doc. 60-1, pp. 1, 4].

The Court would likely be hard-pressed to find an interpretation of Rule 15 that differs from Defendants'. Their interpretation presents a textualist reading of Rule 15, but Plaintiff disagrees with it. She argues that binding Eleventh Circuit precedent allows for some other amendment period "so long as no responsive pleading has been filed." [Doc. 67, p. 3 (citing *Coventry First LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam))]. But such an amendment period simply isn't in the plain text of Rule 15. Relying on *Coventry First*, Plaintiff argues that under Rule 15, she "has the absolute right to file a first amended complaint 'as a matter of course' before [D]efendants respond to [her] original complaint." [Doc. 67, p. 2]. In other words, Plaintiff takes the position that she had the right to file the First Amended Complaint "any time before" Defendants filed a responsive pleading or appropriate Rule 12(b) motion. On top of that argument, Plaintiff tries to defeat Defendants' attempt to strike

4

her First Amended Complaint on the basis that their use of Rule 12(f) isn't at all proper. [*Id.* at pp. 3–4].

On the Rule-15 issue, Plaintiff cites to a couple of unreported Eleventh Circuit cases that support her position, but *Coventry First*, a reported Eleventh Circuit case from 2010—just after the 2009 Amendment to Rule 15—seems to lend the most support that her interpretation of Rule 15 may be right. *See* [*id.* at pp. 2–3]. In *Coventry First*, the Eleventh Circuit held that Rule 15(a) "gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed." 605 F.3d at 865. Applying *Coventry First*, it would appear that because Plaintiff "ha[s] not previously amended [her] [C]omplaint and [Defendants] ha[ve] not filed a responsive pleading[,]" Rule 15(a) allows her to "amend [her] [C]omplaint as a matter of course." *Id.* But, because Plaintiff has ultimately sought leave to amend under Rule 15(a)(2), the Court doesn't have to decide whose interpretation of Rule 15 wins the day.[2]

Plaintiff's leave-seeking motion is styled as a "Motion for Leave to File Second Amended Complaint"; thus, looking at just the title of her motion, she obviously wants her Second Amended Class Action Complaint to be the operative complaint at the end of the day. *See* [Doc. 63]. Whether she amends her First Amended Complaint or her

---

[2] Be it in this case or another one that squarely presents the issue, the Eleventh Circuit can decide whether its current interpretation of Rule 15—that a party can amend "once as a matter of course," notwithstanding the two distinct 21-day periods, "so long as no responsive pleading has been filed"—will remain as binding precedent given the rule's plain text. *Coventry First*, 605 F.3d at 869.

5

original Complaint (if the Court struck her First Amended Complaint) really doesn't matter. What does matter is that she has properly asked the Court for permission to file a new amended complaint, and the Court will consider that request.

Plaintiff's original Complaint named just her as the sole plaintiff. *See generally* [Doc. 1]. Her First Amended Complaint differed in that she clearly asked for the Court to certify a class (that she would represent) "on behalf herself and all others similarly situated." [Doc. 56, p. 1]. Her Second Amended Class Action Complaint, however, asks that three additional plaintiffs be allowed to join—"Air Force NCO," "Air Force Special Agent," and "Air Force Engineer"—and she now asks that all four of them serve as class representatives of the putative class consisting of "themselves and all others similarly situated." [Doc. 63-2, p. 1]. Again, regardless of whether the First Amended Complaint ever controlled, Plaintiff undeniably wants the Second Amended Class Action Complaint to be the pleading that controls in this case.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). With respect to "when justice so requires," Defendants urge the Court to deny Plaintiff leave to amend on the slightly misguided notion that she "lacks standing to serve as a representative of the putative class" since the Court "has already granted her the precise remedy she seeks." [Doc. 60-1, p. 5]. Stated simply, Defendants argue that Plaintiff's amendment would prove futile since she "does not suffer the same injury" as those she seeks to add, after the fact, as other

6

class representatives. [*Id.* at pp. 5, 8]. But that's not really the case, is it? Contrary to Defendants' argument that "Plaintiff has already litigated this matter on behalf of herself and has received the relief requested[,]" she really hasn't and may not. [*Id.* at p. 7]. As the Court mentioned above, it only preliminarily ruled that the military could not enforce its mandatory vaccination requirement against her. Thus, unlike *permanent* injunctions, the existing *preliminary* injunction awarded in Plaintiff's favor is, in no way, a final award. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1298 (11th Cir. 2022) (W. Pryor, C.J., concurring). In any event, Defendants' standing arguments are better suited for briefing regarding class certification as opposed to inclusion in a motion to strike an entire pleading.

This case is still in its very early stages. *Cf.* [Doc. 74, p. 2 (noting Defendants' admission that "[t]his case is still in its infancy.")]. And while there isn't—nor do Defendants argue that there is—any bad faith or dilatory motive on Plaintiff's behalf in seeking leave to amend now, it seems highly unlikely that undue prejudice would befall Defendants if the Court granted Plaintiff the leave she now *properly* seeks. [Doc. 60-1, p. 5 (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009))]. Based on that and the above-stated reasons, the Court **GRANTS** Plaintiff leave so that she may file her "Second Amended Class Action Complaint." Only upon its re-filing (not as an exhibit attached to her motion) will it render her Complaint [Doc. 1] and First Amended Complaint [Doc. 56] (to the extent the latter ever

7

controlled) no longer operative. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[,] and it is no longer a part of the pleader's averments against his adversary.").[3] In light of the Court's freely given leave, it need not consider Plaintiff's discontent with Defendants' use of Rule 12(f) as a means to strike her First Amended Complaint, *see* [Doc. 67, pp. 3–4], and the Court **DENIES** their Motion to Strike [Doc. 60] **as moot**.

### B.    Briefing Schedule

Even though Defendants filed a Motion to Stay District Court Proceedings Pending Appeal [Doc. 74] of the Court's grant of a preliminary injunction, the Court exercises its discretion and **DENIES** their motion so that its preliminarily granted relief can remain intact.

First and foremost, the Court has the inherent power to control its docket by staying or not staying proceedings. *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (citations omitted). In determining whether a stay should be granted, courts consider "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in

---

[3] Given that Plaintiff's Second Amended Class Action Complaint will supersede her former pleading, her Motion to Certify Class and Appoint Counsel [Doc. 57] and Motion for Class-Wide Preliminary Injunction [Doc. 58] have to be **DENIED as moot**. As such, any declarations or arguments used to support either of those motions should be included in Plaintiffs' new motions for class certification and appointment of class counsel, to the extent they elect to take this course of action.

the case; and (3) whether discovery is complete and a trial date has been set." *Id.*; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

The delay presented by Defendants' appeal of the Court's grant of a preliminary injunction could potentially span several years, *see Austin v. U.S. Navy Seals 1–26*, 142 S. Ct. 1301, 1304 (2022) (Alito, J., dissenting), and the Court sees no reason why the class representatives whom Plaintiff adds via her Second Amended Class Action Complaint should not be able to obtain the preliminary relief she has been awarded—if they can independently meet the requirements for such relief. In exercising the discretion afforded to it, the Court will allow the case to proceed especially given the motion before the Court seeking class certification for similarly situated individuals. If the putative class is certified (or if other courts certify classes that are ultimately consolidated into multi-district litigation proceedings), all of the plaintiffs will be on the same footing, and their claims can ultimately be heard together. Plus, the Eleventh Circuit could always choose to stay this case as well as the current preliminary injunction while Defendants pursue their appeal.

Accordingly, the Court **LIFTS** its previously imposed **STAY** [Doc. 62] related to briefing for the motions listed below, and it **ORDERS** the following briefing schedule:

- Regarding Plaintiffs' Supplemental Motion to Certify Class and Appoint Class Counsel [Doc. 64], their Supplemental Motion for Class-Wide Preliminary Injunction [Doc. 65], and the Court's ruling on Plaintiff's original class-certification/appointment-of-class-counsel motion and class-wide preliminary injunction motion, *see* n.3, *supra*, Plaintiffs may (if they choose to do so) merge the arguments contained in Plaintiff's original and their supplemental class-certification, appointment-of-class-counsel, and class-wide preliminary injunction motions into new, consolidated motions by ***May 12, 2022***.[4] In other words, Plaintiffs may merge the contents from Plaintiff's Motion to Certify Class and Appoint Counsel [Doc. 57] and her Motion for Class-Wide Preliminary Injunction [Doc. 58] *with* their Supplemental Motion to Certify Class and Appoint Class Counsel [Doc. 64] and Supplemental Motion for Class-Wide Preliminary Injunction [Doc. 65], so that the Court doesn't have to cull multiple documents to ensure that it has considered all of the pertinent arguments.
- Defendants shall have ***21 days*** to respond to both motions.
- Plaintiffs shall have ***14 days*** to reply to Defendants' responses.[5]

---

[4] Should Plaintiffs choose to amend their class-certification motion, appointment-of-class-counsel motion, and class-wide preliminary injunction motion, the Court will (upon filing) terminate Plaintiffs' Supplemental Motion to Certify Class and Appoint Class Counsel [Doc. 64] and their Supplemental Motion for Class-Wide Preliminary Injunction [Doc. 65] as moot.

[5] Should either party need additional pages, they must comply with Local Rule 7.4.

### C. Leave to Proceed Anonymously

As to this case's original plaintiff, the Court previously granted her leave to proceed anonymously. [Doc. 52]. The additional representatives named in the Second Amended Class Action Complaint seek that same leave. [Doc. 66]. Given that Defendants "take no position" on whether the additional representatives should be allowed to proceed anonymously, the Court sees no reason to treat them any differently. [Doc. 66-1, p. 1 n.1]. Thus, the Court **GRANTS** the Additional Representatives' Motion for Leave to Proceed Anonymously [Doc. 66].

### D. Conclusion

Consistent with the above-stated rulings, the Court **ORDERS** as follows:

(1) Plaintiff's leave [Doc. 63] to file her Second Amended Class Action Complaint pursuant to Rule 15(a)(2) is **GRANTED**.

(2) Defendants' Motion to Strike [Doc. 60] Plaintiff's First Amended Complaint is **DENIED as moot**.

(3) Defendants' Motion to Stay District Court Proceedings Pending Appeal [Doc. 74] is **DENIED**, and the briefing **STAY** previously imposed [Doc. 62] is **LIFTED**.

(4) Plaintiff's Motion to Certify Class and Appoint Counsel [Doc. 57] and Motion for Class-Wide Preliminary Injunction [Doc. 58] are **DENIED as moot**.

(5) Plaintiffs may merge the arguments contained in their original and supplemental class-certification motions, appointment-of-class-counsel motions, and class-wide preliminary injunction motions into a new, single motion, but they must do so by *May 12, 2022*. The Court's regular briefing schedule shall follow. *See* LR 7.2, 7.3 MDGa.

(6)   The Additional Representatives' Motion for Leave to Proceed Anonymously [Doc. 66] is **GRANTED**.

**SO ORDERED**, this 27th day of April, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
