UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, **AIR FORCE NCO**, **AIR FORCE SPECIAL AGENT**, and **AIR FORCE ENGINEER**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense; **FRANK KENDALL, III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br> Defendants. | Case No. 5:22-cv-00009-TES |

### PLAINTIFFS' MOTIONS TO CERTIFY CLASS, TO APPOINT CLASS COUNSEL, AND FOR CLASS-WIDE PRELIMINARY INJUNCTION

Pursuant to Federal Rules of Civil Procedure 23 and 65, Plaintiffs Air Force Officer, Air Force NCO, Air Force Special Agent, and Air Force Engineer (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby move **(1)** to certify a class (the "Class"), under Rule 23(b)(2), consisting of all members of the United States Air Force who (a) are subject to a mandate of the Department of Defense or Air Force to receive a COVID-19 vaccine, (b) submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief, and (c) have received or will receive a final denial of such request from the Department of Defense or Air Force; **(2)** for appointment of Plaintiffs' counsel as Class counsel, under Rule 23(g); and **(3)** for entry of a Class-wide preliminary injunction, under Rule 65, enjoining Defendants from enforcing certain COVID-19 vaccine mandates—specifically,

1

Department of Defense's August 24, 2021 Order and Department of Air Force's September 3, 2021 Order (collectively, the "Mandates")[1]—against Air Force NCO, Air Force Special Agent, Air Force Engineer, or any member of the Class,[2] and enjoining Defendants from taking any adverse action against Air Force NCO, Air Force Special Agent, Air Force Engineer, or any member of the Class on the basis of this lawsuit or of any Plaintiff's or Class member's request for religious accommodation related to the Mandates.[3]

**1.** The Court should certify the Class because the Class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Class, Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately protect the interest of the Class. Fed. R. Civ. P. 23(a)(1)-(4). In its February 15, 2022 Order [Doc. 51, p. 25] granting Air Force Officer's Motion for Preliminary Injunction [Doc. 2], the Court "easily" found that "the Air Force's process to protect religious rights is both illusory and insincere." Defendants have therefore acted or refused to act on grounds that apply generally to the Class, so

---

[1] Plaintiff Air Force Officer, on behalf of herself and all others similarly situated, also seeks relief as to certain federal civilian employee COVID-19 vaccine mandates—specifically, President Biden's September 9, 2021 Executive Order 14043, Department of Defense's October 1, 2021 Order, and Department of Air Force's October 8, 2021 Order. *See* Second Amended Class Action Complaint. However, those mandates are preliminarily enjoined pursuant to another court's order, *Feds. for Med. Freedom v. Biden*, --- F. Supp. 3d. ----, 2022 WL 188329, at *8 (S.D. Tex. Jan. 21, 2022). *See* February 15 Injunction [Doc. 51], p. 2 n.2. A panel of the Fifth Circuit Court of Appeals issued a ruling reversing the injunction order, but the mandate is not due to issue until the May 31, 2022, so the injunction remains in place. Therefore, the present motions do not seek relief as to those federal civilian employee mandates. Plaintiff Air Force Officer reserves the right to pursue such relief in the future if and as appropriate.

[2] The Class includes Plaintiffs. The Court has already granted a preliminary injunction in favor of Plaintiff Air Force Officer individually. [Doc. 51].

[3] Plaintiffs, on behalf of themselves and all others similarly situated, also seek relief as to Defendants' violation of the Administrative Procedure Act. *See* Second Amended Class Action Complaint, Count III. The present motions do not seek relief as to this claim. Plaintiffs reserve the right to pursue such relief in the future if and as appropriate.

that preliminary and final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole. Fed. R. Civ. P. 23(b)(2).

**2.** The Court should appoint Plaintiffs' counsel as Class counsel because they are qualified to and will diligently prosecute this action and will fairly and adequately represent the interests of the Class.

**3.** The Court should enter a Class-wide injunction because the Class is likely to succeed on the merits of its Religious Freedom Restoration Act (RFRA) and First Amendment claims, just as the Court found Air Force Officer was individually; the thousands of Class members face irreparable harm in the absence of an injunction, just as Air Force Officer did; consistent with the Court's initial preliminary injunction, the balance of hardships weighs in the Class's favor; and a Class-wide injunction would not be adverse to the public interest.

Plaintiffs further rely on and incorporate the Memorandum in Support of the present motions filed simultaneously herewith, the declarations in support of these motions and exhibits thereto filed simultaneously herewith, Air Force Officer's briefing and the declarations in support of her original Motion for Preliminary Injunction and exhibits thereto [including Doc. 2, 2-1 to 2-17, 40, 40-1, 40-2, 41, 41-1, and 45], and the Second Amended Class Action Complaint [Doc. 84].

WHEREFORE, Plaintiffs request that the Court enter an order (1) certifying a Class consisting of all members of the United States Air Force who (a) are subject to a mandate of the Department of Defense or Air Force to receive a COVID-19 vaccine, (b) submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief, and (c) have received or will receive a final denial of such request from the Department of Defense or Air Force; (2) appointing Plaintiffs' counsel as Class counsel; (3) enjoining Defendants from

enforcing the Mandates against Air Force NCO, Air Force Special Agent, Air Force Engineer, or any member of the Class, and enjoining Defendants from taking any adverse action against Air Force NCO, Air Force Special Agent, Air Force Engineer, or any member of the Class on the basis of this lawsuit or of any Plaintiff's or Class member's request for religious accommodation related to the Mandates; and (4) granting Plaintiffs and the Class such other and further relief as the Court deems just and proper.

Dated: May 3, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

| | |
|---|---|
| Stephen Crampton, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>PO Box 4506<br>Tupelo, MS 38803<br>(662)255-9439<br>scrampton@thomasmoresociety.org | Michael R. Hirsh, GA #357220<br>Hirsh Law Office, LLC<br>2295 Towne Lake Parkway<br>Suite 116-181<br>Woodstock, GA 30189<br>(678)653-9907<br>michael@hirsh.law |

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

*Counsel for Plaintiffs*