UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, **AIR FORCE NCO**, **AIR FORCE SPECIAL AGENT**, and **AIR FORCE ENGINEER**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br>v. <br><br>**LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br> Defendants. | Case No. 5:22-cv-00009-TES |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY**

Defendants filed a notice of another court's order, *Knick v. Austin*, No. 1:22-cv-01267, WL 2157066 (D.D.C. June 15, 2022), following precedent from the same district, denying a service member's motion for preliminary injunction. [Doc. 110 & 110-1].[1] They argue that it supports their Motion to Dismiss and opposition to the Motions for Class-Wide Relief here. [Doc. 110]. *Knick*, like *Church* before it, was wrongly decided and is distinguishable besides. It is fundamentally inconsistent with this Court's February 15, 2022 preliminary injunction order [Doc. 51], which Defendants

---

[1] *See id.* at 4 (citing *Church v. Biden*, No. 21-cv-2815, 2021 WL 5179215 (D.D.C. Nov. 8, 2021) (Kollar-Kotelly, J.) and two subsequent rulings by the same judge, observing that the plaintiff in *Knick* raised "virtually identical arguments" as were raised in those three prior cases, and therefore adopting the reasoning of those three cases). Accordingly, *Knick* is simply a regurgitation of *Church v. Biden* which the parties have already addressed [*see* Doc. 101 at 18]; it adds nothing new here.

1

continue to steadfastly ignore. The *Knick* court also misapprehended facts and law related to, for example, the blanket clinical-trial-participant exemption and natural immunity.

**This Court's preliminary injunction order.** Tellingly, the *Knick* order, like most of Defendants' briefing,[2] makes no mention of the February 15 preliminary injunction order entered in this case [Doc. 51][3] and is inconsistent with it in numerous respects, including in the two courts' respective analyses of religious vs. secular exemptions and of irreparable harm. Contrary to this Court's findings, the *Knick* court failed, for example, to recognize the "illusory and insincere" religious accommodation process and the irreparable harm that service members face under the "monumental pressure" of being forced to choose between their sincerely held religious beliefs and their livelihoods.

**Blanket clinical-trial-participant exemption.** The *Knick* court wrongly relied on Defendants' speculative and inaccurate statements regarding the blanket clinical-trial-participant exemption. For example, citing a portion of Defendants' May 27 brief in that case, the *Knick* order states: "Any given clinical trial participant… *may* in fact be vaccinated and this argument is potentially a red herring anyway as there *may be no such participants* in the Air Force at all." [Doc. 110-1 at 7-8 (emphasis added)]. These possibilities are speculative and thus cannot survive strict scrutiny.

---

[2] In fact, the *Knick* court took plaintiff to task for doing just what Defendants have done here: "not engag[ing] with the reasoning in the Prior Opinion[] nor offer[ing] a compelling reason to rule differently." [Doc. 110-1 at 5].

[3] The *Knick* court noted that Captain Knick did not address other supposedly related cases denying other service member's requests for injunctions [Doc. 110-1 at 5 n.5], and yet the *Knick* court itself did not mention the February 15 preliminary injunction order entered in this case (the first-in-the-nation Air Force COVID-19 vaccine injunction), or any of the several other orders granting or upholding COVID-19 vaccine injunctions against the Air Force or other branches of the military, *e.g.*, *Navy Seal 1 v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2022 WL 534459 (M.D. Fla. Feb. 18, 2022); *Navy Seal 1 v. Austin*, Doc. 173 (M.D. Fla. Apr. 21, 2022); *Doster v. Kendall*, No. 1:22-cv-00084-MWM, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022); *Poffenbarger v. Kendall*, No. 3:21-cv-1, 2022 WL 594810 (S.D. Ohio Feb. 28, 2022); *U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-CV-01236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022); *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022); *U.S. Navy SEALs 1-26 v. Austin*, 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022).

[*See* Doc. 104 at 14].[4] The statement that there "may be no such participants" is also false; in this case, Defendants expressly **admitted** on May 24 that "**[s]ome** administrative exemptions **are**… **granted** to service members who are actively participating in COVID-19 vaccine **clinical trials**." [Doc. 98 at 12 n.6 (emphasis added)]. [*See* Doc. 104 at 6; Doc. 88-1 at 15].

**Natural immunity.** Unlike the four named Plaintiffs in this case, Captain Knick does not have proof of his own natural immunity [Doc. 110-1 at 8-9]. Natural immunity is relevant to all of Plaintiffs' claims here.[5] The *Knick* court also accepted Defendants' claim that the extent of natural-immunity protection is not "clear" [Doc. 110-1 at 9-11] while ignoring Defendants' failure to show that the extent of **vaccine** protection **is** clear, let alone clear relative to natural-immunity protection. [*See* 101 at 21-22].[6]

---

[4] As these statements imply and as shown by the opinion throughout, *Knick* also improperly placed the burden on plaintiff to disprove—rather than on defendants to prove—that the government asserts a compelling interest and that the vaccine mandate is the least restrictive means of furthering it. *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006).

[5] To be clear, class membership is not limited to those with natural immunity; the class consists of *all* victims of the same illusory and insincere process by which Defendants systemically fail to provide the requisite "to the person" assessment. [*See* Doc. 88-1 at 9-10; Doc. 104 at 8].

[6] Nor did the *Knick* court discuss the existence or absence of vaccine-safety risks (*e.g.*, myocarditis, blood clotting, miscarriage, infertility, etc.). [*See* Doc. 104 at 18 n.7].

3

Dated: June 21, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

| | |
|---|---|
| Stephen Crampton, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>PO Box 4506<br>Tupelo, MS 38803<br>(662)255-9439<br>scrampton@thomasmoresociety.org | Michael R. Hirsh, GA #357220<br>Hirsh Law Office, LLC<br>2295 Towne Lake Parkway<br>Suite 116-181<br>Woodstock, GA 30189<br>(678)653-9907<br>michael@hirsh.law |

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 63114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

*Counsel for Plaintiffs*