UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, **AIR FORCE NCO**, **AIR FORCE SPECIAL AGENT**, and **AIR FORCE ENGINEER**, on behalf of themselves and all others similarly situated, <br><br>             Plaintiffs, <br> v. <br><br> **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br>             Defendants. | Case No. 5:22-cv-00009-TES |

**PLAINTIFFS' NOTICE OF ADDITIONAL AUTHORITY**

Plaintiffs hereby give notice of two recent United States Supreme Court opinions relevant to their religious liberty claims and a recent Fifth Circuit Court of Appeals order relevant to Plaintiff Air Force Officer's federal civilian employee mandate claims:

1. *Carson v. Makin*, No. 20-1088, — S.Ct. —, 2022 WL 2203333 (U.S. June 21, 2022).

2. *Kennedy v. Bremerton Sch. Dist.*, No. 21-418, — S.Ct. —, 2022 WL 2295034 (U.S. June 27, 2022).

3. *Feds for Med. Freedom v. Biden*, No. 22-40043, 2022 WL 2301458 (5th Cir. June 27, 2022).

In **Carson**, the Supreme Court stated:

- "The Free Exercise Clause of the First Amendment protects against indirect coercion or penalties on the free exercise of religion, not just outright prohibitions…. In particular, we have repeatedly held that a State violates the Free Exercise Clause when it excludes religious

1

observers from otherwise available public benefits." *Carson*, 2022 WL 2203333, at *5 (internal quotation marks and citations omitted).

- "To satisfy strict scrutiny, government action must advance interests of the highest order and must be narrowly tailored in pursuit of those interests…. A law that targets religious conduct for distinctive treatment ... will survive strict scrutiny only in rare cases." *Id.* at *7 (internal quotation marks and citations omitted).

In **Kennedy**, the Supreme Court stated:

- "The Free Exercise Clause provides that 'Congress shall make no law . . . prohibiting the free exercise' of religion. Amdt. 1. … The Clause protects not only the right to harbor religious beliefs inwardly and secretly. It does perhaps its most important work by protecting the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life through 'the performance of (or abstention from) physical acts.' *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U. S. 872, 877 (1990)." *Kennedy*, 2022 WL 2295034, at *9.

- "A government policy will fail the general applicability requirement if it 'prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way,' or if it provides 'a mechanism for individualized exemptions.' *Fulton [v. Philadelphia]*, 593 U. S. [2021], at ___ (slip op., at 6)." *Id.*

- "Respect for religious expressions is indispensable to life in a free and diverse Republic…." *Id.* at *17.

- "Government 'justification[s]' for interfering with First Amendment rights 'must be genuine, not hypothesized or invented *post hoc* in response to litigation.' *United States v. Virginia*, 518 U. S. 515, 533 (1996)." *Id.* at *17 n.8.

In **Feds for Med. Freedom**, the Fifth Circuit stated:

- "IT IS ORDERED that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs. Pursuant to 5th Circuit Rule 41.3, the panel opinion dated April 7, 2022, is VACATED." *Feds for Med. Freedom*, 2022 WL 2301458, at *1.

Therefore, pursuant to this Fifth Circuit order, the nationwide injunction against enforcement of the federal civilian employee mandate (*Feds for Med. Freedom v. Biden*, No. 3:21-CV-356, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022)) remains in effect.

Dated: June 29, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

| | |
|---|---|
| Stephen Crampton, *pro hac vice* <br> THOMAS MORE SOCIETY – Senior Counsel <br> PO Box 4506 <br> Tupelo, MS 38803 <br> (662)255-9439 <br> scrampton@thomasmoresociety.org | Michael R. Hirsh, GA #357220 <br> Hirsh Law Office, LLC <br> 2295 Towne Lake Parkway <br> Suite 116-181 <br> Woodstock, GA 30189 <br> (678)653-9907 <br> michael@hirsh.law |

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 63114
(402)501-8586
mmchale@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

*Counsel for Plaintiffs*