**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **AIR FORCE OFFICER**, **AIR FORCE NCO**, **AIR FORCE SPECIAL AGENT**, and **AIR FORCE ENGINEER**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br> Defendants. | Case No. 5:22-cv-00009-TES |

**DEFENDANTS' BRIEFING ON MOOTNESS**

## TABLE OF CONTENTS

Introduction ........................................................................................................................ 1

Background ......................................................................................................................... 1

    I.    The Military Vaccine Requirement and Rescission ................................................ 1

    II.   The Federal Employee Vaccine Requirement and Rescission. ............................... 4

    III.  Procedural Background ........................................................................................... 5

Argument ............................................................................................................................ 7

    I.    Plaintiffs' Claims Challenging the Military and Civilian Vaccination Requirements Are Moot Because those Requirements Have Been Rescinded. ................................................................. 7

        A.   Plaintiffs' Claims for Prospective Relief Are Moot. ...................................... 9

        B.   Plaintiffs' SAC does not request retrospective relief, and any such request would be meritless. ............................................................................. 13

        C.   Air Force NCO's claims challenging the military vaccination requirement are independently moot because he is no longer in the military. ............................................................................... 15

        D.   Plaintiffs cannot sustain a lawsuit with reference to the uncertified class. ........... 15

        E.   No exceptions to mootness apply to Plaintiffs' challenges to the military vaccination requirement ............................................................................ 16

            a.   The exception for voluntary cessation does not apply. ........................ 16

            b.   The exception for capable of repetition yet evading review does not apply. .................... 18

        F.   No exceptions to mootness apply to Plaintiffs' challenges to the civilian vaccination requirement ............................................................................ 19

            a.   The exception for voluntary cessation does not apply. ........................ 20

            b.   The exception for capable of repetition yet evading review does not apply. .................... 20

Conclusion ......................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Jackson v. Mayorkas,*
    4:22-cv-0825-P, 2023 WL 5311482 (N.D. Tex. Aug. 17, 2023) ...........................................10

*Abbott Lab'ys v. Gardner,*
    387 U.S. 136 (1967) ...........................................................................................................12

*Adler v. Duval Cnty. Sch. Bd.,*
    112 F.3d 1475 (11th Cir. 1997) ............................................................................................7

*Aetna Life Ins. Co. of Hartford v. Haworth,*
    300 U.S. 227 (1937) ...........................................................................................................12

*Air Force Officer v. Austin,*
    588 F. Supp. 3d 1338 (M.D. Ga. 2022) ................................................................................5

*Al Najjar v. Ashcroft,*
    273 F.3d 1330 (11th Cir. 2001) ..............................................................................7, 8, 18

*Am. Bar Ass'n v. FTC,*
    636 F.3d 641 (D.C. Cir. 2011) .............................................................................................8

*Arizonans for Official English v. Ariz.,*
    520 U.S. 43 (1997) .............................................................................................................14

*Arzamendi v. Austin,*
    No. 4:23-CV-0770-P, 2024 WL 1641962 (N.D. Tex. Apr. 16, 2024) ................................10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...........................................................................................................14

*Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs,*
    217 F.3d 393 (5th Cir. 2000) ..............................................................................................19

*Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs,*
    420 U.S. 128 (1975) ...........................................................................................................15

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers,*
    941 F.3d 1195 (9th Cir. 2019) ..............................................................................................8

*Biden v. Feds for Med. Freedom,*
    144 S. Ct. 480 (2023) ...........................................................................................................7

*Christian Coal. of Alabama v. Cole,*
    355 F.3d 1288 (11th Cir. 2004) .....................................................................................19, 20

*City of Los Angeles v. Lyons,*
 461 U.S. 95 (1983) ..............................................................................................12

*Clements v. Austin,*
 No. CV 2:22-2069-RMG, 2023 WL 2386118, (D.S.C. Mar. 7, 2023) .................................14

*Coker v. Austin,*
 688 F. Supp. 3d 1116 (N.D. Fla. 2023)..................................................................10

*Colonel Fin. Mgmt. Officer v. Austin,*
 No. 8:21-CV-2429-SDM-TGW, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023).................8, 16, 17, 19

*Coral Springs St. Sys, Inc. v. City of Sunrise,*
 371 F.3d 1320 (11th Cir. 2004) ...................................................................... 8, 17

*Cotterall v. Paul,*
 755 F.2d 777 (11th Cir. 1985) ...........................................................................12

*Creaghan v. Austin,*
 No. 23-5101, 2023 WL 8115975 (D.C. Cir. Nov. 21, 2023)...............................................9

*Davila v. Gladden,*
 777 F.3d 1198 (11th Cir. 2015) .........................................................................14

*Dep't of Army v. Blue Fox, Inc.,*
 525 U.S. 255 (1999) .........................................................................................15

*Donovan v. Vance,*
 70 F.4th 1167 (9th Cir. 2023)...........................................................................10

*Doster v. Kendall,*
 54 F.4th 398 (6th Cir. 2022) ..............................................................................6

*Doster v. Kendall,*
 No. 1:22-CV-84, 2024 WL 1156426 (S.D. Ohio Mar. 18, 2024) ................................ 7, 10

*Dunn v. Austin,*
 No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023) ...............................................9

*Fed. Election Comm'n v. Wis. Right to Life, Inc.,*
 551 U.S. 449 (2007) ...............................................................................18, 19, 20

*Feds for Medical Freedom v. Biden,*
 63 F.4th 366 (5th Cir. 2023)..............................................................................7

*Freedom From Religion Found., Inc. v. Abbott,*
 58 F.4th 824 (5th Cir. 2023).............................................................................8

*Hand v. Desantis,*
    946 F.3d 1272 (11th Cir. 2020) ............................................................. 8

*Hargray v. City of Hallandale,*
    57 F.3d 1560 (11th Cir. 1995) ............................................................. 13

*Health Freedom Def. Fund v. President of United States,*
    71 F.4th 888 (11th Cir. 2023) ................................................. 18, 19, 20

*Hollis v. Biden,*
    No. 21-60910, 2023 WL 3593251 (5th Cir. May 18, 2023) ................ 10

*Ivey v. Paulson,*
    222 F. App'x 815 (11th Cir. 2007) ...................................................... 14

*Keister v. Bell,*
    29 F.4th 1239 (11th Cir. 2022) ................................................. 8, 16, 20

*Kendall v. Doster,*
    No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023) ..................... 6, 7, 9

*LaRouche v. Fowler,*
    152 F.3d 974 (D.C. Cir. 1998) ............................................................. 19

*Murray v. Fid. Nat. Fin., Inc.,*
    594 F.3d 419 (5th Cir. 2010) ............................................................... 15

*Nat'l Adver. Co. v. City of Miami,*
    402 F.3d 1329 (11th Cir. 2005) ............................................... 11, 16, 17

*Navy SEAL 1 v. Austin,*
    2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) ....................................... 9

*Ohio Forestry Ass'n v. Sierra Club,*
    523 U.S. 726 (1998) ............................................................................. 12

*Payne v. Biden,*
    144 S. Ct. 480 (2023) ........................................................................... 10

*Pharmachemie B.V. v. Barr Lab'ys, Inc.,*
    276 F.3d 627 (D.C. Cir. 2002) ............................................................. 19

*Ramsek v. Beshear,*
    No. 3:20-cv-00036-GFVT, 2021 WL 5098687 (E.D. Ky. Nov. 2, 2021) ................ 19

*Regalado v. Dir., Ctr. for Disease Control,*
    No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) ................. 8

*Robert v. Austin*,
   72 F.4th 1160 (10th Cir. 2023) ................................................................. 9, 11, 15

*Roth v. Austin*,
   62 F.4th 1114 (8th Cir. 2023) ........................................................................... 9

*Scarseth v. United States*,
   52 Fed. Cl. 458 (2002) .................................................................................... 13

*Schelske v. Austin*,
   No. 6:22-CV-049-H, 2023 WL 5986462 (N.D. Tex. Sept. 14, 2023)............... 10

*Sheely v. MRI Radiology Network, P.A.*,
   505 F.3d 1173 (11th Cir. 2007) .................................................................. 16, 20

*Short v. Berger*,
   Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) ............ 9

*Sossamon v. Texas*,
   563 U.S. 277 (2011) ........................................................................................ 14

*St. Pierre v. United States*,
   319 U.S. 41 (1943) .......................................................................................... 11

*Stanley v. Broward Cnty. Sheriff*,
   773 F. App'x 1065 (11th Cir. 2019) ................................................................ 12

*Tanner Advert. Grp., L.L.C. v. Fayette Cnty.*,
   451 F.3d 777 (11th Cir. 2006) ......................................................................... 14

*Tinnerman v. United States*,
   No. 21-14023, 2022 WL 3654844 (11th Cir. Aug. 25, 2022)............................. 8

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ...................................................................................... 7

*Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*,
   382 F.3d 1276 (11th Cir. 2004) ..................................................................... 8, 17

*U.S. Navy SEALs 1–26 v. Biden*,
   72 F.4th 666 (5th Cir. 2023) ............................................................................. 9

*United States v. Dalm*,
   494 U.S. 596 (1990) ........................................................................................ 14

*United States v. Munsingwear, Inc.*,
   340 U.S. 36 (1950) ........................................................................................ 6, 7

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .................................................................................................................16

*Zeidman v. J. Ray McDermott & Co.*,
   651 F.2d 1030 (5th Cir. 1981) ..............................................................................................15

## INTRODUCTION

Plaintiffs challenge COVID-19 vaccination requirements that no longer exist and, therefore, seek relief that this Court cannot grant them.  On December 23, 2022, Congress passed Section 525 of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"), directing the Secretary of Defense to rescind the August 2021 memorandum requiring vaccination of service members for COVID-19.  Pub. L. No. 117-263, § 525 (Dec. 23, 2022), 136 Stat 2395.  And on May 9, 2023, the President issued Executive Order 14099, revoking the vaccination requirement for civilian employees.  *Moving Beyond COVID-19 Vaccination requirements for Federal Workers*, 88 Fed. Reg. 30,891 (May 9, 2023) ("Revocation EO").  Pursuant to those authorities, the Secretary of Defense and the Secretary of the Air Force have since rescinded the COVID-19 vaccination requirements for both military service members and civilian employees.

In light of the rescission of the COVID-19 vaccination requirements, Plaintiffs' claims are moot.  None of Plaintiffs' requested declaratory or injunctive relief remains available to them.  No Plaintiff has any adverse action on their record, nor is any Plaintiff subject to any future adverse action.  One Plaintiff—Air Force NCO—has since voluntarily retired from the Air Force, so his claims are moot on that independent basis.  And Plaintiffs do not request any retrospective relief, but even if they did, no such relief would be available to them.  Plaintiffs thus lack a legally cognizable interest in the outcome of this litigation.  Indeed, the Supreme Court, every Court of Appeals to have considered the issue, and every district court to have considered the issue (with a single district court outlier) have all come to the same conclusion: challenges to the now-defunct vaccination requirements are moot.  Accordingly, the Court should find that Plaintiffs' claims are moot and dismiss this case.

## BACKGROUND

### I.    The Military Vaccine Requirement and Rescission.

By memorandum dated August 24, 2021, the Secretary of Defense directed the Secretaries of

the Military Departments to ensure that all members of the Armed Forces were fully vaccinated against COVID-19.  ECF No. 38-3.  Shortly thereafter, the Secretary of the Air Force directed all Service members in the Department of the Air Force to be vaccinated.  ECF No. 38-7.

On December 23, 2022, the President signed the NDAA into law.  Section 525 of the NDAA directed the Secretary of Defense, within 30 days, to rescind his August 2021 memorandum requiring vaccination of Service members for COVID-19.  Pursuant to the NDAA, the Secretary of Defense issued a memorandum on January 10, 2023. *See* Sec'y of Def., *Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces* (Jan. 10, 2023), https://perma.cc/L9L2-PF6F.  That memorandum rescinded the Secretary's August 24, 2021 memorandum, which required COVID-19 vaccination, and his November 30, 2021 memorandum, which required COVID-19 vaccination for members of the National Guard and the Ready Reserve. *See id.* at 1.  In particular, the memorandum directs that currently serving Service members who sought an exemption shall not be "separated solely on the basis of their refusal to receive the COVID-19 vaccination" and requires the Services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.*  The Air Force and the Air Force Reserve subsequently issued implementation guidance. *See* Sec'y of Air Force, *Rescission of 3 September 2021 Mandatory Coronavirus Disease 2019 Vaccination of Department of the Air Force Military Members and 7 December 2021 Supplemental Coronavirus Disease 2019 Vaccination Policy Memoranda* (Jan. 23, 2023), https://perma.cc/9J9Y-USM8; Dep't of Air Force, *Air Force Reserve (AFR) Guidance for COVID-19* (Feb. 10, 2023) (attached as Exhibit A).

On February 24, 2023, the Deputy Secretary of Defense issued further guidance clarifying that the rescission of the COVID-19 vaccination requirement "also rendered all [Department of Defense ("DoD")] Component policies, directives, and guidance implementing those vaccination mandates as no longer in effect as of January 10, 2023," including, but "not limited to, any COVID-19 vaccination

requirements or related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19." Deputy Sec'y of Def., *Guidance for Implementing Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces* at 1 (Feb. 24, 2023), https://perma.cc/8K63-NSSW ("Deputy Sec'y of Def. Memo."). Other than when "required for travel to, or entry into, a foreign nation," the guidance makes clear that "commanders will not require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment, assignment, and other operational decisions." *Id.* As a result, "there is no COVID-19 vaccination requirement for Service members" and the "Services no longer require COVID-19 vaccination for accession to, or retention in, their respective Military Services," including "all new military accessions—both enlisted and officers—as well as cadets and midshipmen in officer commissioning programs." Cong. Test. of G. Cisneros, Under Secretary for Personnel & Readiness at 6 (Feb. 28, 2023) (attached as Exhibit B). If a commander wishes to require COVID-19 vaccination, that request must be approved by the Assistant Secretary of Defense for Health Affairs, and any new requirements "will be made judiciously and only when justified by compelling operational needs and will be narrowly tailored as possible." Deputy Sec'y of Def. Memo. at 2.

For individuals who sought an exemption, including Plaintiffs in this case, the Department of the Air Force has removed past adverse actions based on a refusal to receive the COVID-19 vaccine. *See* Sec'y of Air Force, *Department of the Air Force (DAF) Guidance on Removal of Adverse Actions and Handling of Religious Accommodation Requests* (Feb. 24, 2023), https://perma.cc/KXB2-CVYG (click "View Mode: Screenshot" or "View the live page"). The Secretary of the Air Force has directed officials to remove "Letters of Admonishment, Counseling, or Reprimand, and Records of Individual Counseling." *Id.* at 1 (for actions involving other misconduct, the action "will be redacted to remove all language associated" with vaccine refusal and the commander "will make new determinations" on

the action "without consideration" of the vaccine refusal).

## II.    The Federal Employee Vaccine Requirement and Rescission.

President Biden imposed the civilian vaccination requirement on September 9, 2021, through Executive Order 14043, to "ensur[e] the health and safety of the Federal workforce and the efficiency of the civil service."  *See* Exec. Order No. 14043, *Requiring Coronavirus Disease 2019 Vaccination for Federal Employees* § 1, 88 Fed. Reg. 30,891 (Sept. 14, 2021).  Executive Order 14043 instructed agencies to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of [their] Federal employees."  *Id.* §§ 1–2.  The Executive Order also directed the Safer Federal Workforce Task Force to "issue guidance . . . on agency implementation of this requirement."  *Id.* § 2. Following this directive, the Safer Federal Workforce Task Force issued guidance implementing the vaccine requirement for federal employees.  *See* Safer Federal Workforce Task Force, Frequently Asked Questions, Vaccinations, https://perma.cc/VEU4-VWAR ("FAQs").  Consistent with that guidance, DoD issued implementing regulations requiring civilian employees to be vaccinated.  *See* Under Sec'y of Def., *Force Health Protection Guidance (Supplement 23) Revision 3 – Department of Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening Testing, and Vaccination Verification* (Dec. 20, 2021), https://perma.cc/DM2V-W3UT; Deputy Sec'y of Def/, *Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian Employees* (Oct. 1, 2021), https://perma.cc/UNJ9-U6E8; *see also* SAC ¶¶ 45, 47.

On May 9, 2023, the President revoked the civilian vaccination requirement in light of the fact that improving public-health conditions meant there was no longer a need for "a Government-wide vaccination requirement for Federal employees."  Exec. Order No. 14099, *Moving Beyond COVID-19 Vaccination Requirements for Federal Workers* § 1, 88 Fed. Reg. 30,891 (May 15, 2023) ("Revocation EO"). Further, as of May 12, 2023, the Safer Federal Workforce Task Force rescinded all of its guidance issued pursuant to Executive Order 14043.  *See* Safer Federal Workforce Task Force, *What's New?*

(May 12, 2023), https://perma.cc/9UJJ-BNWB.  Consistent with that directive, on July 26, 2023, DoD rescinded the civilian vaccination requirement.  *See* Under Sec'y of Def., *Force Health Protection Guidance – Coronavirus Disease 2019 and Other Infectious Respiratory Diseases* (Jul. 26, 2023), https://perma.cc/3JJE-ZN6B.

### III.    Procedural Background

Air Force Officer filed this case on January 6, 2022, challenging both the military vaccination requirement and the civilian vaccination requirement.  *See* Compl., ECF No. 1.  She immediately moved for a temporary restraining order and preliminary injunction.  *See* Mot. for TRO, ECF No. 2. On February 15, 2022, this Court granted Air Force Officer's preliminary injunction as to the military vaccination requirement.  *See Air Force Officer v. Austin*, 588 F. Supp. 3d 1338, 1357 (M.D. Ga. 2022). Defendants appealed that decision.  *See* Notice of Appeal, ECF No. 76.

On February 28, 2022, Air Force Officer filed an amended complaint, adding classwide claims. *See* Am. Compl., ECF No. 56.  On April 27, 2022, Air Force Officer filed a second amended complaint, adding three new pseudonymous Plaintiffs—Air Force NCO, Air Force Engineer, and Air Force Special Agent.  *See* Second Am. Compl., ECF No. 84 ("SAC").  At that time, Air Force Officer was subject to both the civilian vaccination requirement and the military vaccination requirement, *see id.* ¶ 62; and Air Force NCO, Air Force Engineer, and Air Force Special Agent were subject to only the military vaccination requirement, *see id.* ¶¶ 71–72, 80, 85.

The SAC alleges that the vaccination requirements violate the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Administrative Procedure Act ("APA").  *Id.* ¶¶ 280–357. The SAC seeks: (1) declaratory judgment that the vaccination requirements violate the First Amendment, RFRA, and the APA; and (2) an injunction barring Defendants "from enforcing the [vaccination requirements] against Plaintiffs or any member of the Class and from taking any adverse action against Plaintiffs or any member of the Class on the basis of this lawsuit or of Plaintiffs' or any

members' request for religious accommodation related to the [vaccination requirements]." *Id.* at 47–48. Plaintiffs also moved to certify a class and for a class-wide preliminary injunction, ECF No. 88, which requests remain pending. Defendants moved to dismiss the SAC on May 11, 2022. *See* Defs.' Mot. to Dismiss, and in the Alternative, Mot. to Sever, ECF No. 92 ("Defs.' MTD").

On August 5, 2022, at Plaintiffs' request, this Court stayed proceedings pending final resolution in (1) *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio), in which the district court preliminarily enjoined the Government from enforcing the military vaccination requirement against a class that included Plaintiffs; and (2) *Feds for Medical Freedom v. Biden*, No. 3:21-CV-356 (S.D. Tex.), in which the district court preliminarily enjoined the Government from enforcing the civilian vaccination requirement against a class that included Air Force Officer. ECF No. 124. The Eleventh Circuit Court of Appeals also stayed Defendants' appeal of the preliminary injunction barring Defendants from enforcing the military vaccination requirement against Air Force Officer pending resolution of *Doster. See Air Force Officer v. Austin*, No. 22-11200 (Aug. 24, 2022).

Meanwhile, the Government appealed the preliminary injunctions in *Doster* and *Feds for Medical Freedom*. In *Doster*, the Sixth Circuit affirmed the preliminary injunctions. *Doster v. Kendall*, 54 F.4th 398, 406 (6th Cir. 2022), *reh'g denied*, Nos. 22-3497/3702, 2023 WL 2966353 (6th Cir. Apr. 17, 2023) (en banc). Following the rescission of the military vaccination requirement, the Government filed a petition for certiorari, requesting that the Supreme Court vacate the Sixth Circuit's decision and remand with instructions to direct the district court to vacate its preliminary injunctions as moot under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). The Supreme Court granted the petition on December 11, 2023, and ordered the requested relief. *Kendall v. Doster*, No. 23-154, 2023 WL 8531840, at *1 (U.S. Dec. 11, 2023). On January 17, 2024, the Sixth Circuit vacated its decision and remanded to the district court. Judgment, *Doster v. Kendall*, Nos. 22-3497, 3702 (6th Cir. Jan. 17, 2024). The district court then vacated its preliminary injunctions as moot. *Doster v. Kendall*, No. 1:22-cv-84 (S.D.

Ohio Jan. 18, 2024), ECF No. 123.  And on March 18, 2024, following supplemental briefing on mootness, the district court in *Doster* dismissed the case as moot in its entirety.  *Doster v. Kendall*, No. 1:22-CV-84, 2024 WL 1156426, at *5 (S.D. Ohio Mar. 18, 2024).

Similarly, in *Feds for Medical Freedom*, the Fifth Circuit affirmed the preliminary injunction.  *Feds for Medical Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023) (en banc).  On December 11, 2023, following the rescission of the civilian vaccination requirement, the Supreme Court granted the Government's petition for certiorari seeking to vacate the Fifth Circuit's decision and remand with instructions to direct the district court to vacate its preliminary injunctions as moot under *Munsingwear*, 340 U.S. 36.  *Biden v. Feds for Med. Freedom*, 144 S. Ct. 480 (2023).

On June 12, 2024, following the dismissal of *Doster*, the Court of Appeals lifted the stay in this case, dismissed the appeal as moot, vacated the preliminary injunction, and remanded to this Court.  *Air Force Officer v. Austin*, No. 22-11200 (11th Cir. June 12, 2024).  Shortly thereafter, this Court lifted the stay on the district court proceedings, ECF No. 129, and directed the parties to brief the issue of mootness, ECF Nos. 130–32.

## ARGUMENT

### I.    Plaintiffs' Claims Challenging the Military and Civilian Vaccination Requirements Are Moot Because those Requirements Have Been Rescinded.

Plaintiffs' claims challenging the military and civilian vaccination requirements are moot because those requirements no longer exist, none of the Plaintiffs have incurred any adverse action related to the requirements, and Defendants cannot take any future adverse action against Plaintiffs related to the requirements.  "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).  "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'"  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)).  "If events that

occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336; *see also Tinnerman v. United States*, No. 21-14023, 2022 WL 3654844, at *3 (11th Cir. Aug. 25, 2022), *pet. for cert. filed*, No. 22-814 (U.S. Feb. 28, 2023); *Hand v. Desantis*, 946 F.3d 1272, 1275 (11th Cir. 2020); *Coral Springs St. Sys, Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004).

When, as here, "a government fully repeals a challenged law, a case challenging that law is almost surely moot." *Colonel Fin. Mgmt. Officer v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023) ("*CFMO*") (quoting *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1020 (2023)); *see also Regalado v. Dir., Ctr. for Disease Control*, No. 22-12265, 2023 WL 239989, at *1 (11th Cir. Jan. 18, 2023) (holding case challenging Occupational Safety and Health Administration's vaccine mandate properly dismissed as moot when the "mandate was withdrawn and [plaintiff's] claims stemmed from this mandate"); *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1283 (11th Cir. 2004) ("When government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit."); *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) (explaining that when a statute or regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that statute or regulation, mootness is "the default"); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("[A] case must be dismissed as moot if new legislation addressing the matter in dispute is enacted while the case is still pending."); *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc) ("[I]n determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it").

Here, Plaintiffs' claims for prospective relief are moot in light of the rescission of the

8

vaccination requirements.  Plaintiffs do not seek any retrospective relief, but even if they did, any such request for relief would be meritless.  And Plaintiffs cannot resuscitate their moot claims with reference to an uncertified class.

### A.  Plaintiffs' Claims for Prospective Relief Are Moot.

Plaintiffs' SAC seeks only prospective relief, in the form of injunctive and declaratory relief. *See* SAC at 47–48.  The overwhelming weight of authority indicates that requests for prospective relief against the now-defunct military and civilian vaccination requirements are moot.

As to the military vaccination requirement, the Supreme Court and every Court of Appeals to have considered the issue has agreed that the rescission mooted all claims for prospective relief.  *See Kendall v. Doster*, No. 23-154, 2023 WL 8531840, at *1 (U.S. Dec. 11, 2023); *Robert v. Austin*, 72 F.4th 1160, 1164 (10th Cir. 2023), *cert. denied*, No. 23-600, 2024 WL 72062 (U.S. Jan. 8, 2024) (Mem.); *U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (noting actions to implement rescission of military vaccination requirement "moot a dispute over the lawfulness of" that requirement); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) ("The rescission of the COVID-19 vaccination mandate, as directed by the [NDAA], provides the Airmen all of their requested preliminary injunctive relief and renders this appeal moot."); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023) (dismissing appeals as moot in light of implementation of the NDAA); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) (same); *Navy SEAL 1 v. Austin*, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) (per curiam), *reh'g en banc denied*, No. 22-5514, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023), *cert. denied*, 144 S. Ct. 97 (2023) (same); *Creaghan v. Austin*, No. 23-5101, 2023 WL 8115975 (D.C. Cir. Nov. 21, 2023) (per curiam) (same); Order, *Alvarado v. Austin*, No. 23-1419 (4th Cir. Aug. 3, 2023) (same).

With a single outlier,[1] every district court to have addressed the military vaccination requirement has found the same. *See, e.g.*, *Schelske v. Austin*, No. 6:22-CV-049-H, 2023 WL 5986462, at \*5 (N.D. Tex. Sept. 14, 2023) ("To date, no court has denied a motion to dismiss and found that a live controversy remains with respect to any challenge to the constitutionality of the rescinded mandate."); *Doster*, 2024 WL 1156426, at \*5; *Jackson v. Mayorkas*, No. 4:22-cv-0825-P, 2023 WL 5311482, at \*2 (N.D. Tex. Aug. 17, 2023); *Coker v. Austin*, 688 F. Supp. 3d 1116, 1124 (N.D. Fla. 2023); *Chancey v. Biden*, No. 1:22-cv-110, ECF No. 32 (N.D. Fla. Feb. 14, 2023). Indeed, faced with this broad judicial consensus, plaintiffs in numerous other cases challenging the military vaccination requirement have voluntarily dismissed their cases. *See, e.g.*, *Doster*, 2024 WL 1156426, at \*2 (noting that plaintiffs conceded that much of their case was moot); *Spence v. Austin*, No. 4:22-cv-453 (N.D. Tex. Apr. 9, 2024), ECF No. 45; *Oklahoma v. Biden*, No: 5:21-cv-01136, ECF Nos. 77, 78, 82 (W.D. Okla. Feb. 17, 2023 & Mar. 7, 2023); *Church v. Biden*, No. 1:21-cv-2815, ECF No 43 (D.D.C. Jan. 23, 2023); *Air Force Major v. Austin*, No. 3:22-cv-00756, ECF No. 25 (N.D. Tex. March 7, 2023).

Similarly, as to the civilian vaccination requirement, every court to have considered the issue—including the Supreme Court—has found that challenges to that requirement are moot. *See, e.g.*, *Payne v. Biden*, 144 S. Ct. 480 (2023); *Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023) (explaining that court "cannot provide relief from EOs and exemption processes that no longer exist"); *Arzamendi v. Austin*, No. 4:23-CV-0770-P, 2024 WL 1641962, at \*1 (N.D. Tex. Apr. 16, 2024); *see also Hollis v. Biden*, No. 21-60910, 2023 WL 3593251, at \*1 (5th Cir. May 18, 2023) (concluding that, following revocation of all guidance implementing federal contractor vaccination requirement, case challenging that

---

[1] The court's order in *U.S. Navy Seals 1–26 v. Austin*, No. 4:21-cv-1236 (N.D. Tex. Feb. 14, 2024), ECF No. 262, is the sole case to find that a challenge to the military vaccination requirement is not moot. For all the reasons explained in this brief, Defendants disagree with that decision and believe it was incorrectly decided. In particular, a plaintiff cannot seek relief against some possible future policy or adverse action, untethered from any individualized injury to the plaintiff. *See infra* p. 12–13 (explaining why Plaintiffs would lack standing and ripeness to bring such challenges here).

requirement had become moot). And again, faced with this broad judicial consensus, plaintiffs in numerous other cases challenging the civilian vaccination requirement have voluntarily dismissed their cases following the issuance of the Revocation EO. *See, e.g., Assoc. Gen. Contractors of Am., Inc. v. Biden*, No. 4:21-cv-1344 (N.D. Tex. May 16, 2023), ECF No. 53; *Texas v. Biden*, No. 3:21-cv-309 (S.D. Tex. May 12, 2023), ECF No. 64; *Skurich v. Biden*, No. 3:22-cv-10 (S.D. Tex. May 22, 2023), ECF No. 12; *US Freedom Flyers v. United States*, No. 8:21-cv-2738 (M.D. Fla. May 18, 2023), ECF No. 27.

The Court should follow this authority here. The rescission of the vaccination requirements ends any live controversy between the parties. Plaintiffs "cannot be subject to a vaccine requirement that no longer exists," and therefore the Court cannot opine on the lawfulness of such a requirement. *Robert*, 72 F.4th at 1164. Indeed, there is no unmet request in Plaintiffs' SAC that could keep this case alive. In particular, the SAC first requests that the Court issue a declaration that the vaccination requirements violate the First Amendment, RFRA, and the APA. *See* SAC at 47–48. But because the vaccination requirements have been rescinded, any opinion on their legality would be advisory and impermissible. *See Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329, 1332 (11th Cir. 2005) ("If a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of [the] case would constitute an [impermissible] advisory opinion."). Plaintiffs cannot sustain a lawsuit based on their desire to prove that the now-defunct vaccination requirements were previously unlawful. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it.").

Plaintiffs' SAC also asks that this Court issue "a preliminary and a permanent injunction prohibiting Defendants . . . from enforcing the [vaccination requirements] . . . or from taking any adverse action . . . on the basis of this lawsuit or of Plaintiffs' . . . request for religious accommodation related to the [vaccination requirements]." SAC at 47–48. But Defendants have already rescinded the

vaccination requirements. Neither DoD nor the Air Force is implementing or enforcing their respective defunct vaccination requirements. No adverse action will be taken against any Plaintiff for failure to comply with the requirements. There is thus nothing for this Court to enjoin.

Plaintiffs also include a catch-all request for "relief to which Plaintiffs may be entitled that is incidental to injunctive or declaratory relief," and "all other and further relief to which Plaintiffs may be entitled." SAC at 48. But even if this bare request for generalized relief could resuscitate this moot case, Plaintiffs do not allege that they have suffered any other injury that merits this Court's intervention. In other words, there is no live case or controversy.

Finally, Plaintiffs cannot seek prospective relief against other possible future policies or adverse actions. The SAC does not seek any such relief as to future, unknown policies, but even to the extent that Plaintiffs newly argue that it does, Plaintiffs lack standing to seek relief where there is no "real and immediate threat" of future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . ."). And "[p]ast exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *See Stanley v. Broward Cnty. Sheriff*, 773 F. App'x 1065, 1069 (11th Cir. 2019) (quoting *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985)). Moreover, arguments based on hypothetical future policies are not ripe. *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732–33 (1998) (explaining that the "ripeness requirement" serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and to prevent unnecessary "judicial interference" (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967))); *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 241 (1937) (providing that a party may not ask a court to "advis[e] what the law would be upon a

hypothetical state of facts").  Indeed, no Plaintiff claims that he or she has requested and been denied any other religious accommodation (much less on the basis of a vaccine requirement), and so any challenge to such policies would be purely hypothetical.  Accordingly, no prospective relief is available to Plaintiffs.

**B. Plaintiffs' SAC does not request retrospective relief, and any such request would be meritless.**

Plaintiffs do not seek any retrospective relief in the SAC.  *See* SAC at 47–48.  But even to the extent Plaintiffs intend to argue that they should be granted some retrospective relief not included in the SAC, no such relief is available in connection with past adverse actions.

To start, none of the Plaintiffs have any adverse action related to the vaccination requirements in their records.  *See* Decl. of Staff Sergeant Marc A. Cammon ¶ 3 (attached as Exhibit C).  To the extent Plaintiffs characterize Air Force NCO's voluntary retirement as an adverse action, Defendants have already explained that Air Force NCO has no standing to challenge that voluntary retirement.  *See* Defs.' MTD at 12–14.  "A military resignation is presumed to be voluntary," *Scarseth v. United States*, 52 Fed. Cl. 458, 468 (2002) (citations omitted), and a voluntary resignation cannot form the basis of a statutory or constitutional claim, *see Hargray v. City of Hallandale*, 57 F.3d 1560, 1563 (11th Cir. 1995). The Eleventh Circuit has emphasized that "the mere fact that the choice is between comparably unpleasant alternatives . . . does not of itself establish that a resignation was induced by duress or coer[c]ion, hence involuntary." *Id.*  Indeed, in the military context, even a choice "between submitting a voluntary resignation and facing trial by court-martial does not render [a] resignation involuntary." *Scarseth*, 52 Fed. Cl. at 474.  Thus, even accepting the facts alleged in the SAC, Air Force NCO cannot show that his resignation request was involuntary and therefore cannot challenge that resignation.[2]

---

[2] Air Force Officer had also submitted a request for military retirement, but she successfully rescinded that request on May 20, 2022 and is no longer being processed for retirement.  Ex. C, Cammon Decl. ¶ 5; *see also* Decl. of Col. James A. Rigsbee, ECF No. 92-4 ¶ 6 (providing additional

Similarly, Plaintiffs' SAC does not seek damages, *see* SAC 47–48, but such a claim would fail regardless. The Supreme Court has confirmed that a claim for damages, "extracted late in the day from [a] general prayer for relief and asserted solely to avoid otherwise certain mootness, [bears] close inspection." *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 71 (1997); *see also Clements v. Austin*, No. CV 2:22-2069-RMG, 2023 WL 2386118, at *1 (D.S.C. Mar. 7, 2023) (refusing to consider, in challenge to military vaccination requirement, "newly stated requests for relief, asserted for the first time in the last paragraph of a supplemental filing" that "far exceeds any prayer for relief set forth in the Amended Complaint"). In any event, "[a] request for damages that is barred as a matter of law cannot save a case from mootness." *Tanner Advert. Grp., L.L.C. v. Fayette Cnty.*, 451 F.3d 777, 786 (11th Cir. 2006) (citing *Arizonans for Official English,* 520 U.S. at 69). Any claim for damages would be barred as a matter of law because Plaintiffs fail to plead in the SAC any waiver of sovereign immunity that would allow them to collect damages against the United States. *See United States v. Dalm*, 494 U.S. 596, 608 (1990) ("Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued."). RFRA does not waive sovereign immunity for suits seeking money damages against the United States. *See Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015) ("RFRA does not . . . authorize suits for money damages against officers in their official capacities."); *cf. Sossamon v. Texas*, 563 U.S. 277 (2011) (holding that identical "appropriate relief" language in the related statute RLUIPA did not waive states' sovereign immunity from money damages). Nor does the First Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting there is no "implied damages remedy under the Free Exercise Clause"); *see also, e.g.*, *Ivey v. Paulson*, 222 F. App'x 815, 820 (11th Cir. 2007) ("[T]he Constitution does not waive sovereign immunity in a suit for damages.").

---

background information regarding Air Force Officer's retirement request and subsequent rescission of that request). Notably, even though Air Force NCO made his retirement request at approximately the same time as Air Force Officer and requested the same retirement effective date as Air Force Officer, there is no evidence that Air Force NCO similarly requested rescission of his retirement request. *See* Rigsbee Decl. ¶¶ 4, 6.

14

Nor does the APA.  *See* 5 U.S.C. § 702 (providing cause of action for "[a]n action in a court of the United States seeking relief *other than money damages*" (emphasis added)); *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 2638 (1999).  Accordingly, no retrospective relief is available to Plaintiffs.

### C. Air Force NCO's claims challenging the military vaccination requirement are independently moot because he is no longer in the military.

For the same reasons as explained above, *see supra* p. 13, Air Force NCO's claims against the military vaccination requirement are independently moot.  Air Force NCO has voluntarily retired from the military and is thus no longer subject to any military readiness requirements, much less the now-defunct COVID-19 vaccination requirement.  *See Robert*, 72 F.4th at 1164 (holding on appeal that plaintiff's claims challenging the military vaccination requirement are moot because plaintiff had departed from military service).

### D. Plaintiffs cannot sustain a lawsuit with reference to the uncertified class.

Plaintiffs also cannot sustain their moot lawsuit with reference to putative class members.  "As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified."  *Murray v. Fid. Nat. Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010) (citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981)); *see also Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (explaining that "[b]ecause the class action was never properly certified nor the class properly identified by the District Court," the decision that the claims of the purported representative were moot dictated dismissal of the uncertified "class" action as well).  Here, no Plaintiff has a live claim, and no class has been certified.  Moreover, the rescission of the vaccination requirements underscores the impropriety of granting Plaintiffs' motion for class certification.  That motion should be denied for all the reasons Defendants have already explained.  *See* Defs.' Opp. to Pls.' Cons. Mot. for Class Cert. & Classwide Prelim. Inj., ECF No. 98 ("Defs.' Opp to Class Cert.").  But especially in light of the rescission, Plaintiffs cannot point to any shared injury between themselves and the putative class.  Any purported injuries would

be necessarily individualized and idiosyncratic in nature, which undermines any conclusion that "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011); *see also* Defs.' Opp. to Class Cert. at 5–17.

### E. No exceptions to mootness apply to Plaintiffs' challenges to the military vaccination requirement.

No exception to mootness applies to Plaintiffs' challenges to the military vaccination requirement because "[t]he rescission is 'unambiguous,' results from Congress's constitutional authority and not from an attempt by the Secretary of Defense to 'manipulate jurisdiction,' has resulted in consistent application, and has rendered superfluous the plaintiffs' request for" injunctive and declaratory relief. *Col. FMO*, 2023 WL 2764767, at *2.

#### a. The exception for voluntary cessation does not apply.

The voluntary cessation exception to mootness does not apply to the military vaccination requirement. "[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot." *Keister*, 29 F.4th at 1250. "[V]oluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1188 (11th Cir. 2007) (quoting *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005))). Moreover, "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct." *Col. FMO*, 2023 WL 2764767, at *2.

Here, the challenged military vaccination requirement was unambiguously terminated at the direction of Congress and not voluntarily as a response to this litigation. "Unlike a typical instance of voluntary cessation, the Secretary of Defense's rescission of the COVID-19 vaccination mandate results not from the Secretary's unilateral decision but from a higher authority, Congress, which enjoys the constitutional power under Article I, Section 8, '[t]o make Rules for the Government and Regulation of the land and naval Forces[.]'" *Col. FMO*, 2023 WL 2764767, at *2.

16

Even if rescinding the mandate at the direction of Congress could be considered a "voluntary cessation," that would still not be sufficient to overcome mootness. "[G]overnmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Coral Springs*, 371 F.3d at 1328–29. As a result, "once the repeal of an ordinance has caused our jurisdiction to be questioned, [the plaintiff] bears the burden of presenting affirmative evidence that its challenge is no longer moot." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1334 (11th Cir. 2005). Indeed, even when a challenged law is not fully repealed, so long as the law or policy has been "unambiguously terminated," any challenge to it is moot, unless a plaintiff identifies a "reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Id.* (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1285 (11th Cir. 2004)).

There is no indication that the Government will reinstate the military vaccination requirement. "Congress has unambiguously renounced the mandate and has directed by statute a rescission of the mandate," and therefore "recurrence of the military's challenged conduct seems, absent any compelling evidence to the contrary, remote and implausible." *Col. FMO*, 2023 WL 2764767, at *2. And Defendants, for their part, have made clear that they have no intention to reimplement the kind of broad, force-wide COVID-19 vaccination requirement challenged in this case. "The Secretary of Defense . . . has complied with Congress's directive, and in the months following the rescission memorandum each branch has dutifully rescinded the COVID-19 vaccination requirement and implemented procedures to eliminate adverse administrative actions attending a service member's earlier decision to decline COVID-19 vaccination." *Id.* Moreover, no commander is authorized to implement even a narrower COVID-19 vaccination requirement without clearance from the Assistant Secretary for Health Affairs, and any request will only be granted "when justified by compelling operational needs and will be as narrowly tailored as possible." Deputy Sec'y of Def. Memo. at 2,

https://perma.cc/8K63-NSSW. And on February 28, 2023, in testimony before Congress, the Under Secretary of the Air Force, Gina Ortiz Jones, confirmed that the Air Force has no plans to implement a broad COVID-19 vaccination requirement like the rescinded policy, and that "[b]arring unanticipated developments with COVID-19," any narrower COVID-19 vaccination requirement in the Air Force will be "rare and if considered, . . . will receive appropriate review at the general officer level." Feb. 28, 2023 Test. of G. Ortiz Jones, Under Secretary of the Air Force at 5 (attached as Exhibit D).

Against this backdrop of Congressional action, Secretary of Defense rescission, and robust implementation guidance, there is no evidence to suggest that the same kind of COVID-19 vaccination requirement will be reinstated, no evidence that Plaintiffs will once again be subject to that same kind of COVID-19 vaccination requirement, and no evidence that any religious accommodation request they might seek regarding a hypothetical new COVID-19 vaccination requirement will be denied.

> **b. The exception for capable of repetition yet evading review does not apply.**

Plaintiffs may argue that this case is not moot because the military vaccination requirement is "capable of repetition yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). This "exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citation omitted). Plaintiffs must present some "reasonable, non-speculative explanation that the allegedly unlawful action will happen again." *See Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 893 (11th Cir. 2023); *see also Al Najjar*, 273 F.3d at 1336 (noting that the exception is "narrow" and only applies in "exceptional situations").

The challenged vaccine requirement is not "too short to be fully litigated prior to cessation or

expiration." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. at 462. The relevant inquiry under the evading-review prong is "whether 'the challenged activity is *by its very nature short in duration,* so that it could not, or probably would not, be able to be adjudicated while fully live.'" *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (quoting *LaRouche v. Fowler*, 152 F.3d 974, 978 (D.C. Cir. 1998)); *see also, e.g., Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 399 (5th Cir. 2000) (considering whether the challenged action was "*inherently* capable of evading review" (emphasis added)). The military requires a number of vaccines and those requirements have been in place for decades, so a vaccination requirement is not "by its very nature short in duration." *Pharmachemie*, 276 F.3d at 633.

The second prong of the exception for capable of repetition yet evading review does not apply for the same reason that the exception for voluntary cessation does not apply. There is no reasonable expectation that Defendants will impose another COVID-19 vaccination requirement. *See Christian Coal. of Alabama v. Cole*, 355 F.3d 1288, 1293 n.2 (11th Cir. 2004) (finding that because exception for voluntary cessation did not apply given that there was no reasonable expectation that the same party would be subject to the same action again, neither did the exception for capable of repetition yet evading review). Indeed, as the Eleventh Circuit has explained in the context of mask mandates, there is no reasonable expectation that "another global respiratory pandemic" will occur, and thus the "recurrence of the military's challenged conduct seems . . . remote and implausible." *Health Freedom Def. Fund*, 71 F.4th at 893; *see also Col. FMO*, 2023 WL 2764767, at *2; *Ramsek v. Beshear*, No. 3:20-cv-00036-GFVT, 2021 WL 5098687, at *5 (E.D. Ky. Nov. 2, 2021) (dismissing challenge to Kentucky Governor's COVID-19 restrictions on mass gatherings as moot after the order was rescinded).

### F. No exceptions to mootness apply to Plaintiffs' challenges to the civilian vaccination requirement.

For similar reasons, no exception to mootness applies to Plaintiffs' challenges to the civilian vaccination requirement.

19

### a. The exception for voluntary cessation does not apply.

The voluntary cessation exception to mootness does not apply to Plaintiffs' challenges to the civilian vaccination requirement. The challenged civilian vaccination requirement was unambiguously terminated by the President. *See Keister*, 29 F.4th at 1250. And the President terminated that requirement only after concluding that changed public-health circumstances had rendered them unnecessary, not as a response to this litigation. *See Sheely*, 505 F.3d at 1188. As the Revocation EO explains, the civilian vaccination requirement was revoked along with several other pandemic-related orders, consistent with the ending of the COVID-19 public health emergency on May 11, 2023, and in recognition that the circumstances of the pandemic had changed dramatically since these requirements were issued in September 2021. The Revocation EO further explains that "we are no longer in the acute phase of the COVID-19 pandemic." Revocation EO § 1. "Considering this progress, and based on the latest guidance from our public health experts," the President determined that "we no longer need a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors." *Id.*

### b. The exception for capable of repetition yet evading review does not apply.

Nor does the exception for capable of repetition yet evading review apply to the civilian vaccination requirement. The challenged vaccine requirement is not "too short to be fully litigated prior to cessation or expiration." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. at 462. The orders at issue here remained in place for almost 20 months, and several courts of appeals reviewed and decided challenges to them before they were revoked. And, as explained above, there is no reasonable expectation that Defendants will impose another COVID-19 vaccination requirement. *See Cole*, 355 F.3d at 1293 n.2; *Health Freedom Def. Fund*, 71 F.4th at 893.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' SAC in its entirety.

Dated:  July 26, 2024

PETER D. LEARY
United States Attorney
Middle District of Georgia

/s/ Lance Simon
LANCE SIMON
Assistant United States Attorney
Georgia Bar No. 447643
ROGER C. GRANTHAM, JR.
Assistant United States Attorney
Georgia Bar No. 860338
United States Attorney's Office
300 Mulberry St., Suite 400
P.O. Box 1702
Macon, GA 31202
Tel: (478) 621-2663
Email: lance.simon@usdoj.gov

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

/s/ Cassandra Snyder
ANDREW E. CARMICHAEL
Senior Trial Counsel
CODY T. KNAPP
CASSANDRA M. SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*