**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**AIR FORCE OFFICER**, **AIR FORCE NCO**,    )
**AIR FORCE SPECIAL AGENT**, and    )
**AIR FORCE ENGINEER**, on behalf of    )
themselves and all others similarly situated,    )
                             )    Case No. 5:22-cv-00009-TES
               Plaintiffs,    )
v.    )
                             )
**LLOYD J. AUSTIN**, **III**, in his    )
official capacity as Secretary of Defense;    )
**FRANK KENDALL**, **III**, in his    )
official capacity as Secretary of the Air Force; and    )
**ROBERT I. MILLER**, in his    )
official capacity as Surgeon General of the    )
Air Force,    )
                             )
             Defendants.    )

**PLAINTIFFS' OPENING BRIEF REGARDING MOOTNESS**

This case is not moot, because prospective claims for equitable including declaratory relief remain live, as in *Navy SEALs 1-26 v. Austin*, No. 4:21-cv-01236-O (N.D. Tex. Feb. 14, 2024) (ECF 262) (attached hereto as <u>Exhibit A</u>). Specifically, Plaintiffs challenge the Air Force's unlawful religious accommodation policy *itself*. The Eleventh Circuit vacated as moot this Court's preliminary injunction against enforcement of the COVID-19 vaccine mandate, but Plaintiffs' challenge to the accommodation policy itself remains a live claim. *Navy SEALs* is on point. There, the Fifth Circuit dismissed as moot the Navy's appeal of the preliminary injunction against the Navy's COVID-19 vaccine mandate, and on remand the district court ruled that the case was not moot in its entirety, because plaintiffs' challenge to the accommodation policy itself remained a live claim. Plaintiffs' claims are virtually identical to the plaintiffs' claims in *Navy SEALs* and if anything present an even clearer

1

challenge to the policy. This case is likewise not moot. The recently finalized settlement in *Navy SEALs* further demonstrates the need for relief here.

Further, the Air Force admits that its policies restoring unvaccinated service members to full participation go above and beyond the congressionally-required rescission of the COVID-19 vaccine mandate itself. Under the doctrine of voluntary cessation, therefore, Plaintiffs' claims seeking to ensure such full participation are not entirely moot.

The recent dismissal order in *Doster v. Kendall*, No. 1:22-CV-84, 2024 WL 1156426 (S.D. Ohio Mar. 18, 2024), is irrelevant. On remand plaintiffs there did not challenge the Air Force's religious accommodation policy itself, or press for declaratory judgment on the matter of full participation. Instead, the court found they sought only unpled retrospective relief.

This Court should find this case is not moot, and the case should proceed.

## I.    Background

On January 6, 2022, Air Force Officer filed her original Complaint. [Doc. 1]. The same day, she filed a motion for preliminary injunction, seeking to enjoin enforcement of the COVID-19 vaccine mandate against her. [Doc. 2]. On February 15, 2022, the Court granted her motion for preliminary injunction. [Doc. 51]; *Air Force Officer v. Austin*, 588 F. Supp. 3d 1338 (M.D. Ga. 2022). The order preliminarily enjoined enforcement of the COVID-19 vaccine mandate as to Air Force Officer only. *Id.* The Court recognized that the "Air Force's process to protect religious rights is both illusory and insincere," that it was "just 'theater.'" *Air Force Office*, 588 F. Supp. at 1338, 1354 (quoting *Navy SEALs 1-26 v. Biden*, 578 F. Supp. 3d 822, 826 (N.D. Tex. 2022)). But the Court did not grant relief beyond enjoining enforcement of the COVID-19 vaccine mandate against a single service member, Air Force Officer. *Id.* at 1347, 1352-57. The Air Force appealed the preliminary injunction order to the Eleventh Circuit. [Doc. 71].

On February 28, 2022, Air Force Officer filed a First Amended Class Action Complaint. [Doc. 56]. On April 27, 2022, Air Force Officer and the three additional Plaintiffs filed a Second Amended Class Action Complaint. [Doc. 84]. This is the governing Complaint. [Doc. 83].

The Second Amended Class Action Complaint challenges both the COVID-19 vaccine mandate and the broader accommodations policy. [Doc 84]. The numerous allegations challenging the broader vaccine accommodations policy include, for example, the following:

10. Plaintiffs and the Class challenge Defendants' orders, policies, and actions detailed below, facially for lack of exception for any religious exercise, and as applied to Plaintiffs and the Class in denying their particular requests for religious accommodation.

11. Defendants' orders, policies, and actions deprived and will continue to deprive Plaintiffs and other Class members of their paramount rights and guarantees under federal law, including under RFRA, the United States Constitution, and the APA.

31. The DoD Military Mandate states in part that "Military Departments should use existing policies and procedures to manage mandatory vaccination of Service members to the extent practicable."

104. In September 2021, the Air Force provided a form Religious Accommodation Request for Immunization Waiver ("Military Request Form").

105. The Military Request Form provides in part that a service member requesting a religious accommodation will certify, "I am making an informed decision and fully understand that my request may have an adverse impact on my deployability, assignment, and/or international travel."

106. The Military Request Form "reference[d]" "AFI 48-110, 16 Feb 18 *Immunizations and Chemoprophylaxis for the Prevention of Infectious Disease*" among other policies and procedures.

183. The Air Force's process purporting to protect religious rights protected by federal law and the Constitution is both illusory and insincere.

192. Defendants have engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and the Class members.

193. Similar or identical constitutional and statutory violations, processes, policies, practices, and harm are at issue with respect to each Class member.

196. Determination of the following common questions of law or fact will resolve in one stroke the following issues that are central to the validity of Plaintiffs' and each Class member's claims:

a. Whether the Air Force's process that supposedly protects religious rights as required by the Religious Freedom Restoration Act (RFRA) and the First Amendment is illusory and insincere. [Doc. 51, p. 25].

* * *

     c. Whether the Air Force has a policy, practice, or procedure of not conducting "to the person" assessment to which service members are entitled under RFRA and/or the First Amendment.

     199. All absent Class members have been injured, or are at risk of injury, as a result of the same processes, policies, or practices.

     236. Although the Mandates invite service members to apply for religious exemptions, the enforcement record shows that Defendants have adopted a policy of denying all religious accommodations without considering particular circumstances.

     275. Defendants' policy of denying all religious accommodation requests no matter the circumstances is vastly out of step with policies in the rest of the country, including in the countless workplaces across the country that currently provide religious accommodations without any evidence of causing harm.

     278. Because of Defendants' policy and actions, Plaintiffs and the Class have suffered irreparable harm and are entitled to relief.

In March, July, and August 2022, after this Court issued its February 15 preliminary injunction in this case, the District Court for the Southern District of Ohio, in *Doster v. Kendall*, entered preliminary injunctions against enforcement of the Air Force COVID-19 mandate as to the named plaintiffs in that case and a class of similarly situated Airmen. *Doster v. Kendall*, No. 1:22-CV-84 (ECF 47, 77, & 86). That class included the Plaintiffs in this case. [Doc. 121 & 122].

On August 5, 2022, this Court stayed proceedings pending resolution of the class-wide relief issued in *Doster*. [Doc. 124]. Similarly, on August 24, 2022, the Eleventh Circuit stayed the appeal of this Court's February 15 preliminary injunction pending resolution of the class-wide relief issued in *Doster*. [Doc. 125].

In December 2022, Congress passed and the President signed into law the 2023 National Defense Authorization Act (NDAA) which directed Defendant Austin to rescind the COVID-19 vaccine mandate applicable to the Air Force. Pub. L. No. 117-263, § 525, 136 Stat. 2395. In January 2023, Defendant Austin rescinded the mandate. [Doc. 126].[1]

---

[1] In May 2023, the President revoked Executive Order 14043 applicable to federal civilian employees. *See* https://www.whitehouse.gov/briefing-room/presidential-

In December 2023, the United States Supreme Court directed that the preliminary injunctions in *Doster* be vacated as moot in light of the rescission of the COVID-19 vaccine mandate. *Kendall v. Doster*, 144 S. Ct. 481 (2023). Upon remand, the District Court for the Southern District of Ohio requested briefing as to whether *Doster* was moot in its entirety. *Doster*, No. 1:22-CV-84 (S.D. Ohio Jan. 30, 2024) (notation order). In response, the plaintiffs argued the case was not moot because two named plaintiffs were seeking retrospective relief: back pay and points lost under the COVID-19 vaccine mandate. *Doster*, No. 1:22-CV-84 (S.D. Ohio Feb. 9, 2024) (ECF 125). In their briefing, *Doster* plaintiffs did not assert that they were challenging the unlawful religious accommodation policy itself or seek declaratory judgment on the matter of full participation. *Id.* Holding that the two plaintiffs did not request retrospective relief in their complaint (and that back pay and points are not remediable as retrospective relief besides), the district court dismissed the case as moot in its entirety. *Doster*, 2024 WL 1156426. The *Doster* plaintiffs appealed to the Sixth Circuit Court of Appeals, case no. 24-3404. That appeal remains pending.

On June 12, 2024, the Eleventh Circuit in this case granted the Air Force's unopposed motion to dismiss its appeal as moot, and vacated the preliminary injunction, but remanded to this Court "for further proceedings." [Doc. 128]. On June 13, 2024, this Court lifted the stay. [Doc. 129]. On July 1, 2024, this Court ordered the present briefing on whether the case is moot in its entirety. [Doc. 132]. As discussed below, the case is *not* moot in its entirety.

## II.    Legal Standard

Any remaining "concrete interest, however small, in the outcome of the litigation" defeats mootness. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S.

---

actions/2023/05/09/executive-order-on-moving-beyond-covid-19-vaccination-requirements-for-federal-workers/.

298, 307 (2012) (cleaned up). The party asserting mootness "bears the burden to establish that a once-live case has become moot." *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022). *See also Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 5-6) (quoting and citing *Chafin*, *Knox*, and *West Virginia* and related cases).

"It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). "[G]overnment defendants no less than [ ] private ones" have a "formidable burden" in showing that a voluntarily rescinded challenged practice "cannot reasonably be expected to recur." *FBI v. Fikre*, 601 U.S. 234, 241 (2024).

## III.  Discussion

The case is not moot. Plaintiffs assert a concrete interest in the outcome of the litigation. The Court can and should grant effectual relief. The Air Force cannot satisfy its burden of establishing the case has become moot.

### A.  Plaintiffs challenge the religious accommodation policy itself.

While the February 2022 preliminary injunction against the COVID-19 vaccine mandate has been vacated as moot, Plaintiffs continue to assert a concrete interest in the outcome of the litigation. Specifically, they challenge the Air Force's religious accommodation policy itself. "Although it is true that the Mandate was the vehicle by which Plaintiffs describe certain injuries, this was simply one application of the broader accommodations process." *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 5-6).

As detailed above in Section I, Plaintiffs make numerous allegations challenging the accommodation process itself. For example, they allege, "Plaintiffs and the Class challenge Defendants' *orders, policies, and actions* detailed below, facially for lack of exception for any religious exercise," (Second Amended Class Action Complaint, ¶ 10), "Defendants' *orders, policies, and actions*

deprived and will continue to deprive Plaintiffs and other Class members of their paramount rights and guarantees under federal law, including under RFRA, the United States Constitution, and the APA" (¶ 11), the "*process* purporting to protect religious rights protected by federal law and the Constitution is both *illusory and insincere*" (¶ 183), "the Air Force's *process* that supposedly protects religious rights as required by the Religious Freedom Restoration Act (RFRA) and the First Amendment is *illusory and insincere*" (¶ 196.a), "the Air Force has a policy, practice, or procedure of *not conducting 'to the person' assessments* to which service members are entitled" under the same laws (¶ 196.c), "[a]ll absent Class members have been injured, or are at risk of injury, as a result of the same *processes, policies, or practices*" (¶ 199), and "Defendants have adopted a *policy of denying all religious accommodations without considering particular circumstances*" (¶ 236) (emphasis added).

The Air Force has announced no changes to its illusory and insincere religious accommodations process. This illusory and insincere process is what enabled the coercive and discriminatory treatment of Plaintiffs and putative class members. *See Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 7) ("According to Plaintiffs, this allegedly 'sham' process is what enabled the coercive and discriminatory treatment of the Class Members while their accommodation requests sat unadjudicated"). These problems include: (1) foregoing the required individualized assessments, citing general interests to try to show compelling interest and least restrictive means; (2) permitting discrimination and coercive tactics to pressure service members to forgo their religious beliefs; and (3) authorizing Air Force leadership to dictate denial of all requests without considering the individual circumstances of the requests and current conditions or facts. Second Amended Class Action Complaint, *e.g.*, ¶¶ 108, 194, 196, 220, 250, 292-93; *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 7-8).

The Second Amended Class Action Complaint more than sufficiently pleads a challenge to the Air Force's unlawful religious accommodation policy.[2]

### B. The *Navy SEALs* case is on point.

The Navy case is on point. The Fifth Circuit dismissed as moot the Navy's appeal of the preliminary injunction against enforcement of the Navy's COVID-19 vaccine mandate.[3] On remand Judge O'Connor held that the claim for injunctive relief prohibiting enforcement of the vaccine itself was moot but held that the case was not moot in its entirety, because plaintiffs' challenge to the accommodation policy itself remained a live claim. *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262). Likewise here, the Eleventh Circuit dismissed as moot the Air Force's appeal of the preliminary injunction against enforcement of the Air Force's COVID-19 vaccine mandate. On remand, the Court should hold that the case is not moot, because Plaintiffs' challenge to the accommodation policy itself remains a live claim.

Plaintiffs' claims are virtually identical to the plaintiffs' claims in *Navy SEALs* and if anything present an even clearer challenge to the policy. The laws (including RFRA and the First Amendment) and many of the preexisting written religious-accommodation regulations that the Navy failed to follow as a matter of policy are the same laws and regulations that the Air Force fails to follow as a matter of policy in this case. The COVID-19 vaccine mandate simply served as the catalyst that unveiled the problems with this broader process during the pandemic. *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 7).

Similar to the *Navy SEALs* plaintiffs, Plaintiffs here cite the military's "policy and actions" as the cause of the Plaintiffs' injuries rather than the mandate specifically. *See* Second Amended Class Action Complaint, ¶¶ 278 & 348 ("Because of Defendants' policy and actions, Plaintiffs and the Class

---

[2] To the extent the Court disagrees, Plaintiffs request leave to amend. Fed. R. Civ. P. 15(a)(2).
[3] See Section III.D below.

have suffered irreparable harm and are entitled to relief."); *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 13 n.40) ("[E]ach cause of action cites to 'Defendants' policies and procedures'—rather than the Mandate specifically—as the cause of Plaintiffs' injuries."). Like the *Navy SEALs* plaintiffs, Plaintiffs here assert prospective remediable harms. Religious objectors understandably may have "hesitance to use the accommodations process going forward for *any* religious accommodation." *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 8) (emphasis added). "Plaintiffs retain a personal stake in this litigation." *Id.* at 9

Indeed, Plaintiffs challenge the unlawful accommodation policy itself even more explicitly than their counterparts in the Navy case. For example, Plaintiffs' allegations of common questions of law or fact in this case include at least two key allegations addressing the broader unlawful accommodation policy with *no reference* to the COVID-19 vaccine mandate: "[w]hether the Air Force's process that supposedly protects religious rights as required by the Religious Freedom Restoration Act (RFRA) and the First Amendment is illusory and insincere" and "[w]hether the Air Force has a policy, practice, or procedure of not conducting 'to the person' assessment to which service members are entitled under RFRA and/or the First Amendment." Second Amended Class Action Complaint, ¶¶ 196(a), (c). By contrast, *all* of the common questions of law or fact alleged in the Navy case *expressly* reference the "COVID-19 Vaccine Mandate." *See Navy SEALs* Am. Cmplt. (ECF 84) at 15-20 (*e.g.*, "[w]hether the Navy has a policy or practice of denying all Religious Accommodation requests *concerning the COVID-19 Vaccine Mandate*," "[w]hether the Navy has a policy or practice of not conducting an individualized assessment of all Religious Accommodation request *concerning the COVID-19 Vaccine Mandate*," etc.) (emphasis added). The district court nevertheless cited those specific "COVID-19 Vaccine Mandate" allegations in support of its finding that the Navy service member plaintiffs challenged the accommodation policy, *i.e.*, "that their underlying harms derive from the lack of a proper religious accommodation process, rather than exclusively from the Mandate itself." *Navy*

*SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 9 & 9 n.24). *A fortiori*, Plaintiffs' allegations challenging the religious accommodation policy itself, and not referencing the mandate, more than sufficiently challenge the policy and state a live claim.[4]

### C. The Navy settlement further demonstrates the need for relief here.

The Navy recently settled with the *Navy SEALs* plaintiffs. The court issued its final approval order on July 24, 2024. *Navy SEALs 1-26* (N.D. Tex. July 24, 2024) (ECF 320). The settlement provides various relief including the military's commitment to: "re-review" the personnel records of all class members and ensure permanent removal of any records even "indicating" adverse action or misconduct based on alleged non-compliance with the vaccine mandate, or any related adverse "information;" provide language in selection boards' convening orders specifying they "must not consider any [such] adverse information"; make a public declaration of the importance of accommodating sincerely held religious beliefs; create a training presentation explaining Navy decisionmakers' obligation to timely adjudicate a service member's religious accommodation request, "individually assess" such request, and provide "individualized justification" in granting or denying such request; and pay attorneys' fees to plaintiffs' counsel. *Navy SEALs 1-26* (N.D. Tex. May 31, 2024) (ECF 279, Settlement Agreement, ¶¶ 19-24).

Plaintiffs are entitled to equal protection under the law, under the Fifth Amendment of the Constitution. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("[A]ll persons similarly situated should be treated alike"). As religious-objector service members who are similarly situated to the religious-objector service members in the Navy case in all relevant respects, Plaintiffs are entitled to relief that is comparable to the relief plaintiffs obtained in the Navy case. *See, e.g., Schreiber*

---

[4] The court in *Navy SEALs 1-26* "distinguish[ed]" several other military vaccine cases (including *Doster* and others) where, the court found, plaintiffs did not challenge the broader religious accommodation process. *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 4-5, 12, 24). The court rightly did not include and could not have included the present case among the "distinguish[able]" cases. *See id.*

*v. Wick*, 362 F. Supp. 193, 194 (N.D. Ill. 1973) ("The conflicting policy between branches of military service concerning the [hair] grooming of reservists might well involve constitutional problems of equal protection and due process.").[5] There is no basis in law or military purpose in honoring the religious-liberty rights of Navy service members and not those of Air Force service members.

Federal constitutional and statutory rights are at stake here, including religious-liberty rights under the First Amendment and RFRA. This is not a matter of merely seeking uniformity among the branches in matters of physical fitness, discipline, service needs, or the like. *See, e.g., Vance v. U.S.*, F. Supp. 826, 839 n.16 (N.D. Tex. 1977) (a service member is not entitled as a matter of equal protection to a higher bodyweight limit allowed by another branch). There is no right to uniformity *per se* among the branches. But where federal constitutional or statutory rights are implicated, the government cannot honor those rights for some service members and not others who are similarly situated. *Schreiber*, 362 F. Supp. at 194. Because federal constitutional and statutory rights are implicated here, the government must honor the rights of Air Force service members as much as Navy service members. At the very least, the Navy settlement demonstrates that the military itself acknowledges there is some relief that can be granted to service members. The case is not moot.

### D.  Voluntary cessation of additional restrictions also prevents mootness.

The Air Force acknowledges that its policies restoring unvaccinated service members to full participation were not required by the 2023 NDAA. Indeed, Defendant Austin's January 2023 rescission memo expressly maintained "the ability of commanders to consider" service members'

---

[5] *See Harris v. Kaine*, 352 F. Supp. 769, 775 (S.D.N.Y. 1972) ("[T]he right to wear one's hair at any length or in any desired manner… is an ingredient of personal freedom protected by the United States Constitution.").

COVID-19 vaccine status "in making deployment, assignment, and other operational decisions."[6] Only later did Defendant Austin voluntarily change course and state, as a general matter, that "commanders will not … consider a Service member's COVID-19 immunization status in making deployment, assignment, and other operational decisions."[7]

Plaintiffs here challenged precisely such restrictions on their ability to participate fully in the Air Force. *See, e.g.*, Second Amended Complaint, ¶ 157 (Air Force Special Agent complaining he was wrongfully denied promotion based solely on his religiously motivated COVID-19 vaccination status); ¶¶ 223-24 (Plaintiffs complaining that adverse impacts on their deployability, assignments, or international travel based on their religiously motivated COVID-19 vaccine status "can have permanent and lasting effects on" their careers). But it is "well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality -of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

Two court decisions limited certain relief but do not preclude application of the voluntary cessation doctrine here. First, the Supreme Court vacated the class-wide preliminary injunction for a class of Air Force service members (including Plaintiffs here) in *Kendall v. Doster*, 144 S. Ct. 481 (2023)—notably after the Air Force explicitly pointed to policies restoring unvaccinated members to full participation.[8] Indeed, "[s]uch abandonment" of prior discrimination "is an important factor bearing on the question whether a court should exercise its power to *enjoin* the defendant from

---

[6] Sec'y. Austin Rescission Memo, at p. 2 (Jan. 10, 2023), https://www.documentcloud.org/documents/23569782-secretary-of-defense-memo-on-rescission-of-coronavirus-disease-2019-vaccination-requirements-for-members-of-the-armed-forces?responsive=1&title=1.

[7] Sec'y. Austin Guidance Memo, at p. 2 (Feb. 24, 2023), https://media.defense.gov/2023/Feb/24/2003167584/-1/-1/1/GUIDANCE-FOR-IMPLEMENTING-RESCISSION-OF-082421-AND-113021-COVID-19-VACCINATION-REQUIREMENTS-FOR-MEMBERS-OF-THE-ARMED-FORCES-OSD001649-23-RES-FINAL.PDF.

[8] Petitioner's Petition for Writ of Certiorari, p. 18, paragraph a., *Kendall v. Doster*, No. 23-154 (Aug. 16, 2023).

renewing the practice, *but* that is a matter relating to the *exercise* rather than the *existence* of judicial power" to decide the case. *City of Mesquite*, 455 U.S. at 289 (emphasis added). In other words, even if "further violations [are] sufficiently remote to make *injunctive relief* unnecessary," the Court still "ha[s] no choice but to decide" the case so long as the Air Force has not shown that "subsequent events ma[k]e it absolutely clear that [*voluntarily rescinded*] allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 289 n.10. The Supreme Court thus remanded in *Doster* for further proceedings. *Doster*, 144 S. Ct. 481. (See also Section III.E below.)

Second, the Fifth Circuit held that similar voluntary restoration of full participation *in the Navy* effectively mooted the need for a preliminary injunction. *Navy Seals 1-26 v. Biden*, 72 F.4th 666, 673-75 (5th Cir. 2023).[9] But again, that decision was about *injunctive relief*, not a declaratory judgment, and the Fifth Circuit expressly recognized that its holding "does not end the litigation." *Id.* at 676. Moreover, the Court's analysis hinged on an erroneous premise that has since been superseded by the Supreme Court. Specifically, the Fifth Circuit stated "[t]he voluntary cessation analysis is somewhat different with respect to a government defendant," which allegedly "bears a *lighter burden*" in showing no reasonable likelihood of recurrence. *Id.* at 673 (emphasis added, internal quotes omitted). However, more recently the Supreme Court has clarified that "government defendants *no less than [] private ones*" have a "*formidable burden*" in showing that a voluntarily rescinded challenged practice "cannot reasonably be expected to recur." *Fikre*, 601 U.S. at 241 (emphasis added, internal quotes omitted). Further, whereas the Fifth Circuit stated the question was whether the Navy "issued the post-rescission policies with an eye toward resuming the challenged conduct *as soon as the courts were done*,"

---

[9] The related doctrine of capable of repetition but evading review, *see, e.g.*, *Roberts v. Sec'y, Dep't of Corr.*, No. 23-12289, 2024 WL 1830713, at *3 (11th Cir. Apr. 26, 2024), yields the same result here: the case is not moot. The Fifth Circuit expressly did not decide the capable-of-repetition issue in *Navy SEALs 1-26*, 72 F.4th at 675.

*Navy SEALs*, 72 F.4th at 675 (emphasis added), the Supreme Court clarified that the question is actually "whether the challenged conduct might recur immediately *or later at some more propitious moment*," *Fikre*, 601 U.S. at 778 (emphasis added).

Here, as in *Fikre*, "[n]othing the government offers satisfies that formidable standard." *Id.*[10] Accordingly, the Air Force has failed to show mootness for this additional reason.

### E. The recent *Doster* dismissal order is irrelevant.

The district court's dismissal order in *Doster* is irrelevant. Unlike in this case and in *Navy SEALs*, the *Doster* plaintiffs on remand did *not* assert that they were challenging the unlawful religious accommodation policy itself, or press for declaratory judgment on the matter of full participation. *Doster*, 2024 WL 1156426, at *1-2; *Doster*, No. 1:22-CV-84 (S.D. Ohio Feb. 9, 2024) (ECF 125). Instead, the *Doster* plaintiffs argued for retrospective relief only (back pay and points) for two named plaintiffs, based on the unlawful COVID-19 vaccine mandate. *Id.* Holding that the two plaintiffs did not request such retrospective relief in their complaint (and that back pay and points are not remediable as retrospective relief besides), the district court dismissed the case as moot in its entirety. *Doster*, 2024 WL 1156426, at *2-5.[11] By contrast, in this case and in *Navy SEALs*, Plaintiffs alleged the need for and continue to seek prospective relief, challenging the unlawful religious accommodation policy itself.

---

[10] *See, e.g.*, Statement of Administration Policy on H.R. 2670 (proposed 2024 NDAA) (July 10, 2023), at p. 5 (Biden Administration opposing additional protections for non-COVID-19 vaccinated service members because it "would prevent the Secretary from taking appropriate action in the future should a new strain of COVID-19 again require vaccination for force health protection"), https://www.whitehouse.gov/wp-content/uploads/2023/07/H.R.-2670-NDAA.pdf.

[11] Even so, that case has not reached final resolution; the *Doster* plaintiffs appealed to the Sixth Circuit, and that appeal remains pending. The *Doster* plaintiffs also seek attorneys' fees based on the now-vacated preliminary injunctions. *Doster*, No. 1:22-CV-84 (ECF 129). Plaintiffs here also intend to seek fees in due course. [Doc. 131, ¶ 4]. Plaintiffs are entitled to fees even where their prevailing party status is based solely on a preliminary injunction that is later deemed moot. *See, e.g.*, *Beta Upsilon Chi Upsilon Chapter at Univ. of Fla. v. Machen*, 446 F. App'x 192, 192-93 (11th Cir. 2011); *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1355-56 (11th Cir. 2009).

**IV.**     **Conclusion**

This case is not moot. Prospective claims for equitable including declaratory relief remain live. *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262). Plaintiffs challenge the Air Force's unlawful religious accommodation policy itself. *Id.*

Dated: July 26, 2024

Respectfully submitted,

/s/ Michael G. McHale

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 63114
(402)501-8586
mmchale@thomasmoresociety.org

Michael R. Hirsh, GA #357220
Hirsh Law Office, LLC
2295 Towne Lake Parkway, Suite 116-181
Woodstock, GA 30189
(678)653-9907
michael@hirsh.law

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

*Counsel for Plaintiffs*