UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, **AIR FORCE NCO**, **AIR FORCE SPECIAL AGENT**, and **AIR FORCE ENGINEER**, on behalf of themselves and all others similarly situated, <br><br>                        Plaintiffs, <br>v. <br><br> **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense; **FRANK KENDALL**, **III**, in his official capacity as Secretary of the Air Force; and **ROBERT I. MILLER**, in his official capacity as Surgeon General of the Air Force, <br><br>                        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 5:22-cv-00009-TES |

**PLAINTIFFS' RESPONSE BRIEF REGARDING MOOTNESS**

Plaintiffs' claims are not moot. The *Navy SEALs* mootness decision demonstrates that Plaintiffs here, like the *Navy SEALs* plaintiffs, allege viable claims challenging the religious accommodation process itself. The Air Force disregards that decision as an "outlier," but it is the most directly relevant case. Like the *Navy SEALs* plaintiffs, Plaintiffs here are reasonably hesitant to submit any other religious accommodation requests because the sham process remains in place. Plaintiff Air Force NCO retired early because of this hesitance. And the Air Force ignores altogether the settlement recently finalized in *Navy SEALs* and the settlement's impact on the present case.

Plaintiffs' request for declaratory relief related specifically to the COVID-19 vaccine is not moot under the voluntary cessation doctrine and the related doctrine of capable of repetition but evading review. The Air Force ignores the Supreme Court's recent unanimous decision in *FBI v. Fikre*,

1

601 U.S. 234 (2024), and relies on testimony to Congress that confirms the Air Force fails to meet its formidable burden of showing the challenged practice cannot reasonably be expected to recur.

### A. As in *Navy SEALs*, Plaintiffs challenge the religious accommodation policy itself.

The Air Force identifies the *Navy SEALs* decision in a single footnote, dismissing the case as an "outlier." Air Force Op. Br. at 1, 10 n.1. The *Navy SEALs* decision is an outlier only insofar as the allegations there included a challenge to the broader religious accommodation process itself, *unlike*, the court held, several other military vaccine cases it distinguished. Pls. Op. Br. at 10 n.4. As discussed at length in Plaintiffs' opening brief, Plaintiffs here make even stronger allegations challenging the policy than the plaintiffs in *Navy SEALs*. *Id.* at 8-10.

The Air Force asserts that *Navy SEALs* was "incorrectly decided" because plaintiffs faced no cognizable injury. Air Force Op. Br. at 10 n.1. Not so. The Navy defendants—including Defendant Secretary Austin who is also a defendant in this case—never appealed the *Navy SEALs* decision, so the assertion that the decision was "incorrectly decided" rings hollow. In any event, as here, the *Navy SEALs* alleged a cognizable injury in that the requested relief was tied to "present and future harms due to *hesitance to use the accommodations process going forward* for any religious accommodation." *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 (Exhibit A to Pls. Op. Br.) at 8) (emphasis added). *See also* Pls. Op. Br. at 9.

Indeed, Plaintiff Air Force NCO retired from service because of his hesitance to use the accommodation process going forward for any religious accommodation. *See* Declaration of Air Force NCO (Exhibit B hereto) at ¶¶ 2-6. He had religious objections to other vaccines he reasonably expected the Air Force would order him to take, and he was reasonably concerned that the Air Force would subject him to the same illusory and insincere religious accommodation process. *Id.* at ¶ 6. Instead of again facing this illusory and insincere process, Air Force NCO chose to retire early. *Id.* at ¶¶ 5-6.

The other Plaintiffs—Air Force Officer,[1] Air Force Special Agent, and Air Force Engineer—are also hesitant to use the accommodation process again. *See* ¶¶ 2-4 of Declarations of Air Force Officer, Air Force Special Agent, and Air Force Engineer (Exhibits C, D, and E hereto). This hesitance is reasonable and is not, as the Air Force characterizes it (Air Force Op. Br. at 12, 13, 18), merely "hypothetical." *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 8-9). Air Force NCO, for one, chose to retire based on this hesitance. Decl. of Air Force NCO at ¶¶ 2-6. Plaintiffs are all well aware the Air Force hasn't changed its practice of failing to make an individualized "to the person" assessment of an accommodation request. *Id.* at ¶ 3; Decl. of Air Force Officer at ¶ 3; Decl. of Air Force Special Agent at ¶ 3; Decl. of Air Force Engineer at ¶ 3.[2] To have standing, Plaintiffs need not prove that the military has already denied other accommodation requests beyond those for the COVID-19 vaccine. *Navy SEALs 1-26* (N.D. Tex. Feb. 14, 2024) (ECF 262 at 8-9). It is enough to be

---

[1] The Air Force states that "Air Force Officer had also submitted a request for military retirement, but she successfully rescinded that request on May 20, 2022 and is no longer being processed for retirement." Air Force Op. Br. at 13 n.2. To be clear, Air Force Officer submitted that request for retirement under protest; she was "stripped of her duties, benefits, and pay, and forced into early retirement for showing fidelity to her religious beliefs." *Air Force Officer v. Austin*, 588 F. Supp. 3d 1338, 1347, 1356 (M.D. Ga. 2022) (cleaned up). This Court issued a preliminary injunction enjoining adverse action against her, "specifically including forcing her to retire." *Id.* at 1357. That preliminary injunction allowed Air Force Officer to rescind her forced early retirement. *Id.*

[2] The Air Force tries to justify its practice of wholesale denial of religious accommodation requests based at least in part on a claimed need to consider the "collective impact" of accommodations on "[r]eadiness and deployability." [Doc. 133-4 at 5]. Plaintiffs maintain this violates the requirement of making an individualized "to the person" assessment of each accommodation request under the Religious Freedom Restoration Act (RFRA). *See Air Force Officer*, 588 F. Supp. 3d at 1353 ("RFRA requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged policy 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened…. Thus, the Court must look beyond broadly formulated interests, such as maintaining the health and readiness of military forces and instead consider the asserted harm of granting specific exemptions to particular religious claimants.") (cleaned up). *See also* Pl. Op. Br. at 2-4, 6-8 (detailing Plaintiffs' challenge to the sham accommodation policy itself). Plaintiffs intend to pursue this challenge if the Court finds the case is not moot.

reasonably hesitant, given their past experience with the sham process, the military's failure to fix it, and service members' concern that future accommodation requests would be subject to the same sham process.[3] *Id. Cf. Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1124 (11th Cir. 2022) ("Because the bias-related-incidents policy objectively chills student speech, Speech First's members have standing to challenge it.").

While the Air Force tries to downplay the *Navy SEALs* mootness decision, the Air Force makes no mention whatsoever of the court-approved settlement in that case. The Navy chose not to appeal the mootness decision and then agreed to a settlement consistent with the decision and favorable to religious objectors. Pls. Op. Br. at 10-11. As discussed in Plaintiffs' opening brief, the court-approved Navy settlement agreement further demonstrates the need for relief here. *Id.*

**B.     Voluntary cessation of additional restrictions also prevents mootness.**

The Air Force argues the voluntary cessation doctrine doesn't apply because the recission of the military[4] vaccine mandate was involuntary. Air Force Op. Br. at 16. While the rescission of the 2021 mandate itself was involuntary in that the 2023 NDAA compelled the rescission, any *restoration of Air Force service members to full participation* was and is *voluntary*. Pls. Op. Br. at 11-12. The NDAA did not require or even address such restoration. Therefore the voluntary cessation doctrine applies to any such voluntary efforts to restore service members to full participation.

---

[3] Even if retired Air Force NCO himself no longer has an ongoing personal stake in this case, the other Plaintiffs do. In any event, Air Force NCO's decision to retire, a result of the Air Force's refusal to fix its illusory and insincere religious accommodation process, is directly relevant to the standing of other religious-objector service members who are still in the Air Force including the three other Plaintiffs.

[4] The Air Force does not and cannot contend that the federal civilian employee vaccine mandate was *involuntarily* rescinded. Air Force Op. Br. at 20. Of the four Plaintiffs, the federal civilian employee mandate applied only to Air Force Officer. *See* Second Amended Class Action Complaint, ¶¶ 62, 110-111, 121, 126-130.

Ignoring *Fikre*, the Supreme Court's recent 9-0 voluntary-cessation decision, the Air Force relies on military leaders' Congressional testimony (Air Force's Exhibits B & D [Docs. 133-2 and 133-4]) to support its claim there's "no indication" any COVID-19 vaccine requirements will be reinstated (Air Force Op. Br. at 17). The testimony supports Plaintiffs' position, not the Air Force's; it proves that the challenged practice *can* reasonably be expected to recur and that the case is therefore not moot under *Fikre*. For example, Under Secretary Ortiz Jones testified that "there may be situations in the future when vaccination status will be a consideration." [Doc. 133-4 at 6]. And Under Secretary Cisneros testified that "[t]he future course of the COVID-19 pandemic is unknown. The Department must maintain its flexibility to adjust policies as needed to protect the Force and defend the nation amid changing public health conditions." [Doc. 133-2 at 8]. The Air Force hedges that it *currently* has no plans to implement another "broad" vaccination requirement and that any vaccination requirement or consideration would likely be "rare" and maybe "narrower." Air Force Op. Br. at 17-18; Docs. 133-2 & 133-4. The Air Force falls well short of carrying its "*formidable* burden" of showing the challenged practice "*cannot reasonably be expected*" to recur, whether "immediately or *later* at some more propitious moment." *Fikre*, 601 U.S. at 242-43 (emphasis added); *see also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (where challenged policy is rescinded *voluntarily*, "remote" possibility of recurrence does not moot claim for declaratory relief).

There is plenty of other evidence that the challenged practice can reasonably be expected to recur. For example, the Air Force continues to require seasonal influenza vaccines "to maintain individual medical readiness and reduce risk to the mission" [Doc. 133-2 at 4], and the Centers for Disease Control and Prevention (CDC), upon whose guidance the Air Force heavily relies [Doc. 133-2 at 5]; [Doc. 133-4 at 2], still generally considers COVID-19 to be *more* severe and *more* contagious and to require a *longer* recovery period than the flu.[5] If the Air Force imposes restrictions as to the less-

---

[5] *See* https://www.cdc.gov/flu/symptoms/flu-vs-covid19.htm (last visited August 16, 2024).

serious flu virus, why wouldn't it consider reinstituting restrictions as to the more-serious COVID-19 virus? For this additional reason, the challenged practice can reasonably be expected to recur, and the Air Force fails to carry its formidable burden of showing otherwise.

The Air Force also mistakenly claims it's entitled to "considerabl[e]" deference as a *government* defendant, citing older Eleventh Circuit caselaw. Air Force Op. Br. at 17. The government is entitled to no deference at all. As discussed in Plaintiffs' opening brief (Pls. Op. Br. at 6, 13), the Supreme Court recently and unanimously held that "*government defendants no less than [ ] private ones*" have a "formidable burden" in showing that a voluntarily rescinded challenged practice "cannot reasonably be expected to recur." *Fikre*, 601 U.S. at 241; *see also* Oral Argument Transcript, *FBI v. Fikre*, No. 22-1178 (Jan. 8, 2024),[6] at page 27:1-9 (Justice Kavanaugh, in response to government's argument that it is entitled to a "presumption of regularity," stating: "That's not really the standard. The standard is whether it's reasonably likely to recur"; the government responded: "Right"); *see also id. at* page 38:17-19 (Justice Kagan explaining that "we are extremely committed to" "our voluntary cessation rule," in response to government's argument that it's "just speculating" to suggest the harm could recur). Prior to *Fikre* some courts had held government defendants are entitled to deference in the voluntary cessation analysis, but that is not the law. *Fikre*, 601 U.S. at 241-43. Even if, contrary to law, the government were somehow entitled to some deference, the Air Force does not and cannot carry its formidable burden.

**C.     "Capable of repetition but evading review" also prevents mootness.**

For the same or very similar reasons that the doctrine of voluntary cessation saves the case from mootness, the doctrine of "capable of repetition but evading review" also does. As discussed, there is a reasonable expectation that Plaintiffs will be subject to the same action again.

---

[6] https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-1178_7lhn.pdf.

The Air Force claims that the challenged activity is not "short" enough to evade review but at the same time continues to assert that the need to impose COVID-19-related restrictions is ever "evolving" and that it needs to "maintain its flexibility to adjust policies… amid changing public health conditions." [Doc. 133-2 at 3, 6, 8]; [Doc. 133-4 at 7]. As evidenced in this and other vaccine mandate cases, the military is demonstrably willing and able to withdraw its policies before aggrieved service members can obtain full and proper relief. The challenged conduct is capable of repetition but evades review.

Dated: August 16, 2024

Respectfully submitted,

/s/ Adam S. Hochschild

| | |
|---|---|
| Stephen Crampton, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>PO Box 4506<br>Tupelo, MS 38803<br>(662)255-9439<br>scrampton@thomasmoresociety.org | Michael R. Hirsh, GA #357220<br>Hirsh Law Office, LLC<br>2295 Towne Lake Parkway, Suite 116-181<br>Woodstock, GA 30189<br>(678)653-9907<br>michael@hirsh.law |
| Adam S. Hochschild, *pro hac vice*<br>Hochschild Law Firm<br>THOMAS MORE SOCIETY – Special Counsel<br>PO Box 401<br>Plainfield, VT 05667<br>(314)503-0326<br>adam@hochschildlaw.com | Mary Catherine Hodes, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>112 S. Hanley Rd., Second Floor<br>Clayton, MO 63105<br>(314)825-5725<br>mchodes@thomasmoresociety.org |
| Michael McHale, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>10506 Burt Circle, Ste. 110<br>Omaha, NE 63114<br>(402)501-8586<br>mmchale@thomasmoresociety.org | Paul M. Jonna, *pro hac vice*<br>LiMandri & Jonna LLP<br>THOMAS MORE SOCIETY – Special Counsel<br>P.O. Box 9120<br>Rancho Santa Fe, CA 92067<br>(858)759-994<br>pjonna@limandri.com |

*Counsel for Plaintiffs*