IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AIR FORCE OFFICER**, **AIR FORCE NCO**, **AIR FORCE SPECIAL AGENT**, and **AIR FORCE ENGINEER**, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, *individually and in his official capacity as Secretary of Defense*;<br><br>**FRANK KENDALL, III**, *individually and his official capacity as Secretary of the Air Force*; and<br><br>**ROBERT I. MILLER**, *individually and his official capacity as Surgeon General of the Air Force*,<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:22-cv-00009-TES** |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Following the Court's Memorandum Opinion and Order on Mootness [Doc. 145], the above-listed Plaintiffs filed a Motion for Reconsideration [Doc. 149] pursuant to Local Rule 7.6 and Federal Rule of Civil Procedure 59(e).[1] [Doc. 149, p. 1].

---

[1] Local Rule 7.6 also provides a 14-day period for parties to respond to efforts seeking reconsideration. LR 7.6, MDGa. Apparently confident in their position, Defendants opted to forego their opportunity to respond to Plaintiffs' Motion for Reconsideration, effectively taking a knee and sitting this round of briefing out.

A.  **Legal Standards**

Under Local Rule 7.6, "[m]otions for reconsideration shall not be filed as a matter of routine practice" and are not intended to provide an opportunity for the moving party "to instruct the [C]ourt on how [it] 'could have done it better' the first time." LR 7.6, MDGa; *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Rule 59(e) permits filing motions "to alter or amend a judgment" within 28 days after entry of the judgment if "reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, No. 5:18-CV-00104-TES, 2019 WL 1938801, at *1 (M.D. Ga. May 1, 2019).

B.  **Plaintiffs' Motion for Reconsideration**

Plaintiffs' sole basis for seeking reconsideration comes from their assertion that

the Court "apparently overlooked" a Notice of Additional Authority [Doc. 144] filed in connection with their Opening Brief Regarding Mootness [Doc. 134]. [Doc. 149-1, pp. 1–2, 5]. The Court did not overlook the case in question, *Crocker v. Austin*, 115 F.4th 660 (5th Cir. 2024); it simply chose not to discuss another out-of-circuit, and therefore, non-binding decision in determining that Plaintiffs' claims asserted in their Second Amended Class Action Complaint [Doc. 84] are now moot. [*Id.* at p. 2]; *see generally* [Doc. 145]; *see also Colonel Fin. Mgmt. Officer v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023); *Roth v. Austin*, 62 F.4th 1114 (8th Cir. 2023); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023); *Navy Seal 1 v. Austin*, No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023).

The Court thought that its discussion on the more-pressed, just-as-similar, and other out-of-circuit case, *U.S. Navy SEALs 1–26 v. Austin*, was sufficient to forego any discussion on *Crocker*. *See* Order, *U.S. Navy Seals 1-26 v. Austin*, No. 4:21-cv-01236-O (N.D. Tex. Feb. 14, 2024), ECF No. 262. Although Plaintiffs, in both their Notice of Additional Authority and Motion for Reconsideration, discuss their thoughts on *Crocker*'s impact, their Motion for Reconsideration largely rests on the fact that the Court decided not to discuss that case in its Memorandum Opinion and Order on Mootness. *See* [Doc. 149-1, pp. 2–3]; *see also* [Doc. 144, p. 1]. It is axiomatic that a court's decision to not discuss every case cited or relied upon by parties doesn't create an avenue for reconsideration under the criteria listed above. So, to the extent Plaintiffs'

Motion for Reconsideration is predicated on the Court's lack of discussion on *Crocker*, their Motion is **DENIED**.

Even though the Fifth Circuit, via *Crocker*, lent some degree of persuasive authority to the Court on the issue of mootness, the Court came to a different conclusion in reviewing Plaintiffs' Second Amended Class Action Complaint under binding Eleventh Circuit precedent. It cannot be overlooked that each claim for relief in Plaintiffs' Second Amended Class Action Complaint circled back to enjoining enforcement against one thing: the mandates requiring vaccination against COVID-19 that are no longer in effect. [Doc. 84, pp. 47–48]; [Doc. 145, p. 5]. Still though, Plaintiffs argue that they "have plausibly alleged present and ongoing harm" to keep their claims alive. [Doc. 149-1, p. 4]. With respect to their argument that they labor under an "ongoing harm," the Court simply disagrees. [*Id.*]. Plaintiffs argue that their Second Amended Class Action Complaint, "more so even than *Crocker*," speaks to challenges against the broader religious accommodations policy—even though that broader policy (while apparently still in place) isn't currently being used against them. [Doc. 149-1, p. 5]; *see, e.g.*, [Doc. 135-2, Air Force Officer Decl., p. 2 ¶ 3]. To support this, Plaintiffs point to their "declarations attesting to their personal, present, and ongoing fear that they will be harmed when seeking religious accommodations from *other requirements in the future*." [*Id.* (emphasis added)].

In *Crocker*, the Fifth Circuit found that "[t]he Air Force's rescission of the vaccine

4

mandate and removal of adverse actions does not ensure that it will not discriminate against [Service members] in the future." 115 F.4th at 668. Whether that's true underscores this Court's reasoning in its Memorandum Opinion and Order on Mootness. In this Court's humble opinion, the Fifth Circuit's *Crocker* decision can't be squared with Eleventh Circuit precedent that "[t]he remote possibility that an event *might* recur is not enough to overcome mootness." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (emphasis added). The Fifth Circuit also noted that "[t]he plaintiffs . . . alleged 'that their underlying harms derive from the lack of a proper religious accommodation process,' took 'issue with "Defendants' policies and practices" rather than just the [COVID-19 vaccine mandate],' and expressed 'hesitance to use the accommodations process going forward' because 'Defendants have announced no changes to [the] overarching religious accommodations process.'" *Crocker*, 115 F.4th at 668 (quoting Order at 7, 9–10, 12, *U.S. Navy Seals 1-26*, No. 4:21-cv-01236-O, ECF No. 262).

Ostensibly relying on that precise language, Plaintiffs filed declarations surrounding their "hesitan[cy] to submit any other religious accommodation requests" and "subject [themselves] to the Air Force's religious accommodation process again." [Doc. 135-1, Air Force NCO Decl., p. 2 ¶ 4]; [Doc. 135-2, Air Force Officer Decl., p. 2 ¶ 4]; [Doc. 135-3, Air Force Special Agent, Decl., p. 2 ¶ 4]; [Doc. 135-4, Air Force Engineer Decl., p. 2 ¶ 4]. Tellingly, though, Plaintiffs can't (or don't) provide a reason they would

be further subjected to the Air Force's religious accommodation process *since* the recission of the COVID-19 vaccination mandates. Thus, Plaintiffs' declarations show nothing more than "possible future injury." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). As the Court has already noted, and will note again, plaintiffs in the Eleventh Circuit "must present some 'reasonable, non-speculative explanation that the allegedly unlawful action will happen again[.]'" [Doc. 145, p. 16 (quoting *Health Freedom Def. Fund v. President of U.S.*, 71 F.4th 888, 893 (11th Cir. 2023))]; *see also Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (citing *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001)).

Not only would Plaintiffs have the Court ignore binding Eleventh Circuit precedent and apply *Crocker* from the Fifth Circuit on the speculative notion that they'll be subject to some unknown (and perhaps not even unwanted) vaccine at some undetermined point in time, but they would also have it ignore the Supreme Court's "repeated[ ] reiterat[ion]" that "threatened injury must be *certainly impending* to constitute injury in fact" and that "[a]llegations of possible future injury" are not sufficient. *Clapper*, 568 U.S. at 409 (emphasis added). Even considering Plaintiffs' declarations, they present speculation from all angles and certainly do not express any concern for an impending threat of injury. Such speculation presents a real "ripeness" issue for Plaintiffs. "The ripeness doctrine keeps federal courts from deciding cases prematurely and protects them from engaging in speculation or wasting their resources

6

through the review of potential or abstract disputes."[2] *Lozman v. City of Riviera Beach, Fla.*, --- F.4th ----, 2024 WL 4500961, at *3 (11th Cir. Oct. 16, 2024) (quoting *Rivera*, 613 F.3d at 1050). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.*

Yes, the Court recognizes Plaintiffs' argument that their "*core* allegation" for class-wide relief (sought on February 28, 2022) was based on "[t]he harm sustained . . . from . . . Defendants' processes, policies, or practices *of across-the-board denial of all religious accommodation requests*." [Doc. 149-1, p. 4 (quoting [Doc. 84, ¶ 194 (emphasis added)])]; [Doc. 56, ¶ 109]; [Doc. 57]; *but see* [Doc. 44-1, Holbrook Decl., ¶ 3 (noting that "as of February 4, 2022, nine . . . religious accommodation requests . . . have been approved within" the Air Force with respect to exemptions from the COVID-19 vaccine)], *in connection with* [Doc. 84, ¶ 194]. Had the COVID-19 mandates remained in

---

[2] "Like mootness, '[t]he ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."'" *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1315 (11th Cir. 2000) (quoting *Wilderness Soc'y v. Alcock*, 83 F.3d 386, 390 (11th Cir. 1996)). While mootness and ripeness are two out of the three distinct strands that comprise the justiciability doctrine, they heavily overlap. *United States v. Rivera*, 613 F.3d 1046, 1050 (11th Cir. 2010).

That said, Plaintiffs' reliance on *U.S. Navy SEALs 1–26* lends to their agreement that their "claim[s] for injunctive relief prohibiting enforcement of the vaccine [*mandates*] [are] moot"; however, their Second Amended Class Action Complaint, as pled, does not present any ripe, "sufficiently defined and concrete" claims on which the Court may render a decision. *See* [Doc. 134, p. 8]; *in connection with* Order at 1–2, *U.S. Navy Seals 1-26*, No. 4:21-cv-01236-O, ECF No. 262; *see also* [Doc. 134, p. 8 n.2]. As of now—right now— there are no allegations concerning vaccination mandates of any kind to which Plaintiffs may be subjected; thus, there are no "sufficiently mature" claims before the Court. *See Mize v. Pompeo*, 482 F. Supp. 3d 1317, 1329 (N.D. Ga. 2020) (citing *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1213 n.2 (11th Cir. 2019) ("The Supreme Court has described mootness as merely the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).")).

effect or had there been some other objectionable vaccine mandate of concern, Plaintiffs' claims concerning an alleged "harm sustained . . . from . . . across-the-board denial of [*their*] religious accommodation requests" would not be moot. [Doc. 84, ¶ 194]. However, without *any* allegation that Plaintiffs "are seeking a religious accommodation for some other vaccine," the Court cannot square the Fifth Circuit's decision in *Crocker* with what it must follow when it comes to binding precedent from the Eleventh Circuit. [Doc. 145, pp. 10–11, 13, 15–16].

Even though Plaintiffs say that the mandates were the "vehicle" they used to challenge the religious accommodations policy, one thing's for certain, their arguments—and thus, the true "core" of this case because of the spirit of *their* Second Amended Class Action Complaint—never pulled the broader religious accommodations process into the spotlight until it was time to brief issues on mootness. [Doc. 149-1, p. 5]; *see also* [Doc. 134, p. 6]. Specifically, a quick glance at Paragraph 49 of Plaintiffs' Second Amended Class Action Complaint confirms what they really wanted this lawsuit to be about: the now-rescinded mandates. [Doc. 84, ¶ 49 (". . . and any and all other related vaccine mandate orders, collectively, are herein referred to as 'the [m]andates[]'")]. Again, it wasn't until Plaintiffs made their arguments on mootness that there was any mention that the "across-the-board denial of all religious accommodation requests" had do to with something other than the mandates concerning COVID-19. [*Id.* at ¶ 194].

Indeed, the statistical data considered by the Court only concerned COVID-19. [Doc. 51, p. 17]. Not once during briefing on Air Force Officer's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2], or even after the Court granted preliminary injunctive relief, did Plaintiffs indicate that they really meant for the preliminary injunction to cover the religious accommodations process as a whole. *See* [Doc. 51, pp. 31–32]; *see also* [Doc. 124]. No, Plaintiffs limited their Second Amended Class Action Complaint to efforts aimed at—yes—enjoining *their* (but certainly not "all") across-the-board denials of *their* religious accommodation requests, but their religious accommodation requests at issue—all of them—related to the now-rescinded mandates requiring vaccination against COVID-19. To permit Plaintiffs to amend their Second Amended Class Action Complaint without using the proper channels and allow them to morph it into something more encompassing would completely ignore the requirements of Federal Rule of Civil Procedure 15.

Plaintiffs want their claims to reach beyond the mandates related to COVID-19, and, as the Court noted, their claims possibly could have if they had used the proper channels to ensure that their operative pleading alleged what it needed. [Doc. 145, p. 15]. Plaintiffs clearly harbored at least some concern or doubt that their Second Amended Class Action Complaint might not rise to the all-encapsulating level for challenging a broader "unlawful religious accommodations policy" like the operative pleadings from *U.S. Navy SEALs 1–26* (and, eventually, *Crocker*) because they flagged as

much in a footnote. [Doc. 134, p. 8]; [Doc. 134, p. 8 n.2]. Flagging their doubt in a footnote, though, instead of properly seeking leave to amend their Second Amended Class Action Complaint, means that they decided to keep it as is. So, although the plaintiffs in *U.S. Navy SEALs 1–26* and *Crocker* may be "similarly situated" to Plaintiffs, the real problem wasn't that *Crocker* and this Court's decision are irreconcilable; rather, Plaintiffs' Second Amended Class Action Complaint properly analyzed under binding Eleventh Circuit precedent just compels a different outcome. [Doc. 149-1, p. 5].

The Court's decision in this case rests on a "mootness plus" position. Plaintiffs' claims for injunctive relief prohibiting enforcement of the now-rescinded COVID-19 vaccine mandates are moot, <u>*and*</u> their supposed challenges against the broader religious accommodations policy are not ripe. No one knows when, if ever, those challenges will be ripe. "[F]or a claim for injunctive relief to remain[,] *a live controversy* . . . must 'exist'"—there must be "some cognizable danger of recurrent violation, something more than [a] mere possibility . . . to keep the case alive."[3] *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n., Inc.*, 115 F.4th 1266, 1283 (11th Cir. 2024) (emphasis added).

### C.   Conclusion

In conclusion, binding precedent in the Eleventh Circuit is clear: "[F]or an injury to suffice for prospective relief, it must be imminent." *Elend v. Basham*, 471 F.3d 1199,

---

[3] If Plaintiffs truly believe that they can present a live controversy to the Court for consideration in the absence of any vaccine mandate that can be applied to the broader accommodations policy, then they should file a new lawsuit.

10

1207 (11th Cir. 2006). It must be "real and immediate," "concrete and particularized," not "conjectural or hypothetical." *Id.* (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)); *see also Bowen v. First Family Fin. Servs.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (observing that a "perhaps or maybe chance" of an injury occurring is not enough for standing); *Cambridge Christian*, 115 F.4th at 1283 (citing *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985)) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or *real and immediate* threat of repeated injury.") (emphasis added). Applying that Eleventh Circuit precedent, the Court isn't persuaded to agree with the courts from the Fifth Circuit that allowed "claims arising out of the [Air Force's] broader vaccine accommodations policy [to] proceed" when there is no "non-speculative explanation that the allegedly unlawful action will happen again." *Health Freedom Def. Fund*, 71 F.4th at 893; *see also Crocker*, 115 F.4th at 668; Order at 4–5, 7–13, *U.S. Navy Seals 1-26*, No. 4:21-cv-01236-O, ECF No. 262. There must be something "*of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.*" *Cambridge Christian*, 115 F.4th at 1283 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). Accordingly, the Court **DENIES** Plaintiffs' Motion for Reconsideration [Doc. 149].

  **SO ORDERED**, this 12th day of November, 2024.

                 <u>S/ Tilman E. Self, III</u>
                 **TILMAN E. SELF, III, JUDGE**
                 **UNITED STATES DISTRICT COURT**